# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MAXUS ENERGY CORPORATION, *et al.*,[1] | ) |
| | ) Case No. 16-11501 (CSS) |
| Debtors. | ) |
| | ) Jointly Administered |
| | ) |
| | ) **Re: Docket Nos. 1208; 1704; 1973** |
| | ) |
| MAXUS LIQUIDATING TRUST, | ) |
| | ) |
| Plaintiff, | ) Adversary Proceeding No. _____ |
| | ) |
| v. | ) |
| | ) |
| YPF S.A., YPF INTERNATIONAL, S.A. and YPF HOLDINGS, INC., REPSOL, S.A., REPSOL EXPLORACION, S.A., REPSOL USA HOLDINGS CORP., REPSOL E&P USA, INC., REPSOL OFFSHORE E&P USA, INC., REPSOL E&P T&T LTD., REPSOL SERVICES CO. and CLH HOLDINGS, INC., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF DISPUTE RESOLUTION ALTERNATIVES

As party to litigation you have a right to adjudication of your matter by a judge of this Court. Settlement of your case, however, can often produce a resolution more quickly than appearing before a judge. Additionally, settlement can also reduce the expense, inconvenience, and uncertainty of litigation.

There are dispute resolution structures, other than litigation, that can lead to resolving your case. Alternative Dispute Resolution (ADR) is offered through a program established by

---

[1] The Debtors in the above-captioned Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Maxus Energy Corporation (1531), Tierra Solutions, Inc. (0498), Maxus International Energy Company (7260), Maxus (U.S.) Exploration Company (2439), and Gateway Coal Company (7425). The address of each of the Debtors is 10333 Richmond Avenue, Suite 1050, Houston, Texas 77042.

this Court. The use of these services are often productive and effective in settling disputes. **The purpose of this Notice is to furnish general information about ADR.**

The ADR structures used most often are mediation, early-neutral evaluation, mediation/arbitration and arbitration. In each, the process is presided over by an impartial third party, called the "neutral."

In mediation and early neutral evaluation, an experienced neutral has no power to impose a settlement on you. It fosters an environment where offers can be discussed and exchanged. In the process, together, you and your attorney will be involved in weighing settlement proposals and crafting a settlement. The Court in its Local Rules requires all ADR processes, except threat of a potential criminal action, to be confidential. You will not be prejudiced in the event a settlement is not achieved because the presiding judge will not be advised of the content of any of your settlement discussions.

Mediation/arbitration is a process where you submit to mediation and, if it is unsuccessful, agree that the mediator will act as an arbitrator. At that point, the process is the same as arbitration. You, through your counsel, will present evidence to a neutral, who issues a decision. If the matter in controversy arises in the main bankruptcy case or arises from a subsidiary issue in an adversary proceeding, the arbitration, though voluntary, may be binding. If a party requests *de novo* review of an arbitration award, the judge will rehear the case.

**Your attorney can provide you with additional information about ADR and advise you as to whether and when ADR might be helpful in your case.**

Dated: June 14, 2018                                /s/ Una O'Boyle
                                                    *Clerk of the Bankruptcy Court*