## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| MAXUS ENERGY CORPORATION, *et al.*,[1] | ) ) | Case No. 16-11501 (CSS) |
| Debtors. | ) ) ) | |
| | ) | Jointly Administered |
| MAXUS LIQUIDATING TRUST, | ) ) | Adversary Proceeding No. 18-50489 (CSS) |
| Plaintiff, | ) ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| YPF S.A., YPF INTERNATIONAL S.A., YPF HOLDINGS, INC., CLH HOLDINGS, INC., REPSOL, S.A., REPSOL EXPLORACIÓN, S.A., REPSOL USA HOLDINGS CORP., REPSOL E&P USA, INC., REPSOL OFFSHORE E&P USA, INC., REPSOL E&P T&T LIMITED, and REPSOL SERVICES CO., | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANT REPSOL'S ANSWERS AND AFFIRMATIVE DEFENSES TO THE MAXUS LIQUIDATING TRUST'S COMPLAINT

Defendants Repsol, S.A., Repsol Exploración, S.A., Repsol USA Holdings Corp., Repsol E&P USA, Inc., Repsol Offshore E&P USA, Inc., Repsol E&P T&T Limited, and Repsol Services Co. (collectively "Repsol") answer Plaintiff Maxus Liquidating Trust's ("Plaintiff") Complaint as follows. Repsol denies each and every allegation in Plaintiff's Complaint except as expressly admitted below.

---

[1] The Debtors in the above-captioned Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Maxus Energy Corporation (1531), Tierra Solutions, Inc. (0498), Maxus International Energy Company (7260), Maxus (U.S.) Exploration Company (2439), and Gateway Coal Company (7425). The address of each of the Debtors is 10333 Richmond Avenue, Suite 1050, Houston, Texas 77042.

*No response is required to Plaintiff's opening, unnumbered paragraph. To the extent a response is required, Repsol admits that Plaintiff purports to bring this action under state laws (including Delaware, Kentucky, New Jersey, Ohio, Texas and Wisconsin law), but denies that Plaintiff can state a claim under those laws and denies that Plaintiff is entitled to any of the requested relief.*

## STATEMENT OF THE CASE

1.      In response to Paragraph 1 of Plaintiff's Complaint, upon information and belief, on December 12, 2013, Judge Allan Gropper of the United States Bankruptcy Court for the Southern District of New York entered an Opinion in the case *In re Tronox Inc*., 503 B.R. 239 (Bankr. S.D.N.Y. 2013). Repsol denies Plaintiff's characterization of the court's Opinion, which is a document that speaks for itself. Repsol denies the remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

2.      Repsol denies the allegations in Paragraph 2 directed at Repsol. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

3.      To the extent the allegations in Paragraph 3 require a response from Repsol, Repsol admits, upon information and belief, that the Diamond Alkali Company ("Diamond Alkali") was a corporate predecessor of Maxus Energy Corporation ("Maxus") and that it owned and operated a chemical plant located at 80 Lister Avenue in Newark, New Jersey, on the bank of the Passaic River. Repsol denies any remaining allegations in this Paragraph.

4.      To the extent the allegations in Paragraph 4 require a response from Repsol, Repsol admits, upon information and belief, that between 1951 and 1967, Diamond Alkali manufactured pesticides and herbicides, including Agent Orange, as a part of its agricultural chemical business operating out of the Lister Site. Repsol further admits, upon information and belief, that in 1967, Diamond Alkali merged with Shamrock Oil and Gas Company, and the merged company's name was changed to Diamond Shamrock Corporation ("DSC"). Repsol further admits, upon information and belief, that DSC continued to operate the Lister Site until 1969, the Lister Site was eventually shut down, and a protective cap was installed. Repsol admits that Plaintiff purports to bring claims related not only to the Lister Site but also to "contaminated sites in Alabama, California, Ohio, New Jersey, New York, Mississippi, Texas and Wisconsin, amongst many others," but denies that Plaintiff can state a claim against Repsol related to any of those sites. Repsol admits, upon information and belief, the allegations in the last sentence of this Paragraph. Repsol lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

5.      To the extent the allegations in Paragraph 5 require a response from Repsol, Repsol admits, upon information and belief, that on September 4, 1986, DSC sold all the shares of the Diamond Shamrock Chemicals Company ("DSCC") to Oxy-Diamond Alkali Corporation pursuant to a Stock Purchase Agreement ("1986 SPA"). Repsol further admits, upon information and belief, that the 1986 SPA provides that Oxy-Diamond Alkali Corporation was a subsidiary of Occidental Petroleum Corporation. Repsol further admits, upon information and belief, Oxy-Diamond Alkali Corporation merged into OCC in November 1987, and, after a corporate name change, DSCC also merged into OCC in 1987. Repsol denies Plaintiff's characterization of the

1986 SPA, which is a document that speaks for itself. Repsol further denies any remaining allegations in this Paragraph.

6.      To the extent the allegations in Paragraph 6 require a response from Repsol, Repsol admits, upon information and belief, that DSC changed its name to Maxus Energy Corporation in 1987. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

7.      To the extent the allegations in Paragraph 7 require a response from Repsol, Repsol admits that, upon information and belief, in 1995, YPF was a governmental entity of the Argentine Republic in the oil and gas business. Repsol further admits, upon information and belief, that YPF acquired Maxus stock in 1995. Repsol lacks information or knowledge sufficient to form a belief as to the truth of any remaining allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

8.      To the extent the allegations in Paragraph 8 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

9.      To the extent the allegations in Paragraph 9 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority

share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

10.     To the extent the allegations in Paragraph 10 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

11.     In response to Paragraph 11 of Plaintiff's Complaint, Repsol admits that in 1999, it acquired majority control of YPF through stock purchases. Repsol denies the remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of any remaining allegations in this Paragraph, and therefore denies them.

12.     Repsol denies the allegations in Paragraph 12 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

13.     In response to Paragraph 13 of Plaintiff's Complaint, Repsol admits that on December 13, 2005, the New Jersey Department of Environmental Protection and the Administrator of the New Jersey Spill Compensation Fund filed a complaint in the New Jersey Superior Court, Law Division, Essex County against Occidental Chemical Corporation ("OCC"), Tierra Solutions, Inc. ("Tierra"), Maxus, Maxus International Energy Company ("MIEC"), Repsol S.A., YPF, YPF Holdings, Inc. ("YPFH") and CLH Holdings, Inc. ("CLHH"). Repsol denies Plaintiff's characterization of that complaint, which is a document that speaks for itself. Repsol denies any remaining allegations in this Paragraph.

14.     To the extent the allegations in Paragraph 14 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

15.     To the extent the allegations in Paragraph 15 require a response from Repsol, Repsol admits that on June 17, 2016, Maxus, Maxus (U.S.) Exploration Company, MIEC, Tierra, and Gateway Coal Company each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

16.     To the extent the allegations in Paragraph 16 require a response from Repsol, Repsol states, upon information and belief, that July 14, 2017 was the Effective Date of the Amended Chapter 11 Plan of Liquidation Proposed by Maxus Energy Corporation, et al., and the Official Committee of Unsecured Creditors ("Amended Plan") [Docket No. 1231]. Repsol states that Plaintiff is characterizing the Amended Plan, which is a document that speaks for itself. To the extent Plaintiff's allegations are inconsistent with the Amended Plan, Repsol denies them. Repsol denies any remaining allegations in this Paragraph.

17.     Repsol denies the allegations in Paragraph 17 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

## *THE PARTIES AND RELATED ENTITIES*

18.     To the extent the allegations in Paragraph 18 require a response from Repsol, Repsol admits the allegations in the last sentence of this Paragraph. Repsol states that Plaintiff is characterizing the Amended Plan, which is a document that speaks for itself. To the extent Plaintiff's allegations are inconsistent with the Amended Plan, Repsol denies them.

19.     To the extent the allegations in Paragraph 19 require a response from Repsol, Repsol lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

20.     To the extent the allegations in Paragraph 20 require a response from Repsol, Repsol lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

21.     To the extent the allegations in Paragraph 21 require a response from Repsol, Repsol lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

22.     To the extent the allegations in Paragraph 22 require a response from Repsol, Repsol lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

23.     To the extent the allegations in Paragraph 23 require a response from Repsol, Repsol lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

24.     To the extent the allegations in Paragraph 24 require a response from Repsol, Repsol lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

25.     To the extent the allegations in Paragraph 25 require a response from Repsol, Repsol lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

26.     To the extent the allegations in Paragraph 26 require a response from Repsol, Repsol lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

27.     To the extent the allegations in Paragraph 27 require a response from Repsol, Repsol lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

28.     Repsol admits the allegations in Paragraph 28.

29.     Repsol admits the allegations in Paragraph 29.

30.     Repsol admits the allegations in Paragraph 30.

31.     In response to Paragraph 31 of Plaintiff's Complaint, Repsol denies that Repsol E&P USA, Inc. is a Delaware corporation. Repsol admits the remaining allegations in this Paragraph.

32.     Repsol denies the allegations in Paragraph 32.

33.     In response to Paragraph 33 of Plaintiff's Complaint, Repsol denies that Repsol Offshore E&P USA, Inc. is a Delaware corporation. Repsol admits the remaining allegations in this Paragraph.

34.     In response to Paragraph 34 of Plaintiff's Complaint, Repsol denies that Repsol Services Company is a Delaware corporation. Repsol admits that Repsol Services Company's principal place of business is in Texas.  Repsol admits the allegations in the last sentence of this Paragraph.

### *JURISDICTION AND VENUE*

35.     Paragraph 35 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph.

36.     Paragraph 36 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies Plaintiff's characterization of 28 U.S.C. § 157(b), which speaks for itself. Repsol denies that this is a core proceeding under 28 U.S.C. § 157(b), except for those claims brought under Section 544 of the Bankruptcy Code. Repsol admits that the Liquidating Trust purports to consent to this Court's entry of final orders with regard to any claim in this action. Repsol denies any remaining allegations in this Paragraph.

