# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE



CHRISTOPHER S. SONTCHI
CHIEF JUDGE

824 N. MARKET STREET
WILMINGTON, DELAWARE
(302) 252-2888

June 24, 2019

**VIA CM/ECF**
Brian E. Farnan
Michael J. Farnan
Farnan LLP
919 North Market Street
12th Floor
Wilmington, DE  19801
        -and-
J. Christopher Shore
Thomas MacWright
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020

Adam G. Landis
Matthew B. McGuire
Landis Rath & Cobb LLP
919 Market Street
Suite 1800
Wilmington, DE  19801
        -and-
John J. Kuster
Jessica C. Knowles Boelter
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603

Robert J. Dehney
Curtis S. Miller
Daniel B. Butz
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
 Wilmington, Delaware 19899-1347
        - and –
Edward Soto
Corey D. Berman
Weil, Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
        -and-
Robert Lemons
767 Fifth Avenue
New York, New York 10153

RE:    Maxus Energy Corporation, et al., 16-11501
        Maxus Liquidating Trust v. YPF, et al., 18-50489

Dear Counsel,

Before the Court are two motions: (i) *Repsol Defendants' Motion to Modify the Scheduling Order to Include a Provision Treating Depositions Taken in the New Jersey Action as If They Were Taken in this Action, or in the Alternative, to Amend the Scheduling Order*[1] (Adv. D.I. 153); and (ii) *YPF's Motion to Modify the Scheduling Order to Include a Provision Treating Depositions Taken in the New Jersey Action as If They Were Taken in This Action, or in the Alternative, to Amend the Scheduling Order*[2] (Adv. D.I. 156). Both the Repsol Defendants' motion and YPF's motion were opposed by the Maxus Liquidating Trust (the "Trust") (Adv. D.I. 165). The Motions seek the following relief: (i) that depositions taken in connection with the New Jersey Action (as defined blow) be treated as if they were taken in the above-captioned adversary action; or in the alternative (ii) to amend the Scheduling Order to provide additional time for Repsol and/or YPF to re-depose witnesses from the New Jersey Action in this adversary action. The Court heard argument on these motions (collectively, the "Motions") on May 28, 2019,[3] and at that time, the Court took these matters under advisement. This is the Court's ruling thereon.

## Background

Both Motions concern the use of discovery materials produced in *N.J. Dep't of Envtl. Prot., et al. v. Occidental Chemical Corp.*, et al., No. L-9868-05 (N.J. Super. Ct.) (the "New Jersey Action"). The New Jersey Action addressed issues relating solely to the underlying environmental action originally brought by the New Jersey Department of Environmental Protection ("NJDEP") against Occidental Chemical Corporation ("OCC"), Maxus Energy Corporation and its affiliates (collectively, "Maxus"), YPF, and Repsol to hold those entities liable for environmental damages at the Lister Site.[4] In the New Jersey Action, OCC asserted crossclaims against the YPF Defendants for fraudulent transfer, unjust enrichment, civil conspiracy, and alter ego liability, all of which were predicated on the theory that the YPF Defendants engaged in a decades-long scheme to strip away the assets of Maxus, and to insulate themselves from liability by stranding

---

[1] The motion was filed by defendants Repsol, S.A., Repsol Exploración, S.A., Repsol USA Holdings Corp., Repsol E&P USA, Inc., Repsol Offshore E&P USA, Inc., Repsol E&P T&T Limited, and Repsol Services Company (collectively "Repsol").

[2] The motion was filed by defendants YPF S.A. ("YPF"), YPF International S.A. ("YPFI"), YPF International Holdings, Inc. ("YPFH"), and CLH Holdings, Inc. ("CLHH") (collectively, the "YPF," and together with Repsol, the "Defendants").

[3] *See* Transcript of Hr'g, May 28, 2019 (Adv. D.I. 180). Capitalized terms not defined herein shall have the meaning ascribed to them in the motions.

[4] In 2013, all of the Defendants and OCC had settled with the NJDEP.

Maxus's historic environmental liabilities in entities that lacked the ability to pay on those liabilities.  Extensive discovery was conducted with respect to those cross-claims, among other claims, which included deposing nearly 50 fact witnesses, a number of whom were deposed for more than one day, for a collective total of 71 days.  In the New Jersey Action, before the 35 fact witness depositions were taken, the New Jersey court had already dismissed 10 of OCC's twelve asserted cross-claims against Maxus, YPF, and Repsol.

