**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MAXUS ENERGY CORPORATION, *et al.*, | ) | |
| | ) | Case No. 16-11501 (CSS) |
| Debtors.[1] | ) | |
| | ) | Jointly Administered |
| | ) | |
| | ) | |
| MAXUS LIQUIDATING TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding |
| | ) | Case No. 18-50489 (CSS) |
| v. | ) | |
| | ) | |
| YPF S.A., YPF INTERNATIONAL S.A., YPF HOLDINGS, INC., CLH HOLDINGS, INC., REPSOL, S.A., REPSOL EXPLORACIÓN, S.A., REPSOL USA HOLDINGS CORP., REPSOL E&P USA, INC., REPSOL OFFSHORE E&P USA, INC., REPSOL E&P T&T LIMITED, and REPSOL SERVICES CO., | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**AMENDED CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

**SCOPE OF DISCOVERY**

1. Each named party to the Action (individually, a Party") may take discovery on all matters relevant to the Action consistent with this Order. Nothing in this Order shall be deemed a waiver of any Party's rights to assert any applicable privilege or work-product protections or any other appropriate objections to disclosure available under the Federal Rules of Civil Procedure ("FRCP") as applied to this proceeding by the Federal Rules of Bankruptcy Procedure ("FRBP"). A Party's production of information in accordance with this Case Management Plan shall not be deemed a concession by such Party as to the relevance or use of such documents or information at trial or otherwise.

**DISCOVERY SCHEDULE AND RELATED MATTERS.**

2. Defendants shall have until **April 1, 2019** to answer the Complaint.

---

[1] The Debtors in the above-captioned Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Maxus Energy Corporation (1531), Tierra Solutions, Inc. (0498), Maxus International Energy Company (7260), Maxus (U.S.) Exploration Company (2439), and Gateway Coal Company (7425). The address of each of the Debtors is 10333 Richmond Avenue, Suite 1050, Houston, Texas 77042.

3. The following schedule shall govern discovery and related matters absent further agreement of the parties or order of the Court.

   a. **Initial Disclosures**. Each Party shall serve its initial disclosures required by Rule 26(a)(1) no later than **April 24, 2019**.

   b. **Fact Discovery**.

      i. All Parties may serve document discovery requests ("Document Request") on any other Party on or after **May 3, 2019**. Responses to such requests shall be due within the time permitted by applicable rules.

      ii. All Parties must serve any other written discovery on any other Party no later than **June 21, 2019**. Responses to such discovery shall be due within the time permitted by applicable rules.

      iii. **January 10, 2020** shall be the date on which the parties exchange their initial lists of fact witnesses they intend to depose, including any third-party witnesses.

      iv. **January 15, 2019** shall be the date on which Parties shall have substantially completed the production of all documents responding to the Document Requests and completed the responses to all other written discovery (it being understood that Parties will produce responsive materials on a rolling basis in advance of such date).

      v. **January 20, 2020** shall be the date on which Parties shall provide categorical privilege logs of documents responsive to the Document Requests that were withheld on the basis of any claim of privilege (the "Privilege Logs"). The Privilege Logs shall provide (1) the date range of the documents, (2) author(s)/sender(s) and recipients, (3) the general subject matter, (4) the basis for withholding the documents (e.g. attorney-client privilege, work-product doctrine, and (5) the number of documents withheld in that category.

      vi. **January 21, 2020** shall be the date on which depositions of fact witnesses, including depositions of any third-party witnesses, may begin. Deposition notices must be served no later than fourteen (14) days prior to the deposition date, and any objections thereto must be served no later than seven (7) days before the deposition date; provided however, that the objection deadline will be no earlier than three days after the date the deposition notices are served. The parties shall confer upon dates convenient for the witness and counsel with respect to the scheduling of individual depositions.

      vii. **January 31, 2020** shall be the last date by which Parties may serve discovery requests on third parties (the "Third Party Deadline").

      viii. **February 20, 2020** shall be the last date by which parties may serve deposition notices on any other Party.

      ix. **April 24, 2020** shall be the date on which all fact discovery shall be complete, including discovery from third parties. Reasonable requests for follow up documents or limited fact depositions based on new information discovered after this date will not be unreasonably withheld. Moreover, this period may be extended as to third party discovery to the extent necessary to accommodate third

party responses to reasonable discovery requests timely served by the Third Party Deadline.

c. **Expert Discovery**.

i. **March 20, 2020** shall be the date by which the Parties must designate initial expert witnesses, including a brief description of the general topics on which those witnesses will testify.

ii. **April 24, 2020** shall be the date by which the Parties shall engage in the simultaneous exchange of expert reports on issues for which they bear the burden of proof (it being understood that the submission of such expert reports shall not be deemed admissions by the submitting party that it bears the burden of proof on any issue). These reports must satisfy the requirements of rule 26(a)(2)(B) of the FRCP.

iii. **June 12, 2020** shall be the date by which the Parties shall engage in the simultaneous exchange of any expert rebuttal reports or initial reports addressing issues that were not addressed in the initial expert reports, as well as any disclosures prepared by the rebuttal expert witnesses in response to initial expert reports. These disclosures must satisfy the requirements of rule 26(a)(2)(B) of the FRCP. No party shall be obligated to submit an expert rebuttal report.

iv. **July 10, 2020** shall be the date by which the Parties shall submit any expert rebuttal or reply reports in response to the rebuttal or initial reports previously exchanged by the Parties. These disclosures must satisfy the requirements of rule 26(a)(2)(B) of the FRCP. No party shall be obligated to submit an expert rebuttal report.

v. **September 11, 2020** shall be the date on which all expert discovery shall be complete. The parties shall confer and agree upon dates for conducting expert deposition in advance of this date. .

d. **Dispositive Motion Deadline.** The schedule for the briefing of any and all motions for summary judgment shall be as follows: moving briefs due **October 2, 2020**, oppositions due **November 6, 2020** and replies due **December 4, 2020**.

e. **Pre-Trial Conference**. The Court will hold a status conference on **December 11, 2020** to set a pretrial schedule. All Parties' rights are reserved regarding the issue of whether the trial of this matter will take place in this Court.

4. **Modification for Cause**. The Parties may, on written agreement, modify any of the provisions in paragraphs 3(a), (b), and (c). The Court may modify any provision hereof for good cause.

Dated: February 19th, 2020
Wilmington, Delaware

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE