# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MAXUS ENERGY CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 16-11501 (CSS)<br>(Jointly Administered) |
| MAXUS LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>YPF S.A., et al.,<br><br>Defendants. | Adversary Proceeding No. 18-50489 (CSS) |

## MAXUS LIQUIDATING TRUST'S STATUS REPORT REGARDING THE STATUS OF THE TRUST ACTION

Pursuant to this Court's request, the Liquidating Trustee, through his undersigned counsel, hereby submits this status report (the "Status Report") regarding the above-captioned adversary proceeding (the "Trust Action"), currently pending before the Court.[2]

**I.    Discovery Progress To Date**

To date, the Parties[3] have completed the following discovery milestones:

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Maxus Energy Corporation (1531), Tierra Solutions, Inc. (0498), Maxus International Energy Company (7260), Maxus (U.S.) Exploration Company (2439), and Gateway Coal Company (7425).

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Debtors' chapter 11 Plan [D.I. 1460 in Case No. 16-11501].

[3] The "Parties" include the Maxus Liquidating Trust ("Trust"), and "YPF" and "Repsol" (together, the "Defendants"), as they are defined in the Complaint.

- The Parties exchanged their Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Rule 7026 of the Federal Rules of Bankruptcy Procedure on April 24, 2019.

- The Trust served requests for the production of documents on YPF and Repsol on May 3, 2019. YPF and Repsol served responses and objections on June 3, 2019. YPF served requests for the Trust to produce documents on the Trust on May 20, 2019, and the Trust served responses and objections on July 1, 2019. Repsol served requests for the Trust to produce documents on May 31, 2019, and the Trust served responses and objections on July 1, 2019.

- The Trust served written interrogatories on YPF and Repsol on June 21, 2019. Repsol served responses and objections on August 16, 2019; YPF served responses and objections on August 23, 2019. YPF and Repsol each served written interrogatories on the Trust on June 21, 2019, to which the Trust served responses and objections on August 23, 2019.

- Repsol also served requests for admission on the Trust on June 21, 2019, to which the Trust provided responses and objections on August 23, 2019.

- The Parties met and conferred in July and August, 2019, regarding the logistics of document production in the Trust Action, and exchanged lists of custodians and search terms that the Parties would apply to electronically stored information ("ESI") collected for this matter pursuant to the Parties' agreement. The Parties continued to discuss the discovery via telephonic conferences over the next several months.

- Following the initial meet and confer on document production, the Parties have reviewed and produced documents on a rolling basis.

- The Parties exchanged their initial lists of intended deponents on January 10, 2020.

- The Parties exchanged categorical privilege logs on January 27, 2020. YPF provided an amended categorical privilege log on February 16, 2020.

In addition to the above, the Parties met and conferred on February 7, 2020, regarding outstanding discovery issues and disputes. During that meet and confer, the Parties agreed to, and subsequently did, exchange letters regarding unresolved discovery disputes on February 18, 2020.[4] The Parties are continuing to meet and confer with regard to discovery disputes as to which they

---

[4] The Trust provided an amended privilege log as an attachment to its February 18, 2020 letter.

have not yet reached agreement, certain of which may ultimately require that the Parties seek the Court's intervention by way of motion practice including issues related to:

- The number of depositions each side may take in this matter;
- The identification of triggering creditors;
- The scope of discovery (i.e. whether the Parties may discover facts regarding creditors' claims);
- Issues regarding the Parties' continuing document productions; and
- Privilege disputes.

During the February 7, 2020 meet and confer, and given the existence of open issues with respect to ongoing document discovery, the Parties also agreed to extend *sine die* the deadlines in the Amended Case Management Plan and Scheduling Order ("Scheduling Order") for: (1) the date by which depositions of fact witnesses may begin; (2) the date to serve third party discovery requests; and (3) the date by which parties may serve depositions notices. The Parties further agreed that they would meet and confer regarding appropriate amendments to those deadlines and the remaining dates in the Scheduling Order upon resolution of their present document discovery disputes.

