# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MAXUS ENERGY CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 16-11501 (CSS)<br>(Jointly Administered) |
| MAXUS LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>YPF S.A., YPF INTERNATIONAL S.A., YPF HOLDINGS, INC., CLH HOLDINGS, INC., REPSOL, S.A., REPSOL EXPLORACION, S.A., REPSOL USA HOLDINGS CORP., REPSOL E&P USA, INC., REPSOL OFFSHORE E&P USA, INC., REPSOL E&P T&T LIMITED, and REPSOL SERVICES CO.,<br><br>Defendants. | Adversary Proceeding No. 18-50489 (CSS) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MAXUS LIQUIDATING TRUST'S UNOPPOSED MOTION FOR ISSUANCE OF HAGUE CONVENTION REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER OF REQUEST) TO TAKE TESTIMONY OVERSEAS**

Pursuant to Federal Rule of Civil Procedure 28(b)(2), made applicable here by Rule 7028 of the Federal Rules of Bankruptcy Procedure, and 28 U.S.C. §1781(b)(2), the Maxus Liquidating Trust (the "Trust") respectfully moves the Court to issue a Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of

---

[1] The Debtors in the above-captioned Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Maxus Energy Corporation (1531), Tierra Solutions, Inc. (0498), Maxus International Energy Company (7260),Maxus (U.S.) Exploration Company (2439), and Gateway Coal Company (7425). The address of each of the Debtors is 10333 Richmond Avenue, Suite 1050, Houston, Texas 77042.

1

Evidence Abroad in Civil or Commercial Matters ("Letter of Request") to take testimony overseas of Mr. Teodoro Marcó ("Mr. Marcó" or the "Witness").

Mr. Marcó, who currently resides in Argentina, was a Director for Maxus, Repsol, and YPF. In his capacity as a Director, Mr. Marcó was involved in strategic decision-making as it relates to Maxus, Repsol, and YPF's finances and management. Mr. Marcó has knowledge relevant to this action as described more fully herein.

Because Mr. Marcó resides in Argentina, a country outside of the Court's subpoena power, and because the Defendants have informed the Trust that they do not expect to be able to make Mr. Marcó available for deposition in the United States and that they do not oppose the instant application,[2] only by Letter of Request will the Trust be able to secure Mr. Marcó's testimony for use at trial. For those reasons, as more fully explained below, the Trust respectfully requests that the Court issue the Letter of Request (together with the exhibits thereto), which are attached as Exhibit A through A.4 to the Declaration of Matthew L. Nicholson in Support of the Trust's Motion for Issuance of Hague Convention Request for International Assistance to Take Testimony Overseas (the "Nicholson Declaration").

**ARGUMENT**

**I.  COURTS ROUTINELY ISSUE REQUESTS TO PERMIT PARTIES TO TAKE EVIDENCE IN FOREIGN COUNTRIES**

Rule 28(b)(2) of the Federal Rules of Civil Procedure, made applicable here by Rule 7028 of the Federal Rules of Bankruptcy Procedure, and 28 U.S.C. §1781(b)(2) grant the Court the authority to issue a letter of request seeking the assistance of a foreign court in securing the testimony of a non-party witness located overseas. *See Compagnie des Grands Hotels d'Afrique*

---

[2] In declining to oppose the Trust's application for foreign deposition assistance, the Defendants do not, and are not understood to, make any concession regarding any assertion of fact or law contained therein. Further, the Defendants do not waive, and are expressly reserving, all other rights and objections with respect to the deposition of Mr. Marco.

2

*S.A. v. Starman Hotel Holdings LLC*, No.: 18-00654 RGA, 2019 U.S. Dist. LEXIS 117054, at *4-5 (D. Del. July 14, 2019) ("The burden is not great for a party seeking a letter of request because the Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the [Hague] Convention.") (internal quotation marks omitted). "Courts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Id.* (quoting *Netherby Ltd. v. Jones Apparel Grp., Inc.*, 2005 U.S. Dist. LEXIS 9769, at *1 (S.D.N.Y. May 18, 2005)).

## II. THE EVIDENCE SOUGHT BY THE TRUST IS RELEVANT TO THE TRUST'S CLAIMS

In Section 10 of the Letter of Request, the Trust identifies the primary topics and questions for Mr. Marcó's depositions. The testimony of Mr. Marcó concerning each of these topics is relevant to the Trust's claims.