37.     The allegations in Paragraph 37 are directed to other Defendants and contain legal conclusions, and therefore require no response from Repsol. To the extent a response is required, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

38.     Paragraph 38 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

39.     Paragraph 39 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol.

Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

40.     Paragraph 40 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph.

*FACTUAL BACKGROUND*

41.     To the extent the allegations in Paragraph 41 require a response from Repsol, Repsol admits, upon information and belief, that Diamond Alkali was founded in 1910. Repsol further admits, upon information and belief, that between 1951 and 1967, Diamond Alkali owned and operated a chemical plant located at 80 Lister Avenue in Newark, New Jersey, on the bank of the Passaic River, where it manufactured pesticides and herbicides as a part of its agricultural chemical business. Repsol also admits, upon information and belief, that in 1967, Diamond Alkali merged with Shamrock Oil and Gas Company, and the merged company's name was changed to DSC. Repsol admits, upon information and belief, that DSC continued to operate the Lister Site until 1969, and the Lister Site was abandoned on February 24, 1997, without any efforts made to decommission the facility. Repsol further admits, upon information and belief, the allegations in the last sentence of this Paragraph. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

42.     To the extent the allegations in Paragraph 42 require a response from Repsol, Repsol admits, upon information and belief, the allegations in this Paragraph.

43.     To the extent the allegations in Paragraph 43 require a response from Repsol, Repsol admits, upon information and belief, that on June 13, 1983, the New Jersey Department of Environmental Protection issued an administrative order requiring DSC to implement certain

partial-site stabilization measures designed to prevent further off-site migration of dioxin and other contaminants. Repsol further admits, upon information and belief, the allegations in the last sentence of this Paragraph. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

44.     To the extent the allegations in Paragraph 44 require a response from Repsol, Repsol admits, upon information and belief, that on September 4, 1986, DSC sold all the shares of the Diamond Shamrock Chemicals Company to Oxy-Diamond Alkali Corporation pursuant to the 1986 SPA. Repsol further admits, upon information and belief, that the 1986 SPA provides that Oxy-Diamond Alkali Corporation was a subsidiary of Occidental Petroleum Corporation. Repsol also admits, upon information and belief, that Oxy-Diamond Alkali Corporation merged into OCC in November 1987, and, after a corporate name change, DSCC also merged into OCC in 1987. Repsol denies Plaintiff's characterization of the 1986 SPA, which is a document that speaks for itself. Repsol denies any remaining allegations in this Paragraph.

45.     To the extent the allegations in Paragraph 45 require a response from Repsol, Repsol admits, upon information and belief, that DSC changed its name to Maxus Energy Corporation in 1987. Repsol denies Plaintiff's characterization of the multiple court orders, which are documents that speak for themselves. Repsol denies any remaining allegations in this Paragraph.

46.     To the extent the allegations in Paragraph 46 require a response from Repsol, Repsol admits, upon information and belief, the allegations in the first sentence of this Paragraph. Repsol further admits, upon information and belief, that the interim containment remedy was completed in 2001. Repsol lacks information or knowledge sufficient to form a belief as to the truth of any remaining allegations in this Paragraph, and therefore denies them.

47.     To the extent the allegations in Paragraph 47 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations in this Paragraph, and therefore denies them. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

48.     To the extent the allegations in Paragraph 48 require a response from Repsol, Repsol admits that the "Passaic River Litigation" relates to the Lister Site. Repsol denies Plaintiff's characterization of the Debtors' Disclosure Statement and Site Transition Agreement, which are documents that speak for themselves. Repsol lacks information or knowledge sufficient to form a belief as to the truth of any remaining allegations in this Paragraph, and therefore denies them.

49.     To the extent the allegations in Paragraph 49 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

50.     To the extent the allegations in Paragraph 50 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

51.     To the extent the allegations in Paragraph 51 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

52.    To the extent the allegations in Paragraph 52 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

53.    To the extent the allegations in Paragraph 53 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

54.    To the extent the allegations in Paragraph 54 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

55.    To the extent the allegations in Paragraph 55 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

56.    To the extent the allegations in Paragraph 56 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

57.    To the extent the allegations in Paragraph 57 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

58.    To the extent the allegations in Paragraph 58 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

59.    To the extent the allegations in Paragraph 59 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the

allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

60.     To the extent the allegations in Paragraph 60 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

61.     To the extent the allegations in Paragraph 61 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

62.     To the extent the allegations in Paragraph 62 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

63.     To the extent the allegations in Paragraph 63 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

64.     To the extent the allegations in Paragraph 64 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

65.     To the extent the allegations in Paragraph 65 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

66.     To the extent the allegations in Paragraph 66 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

67.     To the extent the allegations in Paragraph 67 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

68.     To the extent the allegations in Paragraph 68 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority

share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

69.     To the extent the allegations in Paragraph 69 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

70.     To the extent the allegations in Paragraph 70 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

71.     To the extent the allegations in Paragraph 71 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

72.     To the extent the allegations in Paragraph 72 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

73.     To the extent the allegations in Paragraph 73 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

74.     To the extent the allegations in Paragraph 74 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

75.     To the extent the allegations in Paragraph 75 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

76.     To the extent the allegations in Paragraph 76 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

77.     To the extent the allegations in Paragraph 77 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority

share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

78.    To the extent the allegations in Paragraph 78 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

79.    To the extent the allegations in Paragraph 79 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

80.    To the extent the allegations in Paragraph 80 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

81.    To the extent the allegations in Paragraph 81 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

82.     To the extent the allegations in Paragraph 82 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

83.     To the extent the allegations in Paragraph 83 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

84.     To the extent the allegations in Paragraph 84 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

85.     To the extent the allegations in Paragraph 85 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

86.     To the extent the allegations in Paragraph 86 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority

share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

87.     To the extent the allegations in Paragraph 87 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

88.     To the extent the allegations in Paragraph 88 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

89.     To the extent the allegations in Paragraph 89 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

90.     To the extent the allegations in Paragraph 90 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

91.     To the extent the allegations in Paragraph 91 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

92.     To the extent the allegations in Paragraph 92 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

93.     To the extent the allegations in Paragraph 93 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

94.     To the extent the allegations in Paragraph 94 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

95.     To the extent the allegations in Paragraph 95 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority

share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

96.    To the extent the allegations in Paragraph 96 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

97.    To the extent the allegations in Paragraph 97 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

98.    To the extent the allegations in Paragraph 98 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

99.    To the extent the allegations in Paragraph 99 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

100.    To the extent the allegations in Paragraph 100 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

101.    To the extent the allegations in Paragraph 101 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

102.    To the extent the allegations in Paragraph 102 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

103.    To the extent the allegations in Paragraph 103 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

104.    To the extent the allegations in Paragraph 104 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority

share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

105. To the extent the allegations in Paragraph 105 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

106. To the extent the allegations in Paragraph 106 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

107. To the extent the allegations in Paragraph 107 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

108. To the extent the allegations in Paragraph 108 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

109.    To the extent the allegations in Paragraph 109 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

110.    Repsol admits the allegations in the first sentence of Paragraph 110 and admits that, principally as a result of the acquisition of YPF in 1999, Repsol's debt-to-equity ratio increased. Repsol further admits that following the acquisition of YPF, it divested certain assets, but otherwise denies Plaintiff's characterization thereof. Repsol denies the remaining allegations in this Paragraph.

111.    Repsol denies the allegations in Paragraph 111.

112.    Repsol denies the allegations in Paragraph 112.

113.    Repsol denies the allegations in Paragraph 113.

114.    Repsol denies the allegations in Paragraph 114 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

115.    The allegations in Paragraph 115 regarding Maxus's insolvency call for a legal conclusion, to which no response is required. To the extent a response is required as to Maxus's insolvency, Repsol denies these allegations. Repsol denies the remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

116.    Repsol denies the allegations in Paragraph 116 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

117.    Repsol denies the allegations in Paragraph 117 directed at Repsol. Repsol states, upon information and belief, that the Maxus Board approved the sale of Midgard assets. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

118.    Repsol denies the allegations in Paragraph 118 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

119.    Repsol denies the allegations in Paragraph 119 directed at Repsol. Repsol states, upon information and belief, that on May 9, 2000, the YPF Board of Directors approved the sale of YPF Ecuador Inc. to Repsol YPF Ecuador S.A. Repsol further states, upon information and belief, that on November 30, 2001, the YPFI Board of Directors approved the sale of YPF Ecuador Inc. by YPFI to Repsol YPF Ecuador, S.A., which was a Repsol subsidiary, for $307,456,685. Repsol also states, upon information and belief, that on December 31, 1997, MIEC sold YPF Ecuador, Inc. to YPFI, pursuant to a Stock Purchase Agreement, for $183,966,089.52. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

120.    Repsol denies the allegations in Paragraph 120 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

121.    Repsol denies the allegations in Paragraph 121 directed at Repsol. Repsol states that on January 18, 2002, YPFI, YPFI Energy Holdings N.V., Repsol Exploración S.A., and Repsol International Finance B.V. sold YPF-Maxus Southeast Sumatra BV, Repsol Exploracion Sunda BV, Repsol (Sumatra) Exploration and Production Limited, YPF Java Baratlaut BV, Repsol (Java) Exploration Production Limited, YPF Madura Barat BV, YPF Poleng BV, YPF Blora Ltd, and PT IIAPCO to CNOOC Southeast Asia Limited, pursuant to a Share Purchase Agreement, which speaks for itself. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

122.    To the extent the allegations in Paragraph 122 require a response from Repsol, Repsol states that the sales documents speak for themselves, and denies the allegations in this Paragraph.

123.    Repsol denies the allegations in Paragraph 123.

124.    In response to Paragraph 124 of Plaintiff's Complaint, Repsol admits that YPF made a dividend to various Repsol entities, but denies Plaintiff's characterization thereof. Repsol denies the remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

125.    Repsol denies the allegations in Paragraph 125 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

126.    Repsol denies the allegations in Paragraph 126.

127.    In response to Paragraph 127 of Plaintiff's Complaint, Repsol admits that on December 13, 2005, the New Jersey Department of Environmental Protection and the

Administrator of the New Jersey Spill Compensation Fund filed a complaint in the New Jersey Superior Court, Law Division, Essex County against OCC, Tierra, Maxus, MIEC, Repsol, YPF, YPFH and CLH Holdings. Repsol denies Plaintiff's characterization of the complaint, which is a document that speaks for itself. Repsol denies any remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

128.    Repsol denies the allegations in Paragraph 128 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

129.    In response to Paragraph 129 of Plaintiff's Complaint, Repsol denies Plaintiff's characterization of a report drafted by King & Spalding LLP, which is a document that speaks for itself. Repsol admits that it was advised by Paul, Weiss, Rifkind, Wharton & Garrison LLP, but denies the remaining allegations in footnote 11 directed at Repsol. Repsol denies any remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

130.    In response to Paragraph 130 of Plaintiff's Complaint, Repsol denies Plaintiff's characterization of a report drafted by King & Spalding LLP, which is a document that speaks for itself. Repsol denies any remaining allegations in this Paragraph.