In this action, YPF and Repsol proposed that the depositions taken in the New Jersey Action be allowed, subject to all evidentiary objections and without preclusion to seeking additional testimony from individual witnesses previously deposed.  The Maxus Liquidating Trust (the "Trust"), the plaintiff in this adversary action, refused.  As a result, YPF and Repsol filed the motions.

### New Jersey Action Depositions

The Defendants seek to use the New Jersey Action depositions under Federal Rule of Civil Procedure 32(a)(8) and Federal Rule of Evidence 804.  At this time, neither of the Defendants has informed the Trust nor the Court which of the New Jersey Action depositions they are seeking to use, whether those deponents are unavailable to be re-deposed, nor have they indicated which portions of the deposition transcripts they would like to use.  As such, and as discussed below, the request to use of these depositions is premature.

A.    *Federal Rule of Civil Procedure 32(a)(8)*

Federal Rule of Civil Procedure 32(a)(8), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7032, governs the use of deposition testimony taken in other actions:

> A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence.

Accordingly, pursuant to Rule 32(a)(8), a prior deposition may be used in a later action if: (i) the deposition was lawfully taken, (ii) the two actions involve the same subject matter, and (iii) the two actions involve the "same parties, or their representatives or successors in interest."

*B.      Federal Rule of Evidence 804(b)(1)*

In addition to Rule 32(a)(8), the depositions from the New Jersey Action of witnesses that are unavailable for trial may be used in this action pursuant to Rule 804(b)(1).  Subject to the condition that the declarant is "unavailable as a witness," Rule 804(b)(1) provides an exception to the hearsay rule for testimony that:

> (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and

> (B) is now offered against a party who had-or, in a civil case, whose predecessor in interest had-an opportunity and similar motive to develop it by direct, cross-, or redirect examination.[5]

As the Third Circuit stated in *Lloyd v. American Export Lines, Inc.*:

> As originally submitted by the Supreme Court, Rule 804(b)(1) would have allowed prior testimony of an **unavailable** witness to be received in evidence if the party against whom it was offered, or a person with "motive and interest similar", [sic] had an opportunity to examine the witness.  The House of Representatives adopted the present language, the Committee on the Judiciary offering this rationale:

>> Rule 804(b)(1) as submitted by the Court allowed prior testimony of an unavailable witness to be admissible if the party against whom it is offered or a person "with motive and interest similar" to his had an opportunity to examine the witness.  The Committee considered that it is generally unfair to impose upon the party against whom the hearsay evidence is being offered responsibility for the manner in which the witness was previously handled by another party.  The sole exception to this, in the Committee's view, is when a party's predecessor in interest in a civil action or proceeding had an opportunity and similar motive to

---

[5]  Fed. R. Evid. 804(b)(1).

> examine the witness.  The Committee amended the
> Rule to reflect these policy determinations.[6]

The party seeking to use the deposition under FRE 804 has the burden of establishing a witness's unavailability.[7]

The Court will consider each of the Rules, the elements, and the categories of depositions from the New Jersey Action below:

    (i)     *The Depositions Were Lawfully Taken*

First, there can be no dispute that the depositions in the New Jersey Action were lawfully taken pursuant to the New Jersey Rules of Court.[8]  Indeed, the Defendants and the Trust both acknowledged that the depositions were taken "lawfully" in the New Jersey Action.

    (ii)    *Unavailability of the Witnesses*

Second, as Repsol and YPF have not indicated which of the New Jersey Action depositions they seek to use, they have also not asserted any witness's unavailability, as required by Federal Rule of Evidence 804(b)(1).[9]  As the Third Circuit stated, "it is an abuse of discretion for a district court to admit former testimony into evidence under Rule 804(b)(1) without a finding of unavailability."[10]  Furthermore, it is YPF's and Repsol's burden, as the case may be, to prove unavailability of each of the New Jersey Action deponents.[11]  As a result, at this time, it would be impossible for the Court to make a determination concerning the use of the New Jersey Action depositions under FRE 804(b)(1).

    (iii)    *This Action and the New Jersey Action Involve the Same Subject Matter*

Third, Rule 32(a)(8) requires that the prior and later actions "involv[e] the same subject matter."  Courts generally take an expansive approach in construing the "same subject matter"

---

[6] *Lloyd v. Am. Exp. Lines, Inc.*, 580 F.2d 1179, 1185 (3d Cir. 1978) (emphasis added) (*quoting* H.R.Rep. No. 650, 93rd Cong., 1st Sess. 15 (1973), Report of the House Committee on the Judiciary, Reprinted in 4 J. Weinstein & M. Berger, Weinstein's Evidence, at 804-7 & 804-8)).