## II. Appellate Proceedings in the Trust Adversary Actions

The Trust also provides herein an update on the appellate proceedings emanating from the Trust Action that have occurred since the Trust's July 29, 2019 *Status Report Regarding the Status of All Pending Appeals* [D.I. 2273 in Case No. 16-11501] ("Appeals Status Report"). Except where noted, docket citations are to the Trust Action.

### A. Denials of Motions to Dismiss

The Trust initiated the Trust Action by filing its complaint against YPF and Repsol on June 14, 2018 (the "Complaint"). [D.I. 1]  YPF and Repsol filed motions to dismiss the Complaint on October 19, 2018 (the "Motions to Dismiss"). [D.I. 51-62].  After briefing and oral argument, this Court denied both Motions to Dismiss on February 15, 2019.  [D.I. 108].

YPF filed a motion seeking leave to file an interlocutory appeal of the Court's denial of the Motions to Dismiss on March 1, 2019.  [D.I. 119-122].  That motion was transmitted to the United States District Court for the District of Delaware (the "District Court") on March 4, 2019 [D.I. 127], and assigned to Judge Richard G. Andrews in a proceeding titled *YPF S.A. et al. v. Maxus Liquidating Trust*, No. 1:19-mc-00051-RGA.  Repsol also filed a motion seeking leave to file an interlocutory appeal of the Court's denial of the Motions to Dismiss on March 1, 2019.  [D.I. 123-125].  Repsol's motion was transmitted to the District Court on March 4, 2019 [D.I. 135], and was also assigned to Judge Andrews in a proceeding titled *Repsol, S.A. et al. v. Maxus Liquidating Trust*, No. 1:19-mc-00052-RGA.  Both motions for leave to file an interlocutory appeal of the Court's denial of the Motions to Dismiss were consolidated, on agreement of the Parties, in Case No. 1:19-mc-00051-RGA.

On September 12, 2019, the District Court denied both motions for leave to file interlocutory appeals of the Court's denial of the Motions to Dismiss and closed the matter. [D.I. 11 in Case No. 1:19-mc-00051-RGA].

### B. Denial of Motion for Abstention

Repsol also moved this Court to abstain from taking jurisdiction over the Trust's claims against Repsol in favor of the New Jersey Action (described in further detail within) on September 9, 2018, (the "Abstention Motion").  After briefing and oral argument, the Court denied Repsol's

Abstention Motion on February 25, 2019.

Repsol filed a motion for leave to file an interlocutory appeal of the denial of the Abstention Motion on March 11, 2019. [D.I. 132]. The motion was transmitted to the District Court on March 12, 2019 [D.I. 134], and was assigned to Judge Andrews in a proceeding titled *Repsol, S.A., et al. v. Maxus Liquidating Trust*, No. 1:19-mc-00063-RGA. After the Abstention Appeal was transferred, this Court amended its opinion accompanying the order denying the Abstention Motion on March 15, 2019. [D.I. 136]. The amended opinion was also transmitted to the District Court. [D.I. 137]. Repsol supplemented, with the Trust's consent, its memorandum of law in support of the motion to file an interlocutory appeal. [D.I. 6 in Case No. 1:19-mc-00063-RGA].

On December 19, 2019, the District Court denied Repsol's motion to file an interlocutory appeal of the Court's denial of the Abstention Motion and closed the matter. [D.I. 11 in Case No. 1:19-mc-00063-RGA].