### A. Mr. Marcó's testimony is necessary to develop the facts and circumstances of the Trust's claims.

To the best of the Trust's knowledge, Mr. Marcó was a director on the board of YPF Holdings from 2008 to 2012, a director on the board of Maxus Energy Company from 2008 to 2012, and a director on the board of Tierra Solutions ("Tierra") from 2009 to 2012. *See* Nicholson Decl. Ex. B and C. As set forth in the Complaint, during his tenure as a director of Maxus, YPF sent Mr. Marcó from Argentina to Maxus's headquarters in Texas in order to ensure YPF's full control over Maxus's business decisions. Compl. at ¶ 153.

Upon information and belief, while serving on the Maxus Board, Mr. Marcó communicated with, and received direction from, Repsol and YPF regarding the conduct of Maxus's affairs. During much of Mr. Marcó's tenure as a director of Maxus, Maxus was

3

understood to be insolvent, in that it would have been unable to satisfy its obligations as they came due without routine contributions of significant amounts of operating capital to Maxus by YPF and Repsol.

Further, upon information and belief, Mr. Marcó and other YPF-appointed members of the Maxus board used YPF's leverage over Maxus (in the form of providing badly-needed operating capital) to cause Maxus to operate to the benefit of YPF and Repsol and to the detriment of Maxus itself, its Debtor affiliates, and their creditors. *See* Compl. at ¶¶ 154, 155. For example, upon information and belief, YPF directed Mr. Marcó to cease from pursuing valuable exploration and production assets, such as the Coronado Prospect.

Mr. Marcó's testimony is also relevant and may be material to, or lead to the discovery of admissible evidence relating to, the issue of YPF's domination of Maxus during the Passaic River Litigation. During the Passaic River Litigation, the Trust alleges that Mr. Marcó received direction on Maxus's litigation strategy from YPF attorneys. Indeed, upon information and belief, Mr. Marcó went to Houston to meet with Repsol and YPF lawyers regarding Repsol and YPF litigation strategy. Mr. Marcó has direct and personal knowledge as to the substance and purpose of these communications.

Any testimony regarding Mr. Marcó's tenure as a YPF-appointed director of Maxus is relevant to the Trust's claims. The Trust seeks to recover from YPF (and Repsol, which, on information and belief, directly or indirectly exerted control over both YPF and the Debtors during Mr. Marcó's tenure) on a theory of alter ego liability damages corresponding to losses that befell creditors of Maxus on account of the Defendants' scheme to isolate Maxus's valuable assets from its significant environmental liability, and thereby prevent Maxus's creditors from reaching those assets. Compl. at ¶ 218. Mr. Marcó's testimony as a YPF-appointed director of

AMERICAS 102421752

Maxus is essential to establishing facts related, *inter alia*, to how much Board members communicated with Repsol and YPF regarding Board decisions, how Board decisions were made, and how those decisions were approved.

Moreover, some of this information, such as Mr. Marcó's experience as a YPF loyalist on Maxus's Board, is solely within the Witness's possession. Mr. Marcó's testimony is thus necessary for the fair determination of this proceeding, and because he resides outside of the subpoena power of the Court, the Letter of Request should issue to allow the Trust to take their depositions.

## CONCLUSION

For the foregoing reasons, the Court should grant this motion and issue the Letter of Request attached as Exhibit A to the Nicholson Declaration.

Date:  September 9, 2020

    Respectfully submitted,

    FARNAN LLP

    /s/ Michael J. Farnan
    Brian E. Farnan (Bar No. 4098)
    Michael J. Farnan (Bar No. 5165)
    919 North Market Street, 12th Floor
    Wilmington, DE 19801
    (302) 777-0300
    bfarnan@farnanlaw.com
    mfarnan@farnanlaw.com

    J. Christopher Shore (admitted *pro hac vice*)
    Matthew Nicholson  (admitted *pro hac vice*)
    WHITE & CASE LLP
    1221 Avenue of the Americas
    New York, NY 10020
    (212) 819-8200
    cshore@whitecase.com
    matthew.nicholson@whitecase.com

    *Attorneys for the Liquidating Trust*