131.    Repsol denies the allegations in Paragraph 131 directed at Repsol. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business,

actions, or transactions after that time. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

132.     In response to Paragraph 132 of Plaintiff's Complaint, Repsol admits that in 2005, Repsol E&P USA was a direct subsidiary of Repsol Exploración, S.A. Repsol denies the remaining allegations in this Paragraph.

133.     Repsol denies the allegations in Paragraph 133.

134.     In response to Paragraph 134 of Plaintiff's Complaint, Repsol admits that on July 15, 2005, Repsol E&P USA Inc., Maxus (U.S.) Exploration Company, and Amerada Hess Corporation entered into a Participation Agreement with regard to assets in the Gulf of Mexico, and that Maxus was the owner of one hundred percent of the right, title, and interest in and to the Ra prospect, which was located in the Gulf of Mexico. Repsol denies Plaintiff's characterization of the Participation Agreement, which is a document that speaks for itself. Repsol admits that Maxus received a 1% interest in Ouachita, and that Maxus paid $2.4 million in relation to Ouachita, but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the third sentence of this Paragraph, and therefore denies them. Repsol admits, upon information and belief, that Tristone Capital conducted a preliminary Market Value Estimate for the Ra prospect in September 2007, and valued it at $39 million to $73 million. Repsol denies any remaining allegations in this Paragraph.

135.     In response to Paragraph 135 of Plaintiff's Complaint, Repsol admits, upon information and belief, that in 2005, Maxus Exploration Company held interests in the Gulf of Mexico, including Stormy Monday, Tiger, North Bronto and Neptune, and that as of November 14, 2007, Tiger and North Bronto were being drilled. Repsol further admits, upon information and belief, that the YPFH Board retained Scotia Waterous to value Maxus's Gulf of Mexico

assets. Repsol admits, upon information and belief, that Carlos Olivieri served as the Chairman of the Board of Maxus. Repsol also admits that on March 9, 2007, Maxus (U.S.) Exploration Company sold its interests in Stormy Monday, Tiger, and North Bronto to Repsol Offshore E&P USA Inc., a Repsol subsidiary, and the allegations in the last sentence of this Paragraph. Repsol denies Plaintiff's characterization of the YPFH Board minutes, which are documents that speak for themselves. Repsol denies any remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

136.    Repsol denies the allegations in Paragraph 136 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

137.    Repsol denies the allegations in Paragraph 137.

138.    Repsol denies the allegations in Paragraph 138 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

139.    In response to Paragraph 139 of Plaintiff's Complaint, Repsol admits that on April 5, 2007, Maxus and Repsol Services Company entered into a settlement agreement. Repsol admits that on April 27, 2007, Maxus and Repsol Services Company entered into a settlement agreement. Repsol admits that on July 1, 2007, Repsol E&P T&T Limited and Maxus entered into a settlement agreement. Repsol denies Plaintiff's characterization of those documents, which speak for themselves. Repsol denies the remaining allegations in this Paragraph.

140.    Repsol denies the allegations in Paragraph 140 directed at Repsol. Repsol states, upon information and belief, that on October 8, 2007, YPF, YPFI, YPFH, CLHH, Tierra, Maxus,

and Maxus (U.S.) Exploration Company entered into a settlement agreement. Repsol was not a party to that settlement agreement. Repsol denies Plaintiff's characterization of this settlement agreement, which is a document that speaks for itself. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

141.    To the extent that the allegations in Paragraph 141 require a response from Repsol, Repsol denies Plaintiff's characterization of the settlement agreement entered into on October 8, 2007 between YPF, YPFI, YPFH, CLHH, Tierra, Maxus, and Maxus (U.S.) Exploration Company, which is a document that speaks for itself. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

142.    To the extent the allegations in Paragraph 142 require a response from Repsol, Repsol denies Plaintiff's characterization of the Contribution Agreement, which is a document that speaks for itself. Repsol was not a party to that agreement. Repsol lacks information or knowledge sufficient to form a belief as to the truth of any remaining allegations, and therefore denies them.

143.    To the extent the allegations in Paragraph 143 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

144.    In response to Paragraph 144 of Plaintiff's Complaint, Repsol admits, upon information and belief, that on November 20, 2006 and December 6, 2006, Dr. James D. Woods of Grant Thornton issued Preliminary Estimate[s] of Value of Contribution Agreement. Repsol denies Plaintiff's characterization of these Preliminary Estimate[s] of Value of Contribution

Agreement, as well as an unidentified email, which are documents that speak for themselves. Repsol denies any remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

145.    To the extent the allegations in Paragraph 145 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

146.    To the extent the allegations in Paragraph 146 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

147.    To the extent the allegations in Paragraph 147 require a response from Repsol, Repsol denies Plaintiff's characterization of the Maxus Board meeting minutes, which is a document that speaks for itself. Repsol denies any remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

148.    In response to the allegation in Paragraph 148 of Plaintiff's Complaint, Repsol states that on July 8, 2009 Maxus, Repsol E&P USA, Inc., Repsol Services Company, and Repsol Offshore E&P USA Inc. entered into a settlement agreement. Repsol denies Plaintiff's characterization of this settlement agreement, which is a document that speaks for itself. Repsol denies the remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

149.    In response to the allegation in Paragraph 149 of Plaintiff's Complaint, Repsol states that the Repsol Entities paid $50 million to Maxus pursuant to the settlement agreement entered into on July 8, 2009. Repsol denies Plaintiff's characterization of this settlement agreement, which is a document that speaks for itself. Repsol denies the remaining allegations in Paragraph 149.

150.    Repsol denies the allegations in Paragraph 150 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

151.    Repsol denies the allegations in Paragraph 151.

152.    Repsol denies the allegations in Paragraph 152 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

153.    Repsol denies the allegations in Paragraph 153 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

154.    In response to the allegations in Paragraph 154 of Plaintiff's Complaint, Repsol admits, upon information and belief, that Harlow Sprouse and W.E. Notestine served on the Boards of Maxus and YPFH, but not Repsol. Repsol further admits, upon information and belief, that Carlos Olivieri served as the Vice President of YPF and as the Chairman of the Maxus Board of Directors. Repsol denies the remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

155.     Repsol denies the allegations in Paragraph 155 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

156.     Repsol denies the allegations in Paragraph 156 directed at Repsol. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

157.     Repsol denies the allegation in Paragraph 157.

158.     In response to Paragraph 158 of Plaintiff's Complaint, Repsol denies Plaintiff's characterization of the quoted documents, which speak for themselves. Repsol denies the remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

159.     In response to Paragraph 159 of Plaintiff's Complaint, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

160.     In response to Paragraph 160 of Plaintiff's Complaint, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence and therefore denies them. Repsol denies the remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

161.    In response to Paragraph 161 of Plaintiff's Complaint, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

162.    In response to Paragraph 162 of Plaintiff's Complaint, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the last sentence of this Paragraph, and therefore denies them. Repsol denies the remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

163.    In response to Paragraph 163 of Plaintiff's Complaint, Repsol admits, upon information and belief, that Guzman Solana served as the Maxus CEO from June 2006 to September 2007 and that he had an office outside of Maxus's office space. Repsol denies the remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

164.    In response to Paragraph 164 of Plaintiff's Complaint, Repsol states, upon information and belief, that Jon Slater was appointed Maxus's CEO in October 2007. Repsol denies Plaintiff's characterization of the quoted documents, which speak for themselves. Repsol denies the remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

165.    In response to Paragraph 165 of Plaintiff's Complaint, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of this Paragraph, and therefore denies them. Repsol denies the remaining allegations in this

Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

166.     To the extent the allegations in Paragraph 166 require a response from Repsol, Repsol denies Plaintiff's characterization of Jon Slater's and Michael Mills' resignation letters, which are documents that speak for themselves. Repsol denies any remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

167.     In response to Paragraph 167 of Plaintiff's Complaint, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of this Paragraph, and therefore denies them. Repsol denies the remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

168.     Repsol denies the allegations in Paragraph 168 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them

169.     Repsol denies the allegation in Paragraph 169 that Repsol's interests in the New Jersey Litigation were privileged over Maxus's. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

170.     The allegations in Paragraph 170 regarding the Debtors' insolvency call for a legal conclusion, to which no response is required. To the extent a response is required as to the

Debtors' insolvency, Repsol lacks information or knowledge sufficient to form a belief as to the truth of those allegations and therefore denies them. Repsol denies the remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

171.    In response to Paragraph 171 of Plaintiff's Complaint, Repsol admits that in May 2012, the Argentine government expropriated Repsol's interest in YPF.