[7] *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 165 (3d Cir. 1995) (citations omitted).

[8] This is requirement of both Federal Rule Civil Procedure 32(a)(8) and an element under Federal Rule of Evidence 804(b)(1) is that the "testimony must be taken at a hearing, deposition, or civil action or proceeding."  *Kirk*, 61 F.3d at 164.

[9] Unavailability is not an element of Federal Rule of Civil Procedure 32(a)(8).

[10] *Kirk*, 61 F.3d at 165 (citation omitted).

[11] *Id.*

requirement, so as to require only a substantial identity of issues between the two actions.  The prior case need not involve identical issues "so long as liability is based upon the 'same condemned behavior thought to have occurred.'"[12]  Here, as in the New Jersey Action, the claims arise from the same nucleus of facts and claims.[13]  As this Court has previously held, the claims in this action are "substantially similar" to those in the New Jersey Action.[14]

> (iv)    *This Action and the New Jersey Action Involve "the Same Parties, or Their Representatives or Successors in Interest"*

Lastly, Defendants assert that OCC "undoubtedly" and "unquestionabl[y]" is a predecessor in interest to the Trust and that the two had the same notice and opportunity to develop the testimony in the New Jersey Action on "virtually identical" "issues, facts, circumstances, transactions, and theories of liability."  The Trust disagrees.

This requirement that the deposition taken in a prior action involve the same parties, or their representatives, or successors in interest (for the purposes of Rule 32) or predecessors in interest (for the purposes of FRE 804) does not require privity.  The Third Circuit has held:

> While we do not endorse an extravagant interpretation of who or what constitutes a "predecessor in interest," we prefer one that is realistically generous over one that is formalistically grudging.  We believe that what has been described as "the practical and expedient view" expresses the congressional intention: "if it appears that in the former suit a party having a like motive to cross-examine about the same matters as the present party would have, was accorded an adequate opportunity for such examination, the testimony may be received against the present party."[15]

As the Trust points out, there are four groups of depositions to consider: (a) prior depositions of Defendants' witnesses, (b) prior deposition of Maxus witnesses, (c) prior depositions of OCC witnesses, and (d) prior depositions of third-party witnesses.  The posture of each group changes the analysis as to whether the Trust is successor in interest in this action.  As a result, each will be taken in turn.

---

[12] *Apotex, Inc. v. Cephalon, Inc.*, No. 2:06-CV-2768, 2017 WL 2362400, at *8 (E.D. Pa. May 31, 2017) (*quoting Lloyd*, 580 F.2d at 1186-87).

[13] *See Lloyd*, 580 F.2d at 1186.

[14] *Maxus Liquidating Trust v. YPF (In re Maxus Energy Corp.)*, 597 B.R. 235, 240 (Bankr. D. Del. 2019).

[15] *Lloyd*, 580 F.2d at 1187 (footnote and citations omitted).

*(a)  Prior Depositions of Defendants' Witnesses*

In the New Jersey Action, OCC deposed twelve party witnesses under the control of the Defendants.  Thus, the Court needs to consider whether OCC and the Trust are "successors to the same party."

First, the Court has already held: "The Trust and OCC are not the same party, and they are certainly not 'identical.'"[16]

Second, at the time OCC took or defended the majority of the depositions in the New Jersey Action, the New Jersey Court had already barred discovery into the fraudulent conveyance claims, unjust enrichment claims, civil conspiracy claims, and future damages claims; all which are at issue in this action.  At the time when the majority of the depositions were taken, the only live issues in the New Jersey Action were the claims for declaratory judgment, contractual indemnification, and alter ego liability claims against Defendants.  Thus, in this action, the scope of claims is significantly expanded.  YPF and Repsol replied that in the New Jersey Action, the scope of the alter ego claims encompassed the claims relevant in this action because they were relevant to the New Jersey Action alter ago claims.  The Court finds that albeit relevant in the New Jersey Action alter ego claims, OCC was focused on the alter ego claims – the motivation of the parties misses the mark for limiting the parties from investigating and questioning deponents about these claims individually.