### C.    Motions to Withdraw the Reference

Repsol moved the District Court to withdraw the reference regarding the claims asserted by the Trust on June 7, 2019. [D.I. 181-182]. That motion was transmitted to District Court on June 10, 2019 [D.I. 184], and assigned to Judge Andrews in a proceeding titled *Maxus Liquidating Trust v. YPF S.A. et al.*, No. 1:19-cv-01073-RGA. YPF also filed a motion seeking to withdraw the reference regarding the claims asserted by the Trust on June 11, 2019. [D.I. 186-188] (collectively with Repsol's motion to withdraw the reference, the "Withdrawal Motions"). YPF's motion was transmitted to the District Court on June 12, 2019 [D.I. 189], and was also assigned to Judge Andrews in a proceeding titled *Maxus Liquidating Trust v. YPF S.A. et al.*, No. 1:19-cv-01083-RGA.

The Withdrawal Motions were consolidated, on agreement of the Parties, in Case No. 1:19-cv-01073-RGA. There are no other matters pending in that case, and, as of August 5, 2019, briefing is complete on the Withdrawal Motions. Both YPF and Repsol requested oral argument on the Withdrawal Motions on August 12, 2019. The District Court has not ruled on the Withdrawal Motions, the accompanying requests for oral argument, nor indicated when it will rule.

**III.     Appellate Proceedings in the New Jersey Action**

The Trust also provides below an update on the Trust's appeal to the Superior Court of New Jersey Appellate Division (the "Appellate Division") of the dismissal by the Superior Court of New Jersey, Law Division, Essex County (the "New Jersey Court") of certain cross-claims against Repsol formerly belonging to Occidental Chemical Corporation ("OCC") in the matter *New Jersey Department of Environmental Protection v. Occidental Chemical Corporation, et. al.*, No. ESX-L-9868-05 (the "New Jersey Action").

As of April 5, 2016 the New Jersey Court granted Repsol's motion for summary judgment seeking dismissal of OCC's cross-claims against Repsol based on alter-ego liability. By virtue of New Jersey's rule on finality of judgments, the New Jersey Court's dismissal was not immediately appealable prior to entry of a final judgment. Thereafter, the Debtors filed their Chapter 11 Petitions on June 17, 2016. Shortly after the Petition Date, OCC removed all of its cross-claims, including those seeking alter-ego recoveries against Repsol, from the New Jersey Action into the OCC action against YPF which is currently pending in this Court. On Repsol's motion, the Court remanded those claims back to the New Jersey Court on November 15, 2016. [D.I. 42, 43 in Case No. 16-51025]. In a subsequent opinion dated August 2, 2017, the Court ruled that OCC's claim seeking to impose alter-ego liability against Repsol constituted a claim for generalized harm to the

Debtors, which, under Third Circuit precedent, became property of Debtors as of the Petition Date. [D.I. 65 in Case No. 16-51025].

Following confirmation of the Debtors' Amended Chapter 11 Plan of Liquidation [D.I. 1460 in Case No. 16-11501], the Liquidating Trust intervened in the New Jersey Action as of November 17, 2017 to prosecute an appeal of the remanded alter-ego cross-claim against Repsol. The New Jersey Court entered a final judgment dismissing the claim on November 22, 2017, and the Liquidating Trust filed its pending appeal on January 8, 2018, under docket number A-2038-17. As of January 14, 2019, briefing of that appeal is complete. The Appellate Division has not yet ruled on the Trust's appeal, nor set a date for oral argument. There have been no developments in that appeal since the Trust's submission of the Appeals Status Report, and no other matters are pending in connection with that appeal.

| | |
|---|---|
| Dated: February 28, 2020 | Respectfully submitted,<br><br>FARNAN LLP<br><br>/s/ Michael J. Farnan<br>Brian E. Farnan (Bar No. 4098)<br>Michael J. Farnan (Bar No. 5165)<br>919 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 777-0300<br>(302) 777-0301<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>J. Christopher Shore (admitted *pro hac vice*)<br>Thomas MacWright (admitted *pro hac vice*)<br>WHITE & CASE LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>(212) 819-8200<br>cshore@whitecase.com<br>tmacwright@whitecase.com<br><br>*Attorneys for the Liquidating Trust* |