172.    In response to Paragraph 172 of Plaintiff's Complaint, Repsol denies Plaintiff's characterization of the "Mosconi Report," which is a document that speaks for itself. Repsol further denies the allegations and the conclusions set forth in the "Mosconi Report," including those quoted in this Paragraph. Repsol denies the remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

173.    In response to Paragraph 173 of Plaintiff's Complaint, Repsol denies Plaintiff's characterization of the "Mosconi Report," which is a document that speaks for itself. Repsol further denies the allegations and the conclusions set forth in the "Mosconi Report," including those quoted in this Paragraph. Repsol denies the remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them

174.    To the extent the allegations in Paragraph 174 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in

or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

175.    To the extent the allegations in Paragraph 175 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations in this Paragraph, and therefore denies them. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

176.    To the extent the allegations in Paragraph 176 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations in this Paragraph, and therefore denies them. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

177.    To the extent the allegations in Paragraph 177 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations in this Paragraph, and therefore denies them. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

178.    To the extent the allegations in Paragraph 178 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations in this Paragraph, and therefore denies them. Repsol states that YPF was expropriated

from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

179.    To the extent the allegations in Paragraph 179 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations in this Paragraph, and therefore denies them. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

180.    To the extent the allegations in Paragraph 180 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations in this Paragraph, and therefore denies them. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

**181.**    To the extent the allegations in Paragraph 181 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations in this Paragraph, and therefore denies them. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

182.    To the extent the allegations in Paragraph 182 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any

allegations in this Paragraph, and therefore denies them. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

183.    To the extent the allegations in Paragraph 183 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations in this Paragraph, and therefore denies them. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

184.    To the extent the allegations in Paragraph 184 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations in this Paragraph, and therefore denies them. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

185.    To the extent the allegations in Paragraph 185 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

186.    To the extent the allegations in Paragraph 186 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations in this Paragraph, and therefore denies them. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in

or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

187.    In response to Paragraph 187 of Plaintiff's Complaint, Repsol admits that on April 15, 2008, the New Jersey Department of Environmental Protection, the Commissioner of the New Jersey Department of Environmental Protection, and the Administrator of the New Jersey Spill Compensation Fund filed their Second Amended Complaint against OCC, Tierra, Maxus, Repsol YPF, S.A., YPF, YPFH, and CLHH in the New Jersey Superior Court, Law Division, Essex County. Repsol denies Plaintiff's characterization of this complaint, which is a document that speaks for itself. Repsol denies any remaining allegations in this Paragraph.

188.    In response to Paragraph 188 of Plaintiff's Complaint, Repsol admits that on October 6, 2008, the court granted OCC's motion to amend its answer in order to assert cross-claims against the other defendants. Repsol denies Plaintiff's characterization of the court's order, which is a document that speaks for itself. Repsol admits that on October 18, 2010, OCC filed its First Amended Cross-Claims against Defendants Maxus, MIEC, Tierra, Repsol YPF, YPF, YPFH, YPFI, and CLHH. Repsol admits that OCC added YPFI and MIEC as cross-claim defendants in its First Amended Cross-Claims. Repsol denies Plaintiff's characterization of OCC's First Amended Cross-Claims, which is a document that speaks for itself. Repsol denies any remaining allegations in this Paragraph.

189.    In response to Paragraph 189 of Plaintiff's Complaint, Repsol admits that on September 26, 2012, OCC filed its Second Amended Crossclaims against Defendants Maxus, MIEC, Tierra, Repsol, YPF, YPFH, YPFI, and CLHH. Repsol denies Plaintiff's characterization of OCC's Second Amended Cross-Claims, which is a document that speaks for itself. Repsol denies any remaining allegations in this Paragraph.

190.    In response to the allegations in Paragraph 190 of Plaintiff's Complaint, Repsol states that Plaintiff is characterizing the court-approved settlement, which is a document that speaks for itself. To the extent a further response is required, Repsol admits, upon information and belief, the allegations in this Paragraph.

191.    In response to the allegations in Paragraph 191 of Plaintiff's Complaint, Repsol states that Plaintiff is characterizing the court-approved settlement, which is a document that speaks for itself. To the extent a further response is required, Repsol admits, upon information and belief, the allegations in this Paragraph.

192.    In response to Paragraph 192 of Plaintiff's Complaint, Repsol admits the allegations in the first sentence of this Paragraph. Repsol admits that on January 14, 2016, the Special Master rendered six opinions, which speak for themselves. To the extent Plaintiff's allegations are inconsistent with the Special Master's opinions, Repsol denies them.

193.    In response to Paragraph 193 of Plaintiff's Complaint, Repsol states that Plaintiff is characterizing the Special Master's opinion, which speaks for itself. To the extent Plaintiff's allegations are inconsistent with the Special Master's opinion, Repsol denies them.

194.    Repsol admits the allegations in Paragraph 194.

195.    In response to Paragraph 195 of Plaintiff's Complaint, Repsol states that Plaintiff is characterizing Judge Furnari's opinions, which speak for themselves. To the extent Plaintiff's allegations are inconsistent with Judge Furnari's opinions, Repsol denies them. Further, Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time. Repsol therefore denies the remaining allegations.

196.     To the extent the allegations in Paragraph 196 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

197.     To the extent the allegations in Paragraph 197 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

198.     To the extent the allegations in Paragraph 198 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

199.     In response to Paragraph 199 of Plaintiff's Complaint, Repsol denies that Maxus has "viable fraudulent transfer and alter ego claims against []" Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them. Repsol states that YPF was expropriated from Repsol by

the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

200.     In response to Paragraph 200 of Plaintiff's Complaint, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations in the first sentence of this Paragraph, and therefore denies them. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time. Repsol denies the remaining allegations in this Paragraph.

201.     To the extent the allegations in Paragraph 201 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

202.     To the extent the allegations in Paragraph 202 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

203.     To the extent the allegations in Paragraph 203 require a response from Repsol, Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors'

business, actions, or transactions after that time. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

204.    In response to Paragraph 204 of Plaintiff's Complaint, Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

205.    In response to Paragraph 205 of Plaintiff's Complaint, Repsol denies the allegations directed at Repsol in the last sentence of this Paragraph. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

206.    To the extent the allegations in Paragraph 206 require a response from Repsol, Repsol admits, upon information and belief, that on June 17, 2016, Maxus, Maxus (U.S.) Exploration Company, MIEC, Tierra, and Gateway Coal Company each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. Repsol admits, upon information and belief, the allegations in the last sentence of this Paragraph. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

207.    To the extent the allegations in Paragraph 207 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

208.    To the extent the allegations in Paragraph 208 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

209.    To the extent the allegations in Paragraph 209 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

210.    To the extent the allegations in Paragraph 210 require a response from Repsol, Repsol admits, upon information and belief, that on April 19, 2017, the Debtors, as defined in Plaintiff's Complaint, and the Official Committee of Unsecured Creditors filed the Amended Plan [Docket No. 1231] and the Amended Disclosure Statement for the Amended Plan [Docket No. 1232]. Repsol further admits, upon information and belief, that on May 22, 2017, the Bankruptcy Court for the District of Delaware entered an Order confirming the Amended Plan [Docket No. 1460].

211.    To the extent the allegations in Paragraph 211 require a response from Repsol, Repsol admits, upon information and belief, the allegations in the first and second sentence of this Paragraph. The remainder of allegations characterize the Amended Plan, which is a document that speaks for itself. To the extent Plaintiff's allegations are inconsistent with the Amended Plan, Repsol denies them.

## CAUSES OF ACTION

### COUNT I—AGAINST THE YPF DEFENDANTS AND THE REPSOL DEFENDANTS
#### Veil Piercing/Alter Ego Liability

212.    In response to Paragraph 212 of Plaintiff's Complaint, Repsol incorporates by reference its answers to the allegations in Paragraphs 1 through 211 above.

213.    To the extent the allegations in Paragraph 213 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

214.    Repsol denies the allegations in Paragraph 214.

215.    Repsol denies the allegations in Paragraph 215 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

216.    Repsol denies the allegations in Paragraph 216 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations related to events that occurred before Repsol acquired YPF, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.  Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations related to events that occurred after the Argentine government's expropriation of YPF from Repsol, and therefore denies them. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time. Repsol lacks

information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

217.    Repsol denies the allegations in Paragraph 217 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

218.    Repsol denies the allegations in Paragraph 218 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

219.    The allegations in Paragraph 219 regarding Maxus and Tierra's insolvency call for a legal conclusion, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol denies that the Crescendo Transfer, the YPFI Transfers, the 2007 Settlement Agreements, and the 2009 Settlement Agreement rendered Maxus and Tierra insolvent. Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations related to events that occurred before Repsol acquired YPF, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

220.    Repsol denies the allegation in Paragraph 220 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations related to events that occurred before Repsol acquired YPF, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or

knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.  Repsol lacks information or knowledge sufficient to form a belief as to the truth of any remaining allegations in this Paragraph, and therefore denies them.

221.    Repsol denies the allegations in Paragraph 221 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

222.    Repsol denies the allegations in Paragraph 222 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

223.    Repsol denies the allegations in Paragraph 223 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

224.    Repsol denies the allegations in Paragraph 224 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations related to events that occurred before Repsol acquired YPF, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.  Repsol lacks information or knowledge sufficient to form a belief as to the truth of any remaining allegations in this Paragraph, and therefore denies them.

225.    Repsol denies the allegations in Paragraph 225 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

226.     Repsol denies the allegations in Paragraph 226 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

227.     Repsol denies the allegations in Paragraph 227 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations related to events that occurred after the Argentine government's expropriation of YPF from Repsol, and therefore denies them. Repsol states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

228.     Repsol denies the allegations in Paragraph 228 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

229.     Paragraph 229 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

230.     Paragraph 230 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

231.    Paragraph 231 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

232.    Paragraph 232 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

*Repsol denies any and all allegations directed at Repsol contained in Plaintiff's unnumbered Paragraph requesting relief related to Count I, denies that Plaintiff is entitled to any relief against Repsol, and requests that this matter be dismissed with prejudice, with costs and fees awarded to Repsol.*

## COUNT II—AGAINST THE YPF DEFENDANTS AND THE REPSOL DEFENDANTS
### *Avoidance and Recovery of Fraudulent Transfers (Actual Fraud)*

233.    In response to Paragraph 233 of Plaintiff's Complaint, Repsol incorporates by reference its answers to the allegations in Paragraphs 1 through 232 above.

234.    Paragraph 234 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph.

235.    To the extent the allegations in Paragraph 235 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

236.     To the extent the allegations in Paragraph 236 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

237.     Repsol denies the allegations in Paragraph 237 directed at Repsol. Repsol admits that in May 2012, the Argentine government expropriated Repsol's interest in YPF. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them. Repsol states that it had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after the Argentine government's expropriation of YPF from Repsol in 2012.