For example, in *Government of the Canal Zone v. Pinto*,[17] testimony from a preliminary hearing was not admitted under FRE 804(b)(1) against a defendant who was not represented at the hearing, even though the lawyer who later represented him at trial attended the prior hearing on behalf of his co-defendant and engaged in cross-examination on behalf of the co-defendant.  Judge Wisdom commented that, "the reliability of preliminary hearing testimony is not assured by the mere fact of cross-examination but only by cross-examination designed to illuminate the accuracy of the statement as it concerns the particular defendant."[18]

Inherent in questioning a witness is litigation strategy, the development of facts and testimony about material facts is different – and from experience, the Court finds that seeking information about an alleged alter ego claim in the New Jersey Action from a witness can be very different from the information seeking related to other alleged claims in this action.

---

[16]  *Maxus Liquidating Trust v. YPF S.A. (In re Maxus Energy Corp.)*, 2019 WL 647027, at *4 (Bankr. D. Del. Feb. 15, 2019).

[17]  590 F.2d 1344 (5th Cir. 1979).

[18]  *Gov't of the Canal Zone v. P. (Pinto)*, 590 F.2d at 1354.  *See also Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp. 1190, 1255 (E.D. Pa. 1980), *aff'd in part, rev'd in part sub nom. In re Japanese Elec. Prod. Antitrust Litig.*, 723 F.2d 238 (3d Cir. 1983), *rev'd sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

Lastly, in the New Jersey Action, OCC pursued the alter ego claim on behalf of itself; here, the Trust is pursuing these claims on behalf of all the creditors. As this Court held in this matter: "The distinction between claims that once belonged to creditors and those that later became property of a debtor's estate is an important one. Indeed, it is well settled that a bankruptcy trustee is not in privity with any particular prepetition creditor for purposes of preclusion analyses."[19] The interests between one creditor with their own litigation strategy and a claim on behalf of all creditors cannot be overlooked in this circumstance.

As a result, without a specific deponent's information, the Court cannot create a blanket rule regarding the use of the New Jersey Action deposition at this time.

*(b) Prior Depositions of Maxus Witnesses*

In the New Jersey Action, fourteen prior depositions of Maxus employees were taken. Even if certain witnesses prove unavailable, under Rule 32(a)(8), one cannot consider the Trust Action "a later action involving the same subject matter between the same parties" to the New Jersey Action. In fact, the party alignment between the New Jersey Action and the Trust's Action has radically and meaningfully changed. In the New Jersey Action, Maxus and Tierra were aligned *with* YPF and Repsol as defendants against OCC. In this action, Maxus and Tierra are aligned with the other Debtors and all their creditors, including OCC, and *against* YPF and Repsol.[20] Furthermore, half of the Maxus witnesses were prepared for deposition by YPF or Repsol counsel.[21] As a result, the motivation of the Debtor in the New Jersey Action was to defeat OCC and not to establish control, inequity or unfairness[22] related to YPF and Repsol's conduct towards the Debtor. Thus, neither Rule 32(a)(8) nor FRE 804(b)(1) will permit YPF and Repsol to introduce the prior deposition testimony of Maxus witnesses as evidence in this action.

---

[19] *Maxus Energy Corp.*, 2019 WL 647027, at *5.

[20] *Cordance Corp. v. Amazon.com, Inc.*, 639 F. Supp. 2d 406, 431-32 (D. Del. 2009) (refusing to admit unavailable witness's deposition from an earlier litigation because the alleged predecessor-in-interest asserted the invalidity of the opposing party's patent while the successor-in-interest asserted the validity of its own patent). The Fifth Circuit has not addressed how a court is to determine similarity of motive for purposes of Rule 804(b)(1). *Battle ex rel. Battle v. Mem'l Hosp. at Gulfport*, 228 F.3d 544, 552 (5th Cir. 2000) ("The Second Circuit has held that the test must turn not only on whether the questioner is on the same side of the same issue at both proceedings, but also on whether the questioner had a substantially similar interest in asserting and prevailing on the issue. The availability of cross-examination opportunities that were forgone is one factor to be considered, but is not conclusive because examiners will virtually always be able to suggest lines of questioning that were not pursued at a prior proceeding. [The Fifth Circuit] find[s] this fact-specific test for determining similar motive valuable." (citations omitted)).

[21] *See Declaration of Erin M. Smith in Support of Plaintiff Maxus Liquidating Trust's Opposition to Repsol and YPF Defendants' Motion to Modify or Amend the Scheduling Order to Provide for the Use of Deposition Testimony from a Prior Action* (Adv. D.I. 166), Exh A.