238.     Paragraph 238 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

239.     Repsol denies the allegations in Paragraph 239 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

240.     Paragraph 240 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol.

Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

241.    Paragraph 241 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies that it was in the same corporate chain as the Debtors before it acquired a majority share of YPF in 1999 or after the Argentine government's expropriation of YPF from Repsol in 2012. Repsol admits that between 1999 and 2012, Repsol was the ultimate parent of those Debtors then in existence. Repsol denies the remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

242.    Paragraph 242 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

243.    Paragraph 243 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

244.    Paragraph 244 states legal conclusions, to which no response is required. To the extent a response is required, as to the first sentence, Repsol denies that the transactions it was a party to referred to in this Paragraph, occurring between 1999 and 2012, when Repsol owned a majority share of YPF, were fraudulent. Repsol further denies the allegations that any of the transfers in which Repsol was involved rendered the Debtors insolvent. Repsol lacks information

or knowledge sufficient to form a belief as to the truth of the remaining allegation in the first sentence and the allegations in the second sentence, and therefore denies them. As to the third sentence, Repsol denies that the Crescendo Transfer, the YPFI Transfers, and the 2007 Settlement Agreements and the 2009 Settlement Agreement rendered the Debtors insolvent. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegation in the third sentence, and therefore denies them. Repsol denies the remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

245.    Paragraph 245 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

246.    In response to Paragraph 246 of Plaintiff's Complaint, Repsol denies that the transactions it was a party to referred to in this Paragraph, occurring between 1999 and 2012, when Repsol owned a majority share of YPF, were fraudulent. Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations related to events that occurred before Repsol acquired YPF, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

247.    Paragraph 247 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

248.    In response to Paragraph 248 of Plaintiff's Complaint, Repsol admits that Plaintiff purports to quote 11 U.S.C. § 550, which speaks for itself. To the extent Plaintiff's allegations are inconsistent with 11 U.S.C. § 550, Repsol denies them.

249.    Paragraph 249 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

250.    Paragraph 250 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

*Repsol denies any and all allegations directed at Repsol contained in Plaintiff's unnumbered Paragraph requesting relief related to Count II, denies that Plaintiff is entitled to any relief against Repsol, and requests that this matter be dismissed with prejudice, with costs and fees awarded to Repsol.*

## COUNT III—AGAINST THE YPF DEFENDANTS AND THE REPSOL DEFENDANTS
### Avoidance and Recovery of Fraudulent Transfers (Constructive Fraud)

251.    In response to Paragraph 251 of Plaintiff's Complaint, Repsol incorporates by reference its answers to the allegations in Paragraphs 1 through 250 above.

252.    In response to Paragraph 252 of Plaintiff's Complaint, Repsol states that Plaintiff purports to characterize Sections 544(b) and 502 of the Bankruptcy Code, which speak for themselves. Repsol denies any remaining allegations in this Paragraph.

253.    Paragraph 253 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol denies that the Crescendo Transfer, the YPFI Transfers, or any other transfers that led to the 2007 Settlement Agreements and the 2009 Settlement Agreement rendered the Debtors insolvent. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

254.    Paragraph 254 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

255.    Paragraph 255 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies that it was in the same corporate chain as the Debtors before it acquired a majority share of YPF in 1999 or after the Argentine government's expropriation of YPF from Repsol in 2012. Repsol admits that between 1999 and 2012, Repsol was the ultimate parent of those Debtors then in existence. Repsol denies the remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

256.    Paragraph 256 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

257.    Paragraph 257 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

258.    Paragraph 258 states legal conclusions, to which no response is required. To the extent a response is required, as to the first sentence, Repsol denies that the transactions it was a party to referred to in this Paragraph, occurring between 1999 and 2012, when Repsol owned a majority share of YPF, were fraudulent. Repsol further denies the allegations that any of the transfers in which Repsol was involved rendered the Debtors insolvent. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegation in the first sentence and the allegations in the second sentence, and therefore denies them. As to the third sentence, Repsol denies that the Crescendo Transfer, the YPFI Transfers, and the 2007 Settlement Agreements and the 2009 Settlement Agreement rendered the Debtors insolvent. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegation in the third sentence, and therefore denies them. Repsol denies the remaining

allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

259.    Paragraph 259 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

260.    Paragraph 260 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

261.    In response to Paragraph 261 of Plaintiff's Complaint, Repsol admits that Plaintiff purports to quote 11 U.S.C. § 550, which speaks for itself. To the extent Plaintiff's allegations are inconsistent with 11 U.S.C. § 550, Repsol denies them.

262.    Paragraph 262 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

263.    Paragraph 263 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

*Repsol denies any and all allegations directed at Repsol contained in Plaintiff's unnumbered Paragraph requesting relief related to Count III, denies that Plaintiff is entitled to any relief against Repsol, and requests that this matter be dismissed with prejudice, with costs and fees awarded to Repsol.*

### COUNT IV—AGAINST YPF AND YPFI
**Avoidance and Recovery of Fraudulent Transfer (Actual Fraud) of the Bolivian Assets**

264.    To the extent the allegations in Paragraph 264 require a response from Repsol, Repsol incorporates by reference its answers to the allegations in Paragraphs 1 through 263 above.

265.    The allegations in Paragraph 265 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

266.    The allegations in Paragraph 266 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

267.    The allegations in Paragraph 267 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any

allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

268.    The allegations in Paragraph 268 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

269.    The allegations in Paragraph 269 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

270.    The allegations in Paragraph 270 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

271.    The allegations in Paragraph 271 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from

Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

272.    The allegations in Paragraph 272 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time. Repsol further states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

273.    Paragraph 273 states legal conclusions, to which no response is required. Further, the allegations in this Paragraph are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations related to events that occurred before Repsol acquired YPF, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

274.    Paragraph 274 states legal conclusions, to which no response is required. To the extent a response is required, Repsol lacks information or knowledge sufficient to form a belief

as to the truth of any allegations related to events that occurred before Repsol acquired YPF, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

275.    Paragraph 275 states legal conclusions, to which no response is required. To the extent a response is required, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

*The allegations in Plaintiff's unnumbered Paragraph requesting relief related to Count IV are directed at YPF and YPFI, and no response is required from Repsol. To the extent a response is required from Repsol, Repsol denies any and all allegations and liability, denies that Plaintiff is entitled to any relief against Repsol, and requests that this matter be dismissed with prejudice, with costs and fees awarded to Repsol.*

### COUNT V—AGAINST YPF AND YPFI
**Avoidance and Recovery of Fraudulent Transfers (Constructive Fraud) of the Bolivian Assets**

276.    To the extent the allegations in Paragraph 276 require a response from Repsol, Repsol incorporates by reference its answers to the allegations in Paragraphs 1 through 275 above.

277.    The allegations in Paragraph 277 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

278.   The allegations in Paragraph 278 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

279.   The allegations in Paragraph 279 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

280.   The allegations in Paragraph 280 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

281.   The allegations in Paragraph 281 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in

1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

282.    In response to the allegations in Paragraph 282 of Plaintiff's Complaint, Repsol denies the allegations directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

283.    The allegations in Paragraph 283 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time. Repsol further states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

284.    Paragraph 284 states legal conclusions, to which no response is required. Further, the allegations in this Paragraph are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and

therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

285.     Paragraph 285 states legal conclusions, to which no response is required. Further, the allegations in this Paragraph are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

286.     Paragraph 286 states legal conclusions, to which no response is required. Further, the allegations in this Paragraph are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

*The allegations in Plaintiff's unnumbered Paragraph requesting relief related to Count V are directed at YPF and YPFI, and no response is required from Repsol. To the extent a response is required from Repsol, Repsol denies any and all allegations and liability, denies that Plaintiff is entitled to any relief against Repsol, and requests that this matter be dismissed with prejudice, with costs and fees awarded to Repsol.*

### COUNT VI—AGAINST YPF AND YPFI
**Avoidance and Recovery of Fraudulent Transfers (Actual Fraud) of the Venezuelan Assets**

287.    To the extent the allegations in Paragraph 287 require a response from Repsol, Repsol incorporates by reference its answers to the allegations in Paragraphs 1 through 286 above.

288.    The allegations in Paragraph 288 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

289.    The allegations in Paragraph 289 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

290.    The allegations in Paragraph 290 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

291.     The allegations in Paragraph 291 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

292.     The allegations in Paragraph 292 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

293.     In response to the allegations in Paragraph 293 of Plaintiff's Complaint, Repsol denies the allegations directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

294.     The allegations in Paragraph 294 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in

1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

295.    The allegations in Paragraph 295 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time. Repsol further states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

296.    Paragraph 296 states legal conclusions, to which no response is required. Further, the allegations in this Paragraph are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

297.    Paragraph 297 states legal conclusions, to which no response is required. Further, the allegations in this Paragraph are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and

therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

298.     Paragraph 298 states legal conclusions, to which no response is required. Further, the allegations in this Paragraph are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

*The allegations in Plaintiff's unnumbered Paragraph requesting relief related to Count VI are directed at YPF and YPFI, and no response is required from Repsol. To the extent a response is required from Repsol, Repsol denies any and all allegations and liability, denies that Plaintiff is entitled to any relief against Repsol, and requests that this matter be dismissed with prejudice, with costs and fees awarded to Repsol.*

### *COUNT VII—AGAINST YPF AND YPFI*
**Avoidance and Recovery of Fraudulent Transfers (Constructive Fraud) of the Venezuelan Assets**

299.     To the extent the allegations in Paragraph 299 require a response from Repsol, Repsol incorporates by reference its answers to the allegations in Paragraphs 1 through 298 above.

300.     The allegations in Paragraph 300 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in

1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

301.    The allegations in Paragraph 301 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

302.    The allegations in Paragraph 302 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

303.    The allegations in Paragraph 303 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

304.    The allegations in Paragraph 304 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any

allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

305.    In response to the allegations in Paragraph 305 of Plaintiff's Complaint, Repsol denies the allegations directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

306.    The allegations in Paragraph 306 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time. Repsol further states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

307.    Paragraph 307 states legal conclusions, to which no response is required. Further, the allegations in this Paragraph are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and

therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

308.    Paragraph 308 states legal conclusions, to which no response is required. Further, the allegations in this Paragraph are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

309.    Paragraph 309 states legal conclusions, to which no response is required. Further, the allegations in this Paragraph are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

*The allegations in Plaintiff's unnumbered Paragraph requesting relief related to Count VII are directed at YPF and YPFI, and no response is required from Repsol. To the extent a response is required from Repsol, Repsol denies any and all allegations and liability, denies that Plaintiff is entitled to any relief against Repsol, and requests that this matter be dismissed with prejudice, with costs and fees awarded to Repsol.*

### COUNT VIII—AGAINST YPF AND YPFI
### *Avoidance and Recovery of Fraudulent Transfers (Actual Fraud) of the Ecuadorian Assets*

310.    To the extent the allegations in Paragraph 310 require a response from Repsol, Repsol incorporates by reference its answers to the allegations in Paragraphs 1 through 309 above.