[22] *Maxus Energy Corp.*, 571 B.R. at 660 (*quoting Phar–Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1240 n. 20 (3d. Cir. 1994) ("'piercing the corporate veil or alter ego causes of action are based upon preventing inequity or unfairness'")).

*(c)  Prior Depositions of OCC Witnesses*

In the New Jersey Action, eight depositions of OCC fact witnesses were taken.  The Trust asserts that only one of these depositions is arguably relevant to alter ego liability or touches on the issue of the underlying fraudulent transfer.  As stated above, OCC, as a single creditor pursuing its own claims in the New Jersey Action, cannot be the "same" or "successor" party to the Trust in this Action.  As such, Rule 32(a)(8) and FRE 804(b) are not applicable to the prior depositions of OCC witnesses.

*(d)  Prior Depositions of Third Party Witnesses*

In the New Jersey Action, thirteen third-party witnesses provided deposition testimony.  The Trust asserts that only six of these depositions could be relevant in this action and a majority of those witnesses were prepared by YPF and Repsol counsel.[23]  Furthermore, at least seven of these third-party deponents had a pre-existing relationship with Maxus, YPF, or Repsol; as such their interests were aligned with the now-Defendants.  In fact, at least four of these witnesses were prepared for their depositions by counsel to the now-Defendants.[24]  As a result, the Court agrees with the Trust that a blanket ruling that deposition testimony by all of these third-party witnesses, take in an action in which those witnesses had interests aligned with Defendants in the prior action ignores the realignment of the parties for purposes of Rule 32 and FRE 804 analysis.

### Modification of the Scheduling Order

If the Court denies use of the New Jersey Action depositions, which the Court does, then YPF and Repsol seek the alternative relief of a modified scheduling order in order to provide additional time to "re-depose" witnesses from the New Jersey Action.  The Defendants seeks to move the fact discovery deadline from three to six months; and seek what appears to be an unlimited amount of depositions.

Rule 16 of the Federal Rules of Civil Procedure provides that once entered, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

YPF and Repsol assert that they will need additional time to re-take all of the depositions and they will also need to take additional depositions as a result of not being able to use the New Jersey Action depositions.

---

[23]  *See Declaration of Erin M. Smith in Support of Plaintiff Maxus Liquidating Trust's Opposition to Repsol and YPF Defendants' Motion to Modify or Amend the Scheduling Order to Provide for the Use of Deposition Testimony from a Prior Action* (Adv. D.I. 166), Exh A.

[24]  *Id.*

Federal Rule of Civil Procedure 30(a)(2)(A)(i),[25] limits the number of depositions taken in an action to ten (10) by each party, unless otherwise ordered by the Court or agreed to by the parties. As of the date of this letter, the Trust has not agreed to additional depositions.

The Court is not inclined to expand the number of depositions at this time. If a witness is "unavailable," no party will be taking (or re-taking their deposition, as the case may be); furthermore, the Defendants do not need to depose their own witnesses. At this point, the Defendants have not set forth which depositions they wish to take. The Court believes it is premature and arbitrary to expand the number dictated by the Federal Rules at this time.

As the Court is not, at this time, expanding the number of depositions, the Court will also not disturb the current three-month window to complete the fact depositions. However, the Court may re-visit the appropriateness of this three-month deadline at a later time.

## Conclusion

As stated above the question of whether Federal Rule of Evidence 804(b)(a) is applicable is not ripe for consideration as no information was provided by YPF and Respol regarding the unavailability of the deponents from the New Jersey Action. Furthermore, and as discussed above, the Court will not create a blanket ruling under Federal Rule of Civil Procedure 32(a)(8), as the third prong of the analysis concerning whether the Trust is the same party or a successor in interest is dependent on which deposition each party is seeking to use in this action, who prepared that particular witness for trial, as well as alignment of interests in the New Jersey Action. Thus, the Court denies, without prejudice, the ability to use the depositions from the New Jersey Action in this action.

The Court is also denying the motion to modify the scheduling order, without prejudice, for the reasons set forth above.

Sincerely,

Christopher S. Sontchi
Chief United States Bankruptcy Judge

---

[25] Fed.R.Civ.P. 30(a)(2)(A)(i), made applicable to this proceeding by Fed.R.Bankr.P. 7030.