311.    The allegations in Paragraph 311 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

312.    The allegations in Paragraph 312 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

313.    The allegations in Paragraph 313 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

314.     The allegations in Paragraph 314 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

315.     The allegations in Paragraph 315 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

316.     In response to the allegations in Paragraph 316 of Plaintiff's Complaint, Repsol denies the allegations directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

317.     The allegations in Paragraph 317 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in

1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

318.    The allegations in Paragraph 318 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time. Repsol further states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

319.    Paragraph 319 states legal conclusions, to which no response is required. Further, the allegations in this Paragraph are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

320.    Paragraph 320 states legal conclusions, to which no response is required. Further, the allegations in this Paragraph are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and

therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

321.    Paragraph 321 states legal conclusions, to which no response is required. Further, the allegations in this Paragraph are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

*The allegations in Plaintiff's unnumbered Paragraph requesting relief related to Count VIII are directed at YPF and YPFI, and no response is required from Repsol. To the extent a response is required from Repsol, Repsol denies any and all allegations and liability, denies that Plaintiff is entitled to any relief against Repsol, and requests that this matter be dismissed with prejudice, with costs and fees awarded to Repsol.*

## *COUNT IX—AGAINST YPF AND YPFI*
### *Avoidance and Recovery of Fraudulent Transfers (Constructive Fraud) of the Ecuadorian Assets*

322.    To the extent the allegations in Paragraph 322 require a response from Repsol, Repsol incorporates by reference its answers to the allegations in Paragraphs 1 through 321 above.

323.    The allegations in Paragraph 323 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in

1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

324.    The allegations in Paragraph 324 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

325.    The allegations in Paragraph 325 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

326.    The allegations in Paragraph 326 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

327.    The allegations in Paragraph 327 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any

allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

328.    In response to the allegations in Paragraph 328 of Plaintiff's Complaint, Repsol denies the allegations directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

329.    The allegations in Paragraph 329 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time. Repsol further states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

330.    Paragraph 330 states legal conclusions, to which no response is required. Further, the allegations in this Paragraph are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and

therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

331.    Paragraph 331 states legal conclusions, to which no response is required. Further, the allegations in this Paragraph are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

332.    Paragraph 332 states legal conclusions, to which no response is required. Further, the allegations in this Paragraph are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

*The allegations in Plaintiff's unnumbered Paragraph requesting relief related to Count IX are directed at YPF and YPFI, and no response is required from Repsol. To the extent a response is required from Repsol, Repsol denies any and all allegations and liability, denies that Plaintiff is entitled to any relief against Repsol, and requests that this matter be dismissed with prejudice, with costs and fees awarded to Repsol.*

## *COUNT X—AGAINST YPF AND YPFI*
### *Avoidance and Recovery of Fraudulent Transfers (Actual Fraud) of the Indonesian Assets*

333.    To the extent the allegations in Paragraph 333 require a response from Repsol, Repsol incorporates by reference its answers to the allegations in Paragraphs 1 through 332 above.

334.    The allegations in Paragraph 334 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

335.    The allegations in Paragraph 335 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

336.    The allegations in Paragraph 336 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

337.     The allegations in Paragraph 337 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

338.     The allegations in Paragraph 338 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

339.     In response to the allegations in Paragraph 339 of Plaintiff's Complaint, Repsol denies the allegations directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

340.     The allegations in Paragraph 340 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in

1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

341.    The allegations in Paragraph 341 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time. Repsol further states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

342.    Paragraph 342 states legal conclusions, to which no response is required. Further, the allegations in this Paragraph are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

343.    Paragraph 343 states legal conclusions, to which no response is required. Further, the allegations in this Paragraph are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and

therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

344.     Paragraph 344 states legal conclusions, to which no response is required. Further, the allegations in this Paragraph are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

*The allegations in Plaintiff's unnumbered Paragraph requesting relief related to Count X are directed at YPF and YPFI, and no response is required from Repsol. To the extent a response is required from Repsol, Repsol denies any and all allegations and liability, denies that Plaintiff is entitled to any relief against Repsol, and requests that this matter be dismissed with prejudice, with costs and fees awarded to Repsol.*

## *COUNT XI—AGAINST YPF AND YPFI*
### *Avoidance and Recovery of Fraudulent Transfers (Constructive Fraud) of the Indonesian Assets*

345.     To the extent the allegations in Paragraph 345 require a response from Repsol, Repsol incorporates by reference its answers to the allegations in Paragraphs 1 through 344 above.

346.     The allegations in Paragraph 346 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in

1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

347.    The allegations in Paragraph 347 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

348.    The allegations in Paragraph 348 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

349.    The allegations in Paragraph 349 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

350.    The allegations in Paragraph 350 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any

allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

351.    In response to the allegations in Paragraph 351 of Plaintiff's Complaint, Repsol denies the allegations directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

352.    The allegations in Paragraph 352 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time. Repsol further states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

353.    Paragraph 353 states legal conclusions, to which no response is required. Further, the allegations in this Paragraph are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and

therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

354.    Paragraph 354 states legal conclusions, to which no response is required. Further, the allegations in this Paragraph are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

355.    Paragraph 355 states legal conclusions, to which no response is required. Further, the allegations in this Paragraph are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

*The allegations in Plaintiff's unnumbered Paragraph requesting relief related to Count XI are directed at YPF and YPFI, and no response is required from Repsol. To the extent a response is required from Repsol, Repsol denies any and all allegations and liability, denies that Plaintiff is entitled to any relief against Repsol, and requests that this matter be dismissed with prejudice, with costs and fees awarded to Repsol.*

## COUNT XII—AGAINST YPF,  YPFH,  YPFI and REPSOL
### Avoidance and Recovery of Fraudulent Transfers (Actual Fraud) Related to the Crescendo Transfer

356.    In response to Paragraph 356 of Plaintiff's Complaint, Repsol incorporates by reference its answers to the allegations in Paragraphs 1 through 355 above.

357.    Repsol denies the allegations in Paragraph 357 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

358.    Paragraph 358 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

359.    Repsol denies the allegations in Paragraph 359 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

360.    Repsol denies the allegations in Paragraph 360 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

361.    Paragraph 361 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies that the Crescendo Transfer rendered the Debtors insolvent. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

362.    Repsol denies the allegations in Paragraph 362 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

363.    Repsol denies the allegations in Paragraph 363 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

364.    Paragraph 364 states legal conclusions, to which no response is required. To the extent a response is required, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations in Paragraph 364 and therefore denies them.

365.    Paragraph 365 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

366.    Paragraph 366 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

367.    Paragraph 367 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

*Repsol denies any and all allegations directed at Repsol contained in Plaintiff's unnumbered Paragraph requesting relief related to Count XII, denies that Plaintiff is entitled to any relief against Repsol, and requests that this matter be dismissed with prejudice, with costs and fees awarded to Repsol.*

### COUNT XIII—AGAINST YPF, YPFH, YPFI and REPSOL
**Avoidance and Recovery of Fraudulent Transfers (Constructive Fraud) Related to the Crescendo Transfer**

368.     In response to Paragraph 368 of Plaintiff's Complaint, Repsol incorporates by reference its answers to the allegations in Paragraphs 1 through 367 above.

369.     Paragraph 369 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

370.     Paragraph 370 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

371.     Repsol denies the allegations in Paragraph 371 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

372.     Repsol denies the allegations in Paragraph 372 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

373.     Paragraph 373 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies that the Crescendo Transfer rendered the Debtors insolvent. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

374.     Repsol denies the allegations in Paragraph 374 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

375.     Paragraph 375 states legal conclusions, to which no response is required. To the extent a response is required, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

376.     Paragraph 376 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

377.     Paragraph 377 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

378.     Paragraph 378 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

*Repsol denies any and all allegations directed at Repsol contained in Plaintiff's unnumbered Paragraph requesting relief related to Count XIII, denies that Plaintiff is entitled to any relief against Repsol, and requests that this matter be dismissed with prejudice, with costs and fees awarded to Repsol.*

## COUNT XIV—AGAINST THE YPF DEFENDANTS AND THE REPSOL DEFENDANTS
### Avoidance and Recovery of Fraudulent Transfers (Actual Fraud) Related to the YPFI Transfers

379.    In response to Paragraph 379 of Plaintiff's Complaint, Repsol incorporates by reference its answers to the allegations in Paragraphs 1 through 378 above.

380.    Paragraph 380 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

381.    In response to the allegations in Paragraph 381 of Plaintiff's Complaint, Repsol admits that Repsol was the parent of YPF. Repsol denies that YPF was the parent of Maxus and denies the remaining allegations directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

382.    Repsol denies the allegations in Paragraph 382 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

383.    Repsol denies the allegations in Paragraph 383 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

384.    Paragraph 384 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies that the YPFI Transfers rendered the Debtors insolvent. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

385.    Paragraph 385 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

386.    Repsol denies the allegations in Paragraph 386 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

387.    Paragraph 387 states legal conclusions, to which no response is required. To the extent a response is required, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them.

388.    Paragraph 388 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

389.    Paragraph 389 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

390.    Paragraph 390 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

*Repsol denies any and all allegations directed at Repsol contained in Plaintiff's unnumbered Paragraph requesting relief related to Count XIV, denies that Plaintiff is entitled to any relief against Repsol, and requests that this matter be dismissed with prejudice, with costs and fees awarded to Repsol.*

### COUNT XV—AGAINST THE YPF DEFENDANTS AND THE REPSOL DEFENDANTS
*Avoidance and Recovery of Fraudulent Transfers (Constructive Fraud) Related to the YPFI Transfers*

391.    In response to Paragraph 391 of Plaintiff's Complaint, Repsol incorporates by reference its answers to the allegations in Paragraphs 1 through 390 above.

392.    Paragraph 392 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

393.    In response to the allegations in Paragraph 393 of Plaintiff's Complaint, Repsol admits that Repsol was the parent of YPF. Repsol denies that YPF was the parent of Maxus and denies the remaining allegations directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

394.    Repsol denies the allegations in Paragraph 394 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

395.    Repsol denies the allegations in Paragraph 395 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

396.    Paragraph 396 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies that the YPFI Transfers rendered the Debtors insolvent. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

397.    Repsol denies the allegations in Paragraph 397 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

398.    Paragraph 398 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

399.    Paragraph 399 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph.

400.    Paragraph 400 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

401.    Paragraph 401 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

*Repsol denies any and all allegations directed at Repsol contained in Plaintiff's unnumbered Paragraph requesting relief related to Count XV, denies that Plaintiff is entitled to*

*any relief against Repsol, and requests that this matter be dismissed with prejudice, with costs and fees awarded to Repsol.*

### COUNT XVI—AGAINST THE YPF DEFENDANTS AND THE REPSOL DEFENDANTS
**Avoidance and Recovery of Fraudulent Transfers (Actual Fraud) Related to the 2007 Settlement Agreements**

402.    In response to Paragraph 402 of Plaintiff's Complaint, Repsol incorporates by reference its answers to the allegations in Paragraphs 1 through 401 above.

403.    Paragraph 403 states legal conclusions, to which no response is required. To the extent a response is required, Repsol admits that on April 5, 2007, Maxus and Repsol Services Company entered into a settlement agreement. Repsol admits that on April 27, 2007, Maxus and Repsol Services Company entered into a settlement agreement. Repsol admits that on July 1, 2007, Repsol E&P T&T Limited and Maxus entered into a settlement agreement. Repsol denies Plaintiff's characterization of these documents, which speak for themselves. Repsol denies the remaining allegations in this Paragraph.

404.    In response to Paragraph 404 of Plaintiff's Complaint, Repsol denies the Plaintiff's characterization of the settlement agreements entered into on April 5, 2007 and April 27, 2007 by Maxus and Repsol Services Company, and on July 1, 2007 by Repsol E&P T&T Limited and Maxus, which are documents that speak for themselves. Repsol denies the remaining allegations in this Paragraph.

405.    Paragraph 405 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

406.    Repsol denies the allegations in Paragraph 406 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

407.    Repsol denies the allegations in Paragraph 407 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

408.    Paragraph 408 states legal conclusions, to which no response is required. To the extent a response is required, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

409.    Repsol denies the allegations in Paragraph 409 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

410.    Repsol denies the allegations in Paragraph 410 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

411.    Paragraph 411 states legal conclusions, to which no response is required. To the extent a response is required, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

412.    Paragraph 412 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

413.    Paragraph 413 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

414.    Paragraph 414 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

*Repsol denies any and all allegations directed at Repsol contained in Plaintiff's unnumbered Paragraph requesting relief related to Count XVI, denies that Plaintiff is entitled to any relief against Repsol, and requests that this matter be dismissed with prejudice, with costs and fees awarded to Repsol.*

## COUNT XVII—AGAINST THE YPF DEFENDANTS AND THE REPSOL DEFENDANTS
### Avoidance and Recovery of Fraudulent Transfers (Constructive Fraud) Related to the 2007 Settlement Agreements

415.    In response to Paragraph 415 of Plaintiff's Complaint, Repsol incorporates by reference its answers to the allegations in Paragraphs 1 through 414 above.

416.    Paragraph 416 states legal conclusions, to which no response is required. To the extent a response is required, Repsol admits that on April 5, 2007, Maxus and Repsol Services Company entered into a settlement agreement. Repsol admits that on April 27, 2007, Maxus and Repsol Services Company entered into a settlement agreement. Repsol admits that on July 1, 2007, Repsol E&P T&T Limited and Maxus entered into a settlement agreement. Repsol denies Plaintiff's characterization of these documents, which speak for themselves. Repsol denies the remaining allegations in this Paragraph.

417.    In response to Paragraph 417 of Plaintiff's Complaint, Repsol denies the Plaintiff's characterization of the settlement agreements entered into on April 5, 2007 and April 27, 2007 by Maxus and Repsol Services Company, and on July 1, 2007 by Repsol E&P T&T Limited and Maxus, which are documents that speak for themselves. Repsol denies the remaining allegations in this Paragraph.

418.    Paragraph 418 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

419.    Repsol denies the allegations in Paragraph 419 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

420.    Repsol denies the allegations in Paragraph 420 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

421.    Paragraph 421 states legal conclusions, to which no response is required. To the extent a response is required, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

422.    Repsol denies the allegations in Paragraph 422 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

423.     Paragraph 423 states legal conclusions, to which no response is required. To the extent a response is required, Repsol lacks information or knowledge sufficient to form a belief as to the truth of allegations in this Paragraph and therefore denies them.

424.     Paragraph 424 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

425.     Paragraph 425 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

426.     Paragraph 426 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

*Repsol denies any and all allegations directed at Repsol contained in Plaintiff's unnumbered Paragraph requesting relief related to Count XVII, denies that Plaintiff is entitled to any relief against Repsol, and requests that this matter be dismissed with prejudice, with costs and fees awarded to Repsol.*

### COUNT XVIII—AGAINST THE YPF DEFENDANTS AND THE REPSOL DEFENDANTS
***Avoidance and Recovery of Fraudulent Transfers (Actual Fraud) Related to the 2007/2008 Settlement Agreement***

427.     In response to Paragraph 427 of Plaintiff's Complaint, Repsol incorporates by reference its answers to the allegations in Paragraphs 1 through 426 above.

428.    Repsol denies the allegations in Paragraph 428 directed at Repsol. Repsol states, upon information and belief, that on October 8, 2007, YPF, YPFI, YPFH, CLHH, Tierra, Maxus, and Maxus (U.S.) Exploration Company entered into a settlement agreement, to which Repsol was not a party. Repsol denies Plaintiff's characterization of the settlement agreement, which is a document that speaks for itself. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

429.    Paragraph 429 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

430.    Repsol denies the allegations in Paragraph 430 directed at Repsol. Repsol denies Plaintiff's characterization of the 2007/2008 Settlement Agreement, which is a document that speaks for itself. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

431.    In response to Paragraph 431 of Plaintiff's Complaint, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

432.    Paragraph 432 states legal conclusions, to which no response is required. To the extent a response is required, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

433.    Paragraph 433 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol.

Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

434.    Repsol denies the allegations in Paragraph 434 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

435.    Paragraph 435 states legal conclusions, to which no response is required. To the extent a response is required, Repsol lacks information or knowledge sufficient to form a belief as to the truth of allegations in this Paragraph and therefore denies them.

436.    Paragraph 436 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

437.    Paragraph 437 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

438.    Paragraph 438 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

*Repsol denies any and all allegations directed at Repsol contained in Plaintiff's unnumbered Paragraph requesting relief related to Count XVIII, denies that Plaintiff is entitled*

*to any relief against Repsol, and requests that this matter be dismissed with prejudice, with costs and fees awarded to Repsol.*

### COUNT XIX—AGAINST THE YPF AND REPSOL DEFENDANTS
**Avoidance and Recovery of Fraudulent Transfers (Constructive Fraud) Related to the 2007/2008 Settlement Agreement**

439.    In response to Paragraph 439 of Plaintiff's Complaint, Repsol incorporates by reference its answers to the allegations in Paragraphs 1 through 438 above.

440.    Repsol denies the allegations in Paragraph 440 directed at Repsol. Repsol states, upon information and belief, that on October 8, 2007, YPF, YPFI, YPFH, CLHH, Tierra, Maxus, and Maxus (U.S.) Exploration Company entered into a settlement agreement, to which Repsol was not a party. Repsol denies Plaintiff's characterization of the settlement agreement, which is a document that speaks for itself. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

441.    Paragraph 441 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

442.    Repsol denies the allegations in Paragraph 442 directed at Repsol. Repsol denies Plaintiff's characterization of the 2007/2008 Settlement Agreement, which is a document that speaks for itself. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

443.    In response to Paragraph 443 of Plaintiff's Complaint, Repsol denies Plaintiff's characterization of the settlement agreement entered into on October 8, 2007 by YPF, YPFI, YPFH, CLHH, Tierra, Maxus, and Maxus (U.S.) Exploration Company, which is a document

that speaks for itself. Repsol denies the remaining allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

444.    Paragraph 444 states legal conclusions, to which no response is required. To the extent a response is required, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

445.    Repsol denies the allegations in Paragraph 445 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

446.    Paragraph 446 states legal conclusions, to which no response is required. To the extent a response is required, Repsol lacks information or knowledge sufficient to form a belief as to the truth of allegations in this Paragraph and therefore denies them.

447.    Paragraph 447 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

448.    Paragraph 448 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

449.    Paragraph 449 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol.

Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

*Repsol denies any and all allegations directed at Repsol contained in Plaintiff's unnumbered Paragraph requesting relief related to Count XIX, denies that Plaintiff is entitled to any relief against Repsol, and requests that this matter be dismissed with prejudice, with costs and fees awarded to Repsol.*

## COUNT XX—AGAINST YPF AND THE REPSOL DEFENDANTS
### Avoidance and Recovery of Fraudulent Transfers (Actual Fraud) Related to the 2009 Settlement Agreement

450.    In response to Paragraph 450 of Plaintiff's Complaint, Repsol incorporates by reference its answers to the allegations in Paragraphs 1 through 449 above.

451.    Repsol denies the allegations in Paragraph 451. Repsol states that on July 8, 2009 Maxus, Repsol E&P USA, Inc., Repsol Services Company, and Repsol Offshore E&P USA Inc. entered into a settlement agreement. Repsol denies Plaintiff's characterization of this settlement agreement, which is a document that speaks for itself.

452.    Paragraph 452 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

453.    Repsol denies the allegations in Paragraph 453 directed at Repsol.

454.    Repsol denies the allegations in Paragraph 454 directed at Repsol.

455.    Paragraph 455 states legal conclusions, to which no response is required. To the extent a response is required, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

456.     Repsol denies the allegations in Paragraph 456 directed at Repsol.

457.     Repsol denies the allegations in Paragraph 457 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

458.     Paragraph 458 states legal conclusions, to which no response is required. To the extent a response is required, Repsol lacks information or knowledge sufficient to form a belief as to the truth of allegations in this Paragraph and therefore denies them.

459.     Paragraph 459 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

460.     Paragraph 460 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

461.     Paragraph 461 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

*Repsol denies any and all allegations directed at Repsol contained in Plaintiff's unnumbered Paragraph requesting relief related to Count XX, denies that Plaintiff is entitled to any relief against Repsol, and requests that this matter be dismissed with prejudice, with costs and fees awarded to Repsol.*

### COUNT XXI—AGAINST YPF AND THE REPSOL DEFENDANTS
**Avoidance and Recovery of Fraudulent Transfers (Constructive Fraud) Related to the 2009 Settlement Agreement**

462.    In response to Paragraph 462 of Plaintiff's Complaint, Repsol incorporates by reference its answers to the allegations in Paragraphs 1 through 461 above.

463.    Paragraph 463 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol states that on July 8, 2009 Maxus, Repsol E&P USA, Inc., Repsol Services Company, and Repsol Offshore E&P USA Inc. entered into a settlement agreement. Repsol denies Plaintiff's characterization of the settlement agreement, which is a document that speaks for itself. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

464.    Paragraph 464 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

465.    Repsol denies the allegations in Paragraph 465 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

466.    Repsol denies the allegations in Paragraph 466 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

467.    Paragraph 467 states legal conclusions, to which no response is required. To the extent a response is required, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

468.    Repsol denies the allegations in Paragraph 468 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

469.    Paragraph 469 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

470.    Paragraph 470 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

471.    Paragraph 471 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

472.    Paragraph 472 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

*Repsol denies any and all allegations directed at Repsol contained in Plaintiff's unnumbered Paragraph requesting relief related to Count XXI, denies that Plaintiff is entitled to any relief against Repsol, and requests that this matter be dismissed with prejudice, with costs and fees awarded to Repsol.*

## COUNT XXII—AGAINST THE YPF DEFENDANTS AND THE REPSOL DEFENDANTS
### [Unjust Enrichment]

473.    In response to Paragraph 473 of Plaintiff's Complaint, Repsol incorporates by reference its answers to the allegations in Paragraphs 1 through 472 above.

474.    Paragraph 474 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

475.    Paragraph 475 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

476.    Paragraph 476 states legal conclusions, to which no response is required. To the extent a response is required, Repsol denies the allegations in this Paragraph directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

*Repsol denies any and all allegations directed at Repsol contained in Plaintiff's unnumbered Paragraph requesting relief related to Count XXII, denies that Plaintiff is entitled to any relief against Repsol, and requests that this matter be dismissed with prejudice, with costs and fees awarded to Repsol.*

## COUNT XXIII—AGAINST THE YPF DEFENDANTS AND THE REPSOL DEFENDANTS
### [Civil Conspiracy]

477.    In response to Paragraph 477 of Plaintiff's Complaint, Repsol incorporates by reference its answers to the allegations in Paragraphs 1 through 476 above.

478.    Paragraph 478 states legal conclusions, to which no response is required. To the extent Plaintiff's allegations are inconsistent with such law, Repsol denies them.

479.    To the extent the allegations in Paragraph 479 require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999 and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time.

480.    The allegations in Paragraph 480 are directed at YPF and YPFI, and no response is required from Repsol. To the extent the allegations in this Paragraph require a response from Repsol, Repsol lacks information or knowledge sufficient to form a belief as to the truth of any allegations, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time. Repsol further states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time.

481.    Repsol denies the allegations in Paragraph 481 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

482.    Repsol denies the allegations in Paragraph 482 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

483.    Repsol denies the allegations in Paragraph 483 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of any remaining allegations related to events that occurred before Repsol acquired YPF or after the Argentine government's expropriation of YPF from Repsol, and therefore denies them. Repsol states that it acquired a majority share of YPF in 1999, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions before that time. Repsol further states that YPF was expropriated from Repsol by the Argentine government in 2012, and therefore Repsol had no involvement in or knowledge of the YPF Entities' or the Debtors' business, actions, or transactions after that time. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

484.    Repsol denies the allegations in Paragraph 484 directed at Repsol. Repsol lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

485.    Repsol denies the allegations in Paragraph 485 directed at Repsol.

*Repsol denies any and all allegations directed at Repsol contained in Plaintiff's unnumbered Paragraph requesting relief related to Count XXIII, denies that Plaintiff is entitled to any relief against Repsol, and requests that this matter be dismissed with prejudice, with costs and fees awarded to Repsol.*

### CONCLUSION

Repsol denies any and all allegations directed at Repsol contained in Plaintiff's unnumbered Conclusion Paragraph requesting relief, denies that Plaintiff is entitled to any relief, and requests that this matter be dismissed with prejudice, with costs and fees awarded to Repsol.

## ADDITIONAL ALLEGATIONS AND GENERAL DENIAL

Repsol denies all allegations in the Complaint unless Repsol has expressly admitted those allegations herein.  Where an allegation in the Complaint is directed at another Defendant or a party that is not affiliated with Repsol, Repsol denies such allegations on the basis that it denies the knowledge or information sufficient to form a belief concerning the truth of such allegations, except as otherwise expressly stated.  Further, unless otherwise expressly admitted, Repsol denies any allegations in the headings, footnotes or in other places in the Complaint, to the extent that any such allegations require a response from Repsol.  Any headings, subheadings, or similar text that Repsol has included in this Answer are for the convenience of the Court and the parties, and are not intended to be nor shall they be construed as an admission of any fact by Repsol.

## STATEMENT PURSUANT TO LOCAL RULE 7012-1

Pursuant to Local Rule 7012-1, Repsol states that it does not consent to the Court's entry of final orders and judgments.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where such burden is otherwise on Plaintiff as a matter of applicable substantive or procedural law, Repsol asserts the following defenses. Repsol reserves the right to assert additional defenses as information becomes available to it.

1.      Plaintiff lacks standing to assert certain claims in the Complaint.

2.      Plaintiff's claims are barred, in whole or in part, as Plaintiff fails to state a cause of action against Repsol upon which relief can be granted.

3.      Plaintiff's claims are barred, in whole or in part, as Plaintiff legally cannot establish the requisite elements of its claims.

4.      Plaintiff's claims are barred because the Debtors are not the alter egos of Repsol and Repsol is not otherwise responsible for the Debtors.

5.      Plaintiff's claims against Repsol are barred, in whole or in part, by the applicable statutes of limitations, statutes of repose, and the equitable doctrines of laches and estoppel.

6.      Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, consent, estoppel, and release.

7.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and *in pari delicto*.

8.      Plaintiff's claims are barred, in whole or in part, by the doctrines of collateral estoppel, res judicata, judicial estoppel, abstention, the New Jersey entire controversy doctrine, accord and satisfaction, and payment.

9.      Plaintiff's claims are barred, in whole or in part, by the business judgment rule.

10.      Plaintiff's claims against Repsol are subject to setoff and/or recoupment, and therefore must be reduced accordingly.

11.      Plaintiff's  claims are barred, in whole or in part, to the extent Repsol took any sums transferred in good faith and for value, and Repsol may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent that Repsol gave value to the Debtors in exchange for the transfer.

12.      Plaintiff's claims are barred, in whole or part, to the extent Defendants took for value, in good faith, and without knowledge of the voidability of the transfer avoided.

13.      Plaintiff is not entitled to recover attorneys' fees or costs, or fees of litigation.

14.      The damages Plaintiff seeks, if awarded, would result in unjust enrichment to Plaintiff.

15.      Any recovery against Repsol is limited by the single satisfaction rule in 11 U.S.C. §550(d).

16.     Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

17.     Plaintiff's claims are barred, in whole or in part, to the extent that any of the alleged transfer(s) were authorized by law or court order.

18.     Plaintiff's claims are barred, in whole or in part, based on the doctrine of subsequent intervening cause.

19.     Any transfer to Repsol from the Debtors was in exchange for reasonably equivalent value.

20.     Plaintiff's claims are barred, in whole or part, to the extent its alleged injuries were not caused, actually or proximately, or contributed to by any acts on the part of Repsol.

21.     Plaintiff's claims are barred, in whole or part, to the extent its alleged transfers were not made to or on behalf of Repsol.

22.     Plaintiff's claims are barred, in whole or part, because Section 544 and 550 of the Bankruptcy Code do not apply extraterritorially.

23.     Transfers to Repsol from the Debtors are not avoidable pursuant to Section 546(e) of the Bankruptcy Code.

24.     Plaintiff is not entitled to any recovery against Repsol on any claims based on the 1986 SPA, or any related "OCC Indemnification Obligations," as defined in Plaintiff's Complaint, because Repsol is not a party to the SPA.

25.     The costs, damages, and penalties Plaintiff seeks to recover or impose are unreasonable, excessive, arbitrary, and capricious.

26.     Plaintiff's claims are barred to the extent they seek recovery for any punitive damages as such claims are barred by public policy and applicable laws.

27.     To the extent that Plaintiff's claims against Repsol are subject to contribution, or any reduction or offset from other parties, any damages recovered against Repsol shall be reduced accordingly.

28.     Repsol reserves the right to incorporate by reference the defenses pled, now or in the future, by any other Defendant, to the extent applicable to Repsol.

29.     Repsol reserves the right to assert additional defenses that may be uncovered during the course of this action.

## PRAYER FOR RELIEF

WHEREFORE, Repsol denies that Plaintiff is entitled to any relief against Repsol whatsoever and respectfully requests: (a) that this Court dismiss Plaintiff's claims with prejudice; (b) that this Court assess costs and fees against Plaintiff; and (c) that this Court award Repsol such other and further relief to which it may be justly entitled.

## JURY DEMAND

Repsol demands a jury to all issues triable by jury.

Dated:  April 1, 2019
        Wilmington, Delaware

*/s/ Curtis S. Miller*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Robert J. Dehney (No. 3578)
Curtis S. Miller (No. 4583)
Daniel B. Butz (No. 4227)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*- and -*

WEIL, GOTSHAL & MANGES LLP
Edward Soto
1395 Brickell Avenue
Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159

Robert Lemons
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Repsol Defendants*