## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MAXUS ENERGY CORPORATION, *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 16-11501 (CSS)<br>(Jointly Administered) |
| MAXUS LIQUIDATING TRUST,<br><br>              Plaintiff,<br><br>       v.<br><br>YPF S.A., YPF INTERNATIONAL S.A., YPF HOLDINGS, INC., CLH HOLDINGS, INC., REPSOL, S.A., REPSOL EXPLORACION, S.A., REPSOL USA HOLDINGS CORP., REPSOL E&P USA, INC., REPSOL OFFSHORE E&P USA, INC., REPSOL E&P T&T LIMITED, and REPSOL SERVICES CO.,<br><br>              Defendants. | Adversary Proceeding No. 18-50489 (CSS) |

## NOTICE OF ISSUANCE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, as made applicable by Rules 7030 and 9016 of the Federal Rules of Bankruptcy Procedure, Joseph J. Farnan, as Maxus Liquidating Trustee and on behalf of the Maxus Liquidating Trust, by and through his attorneys, has served by personal service the attached Subpoena upon Javier Gonzalez, which calls for the deposition upon oral examination of Javier Gonzalez on January 8, 2021 at 9:30 a.m., at the offices of White & Case LLP, 609 Main Street, Suite 2900, Houston, TX 77002 (or another such time and place as mutually agreed).  The deposition will take place before a duly qualified court reporter authorized by law to administer oaths and will be recorded by video and stenographic means.

Dated:  October 14, 2020

Respectfully Submitted,

FARNAN LLP

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4098)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

J. Christopher Shore (admitted *pro hac vice*)
Matthew L. Nicholson (admitted *pro hac vice*)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 819-8200
cshore@whitecase.com
matthew.nicholson@whitecase.com

*Attorneys for the Liquidating Trust*

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of  Delaware

In re MAXUS ENERGY CORPORATION, *et al.*
_____
                        Debtor

*(Complete if issued in an adversary proceeding)*

Maxus Liquidating Trust)
_____
                        Plaintiff
                v.
YPF, S.A., *et al.*
_____
                        Defendant

Case No. 16-11501 (CSS)_____

Chapter 11_____

Adv. Proc. No.  18-50489 (CSS)____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:                        Javier Gonzalez
                    _____
*(Name of person to whom the subpoena is directed)*

■ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE   White & Case LLP, 609 Main Street, Suite 2900, Houston, TX 77002 (or another such place as mutually agreed) | DATE AND TIME  January 8, 2021, 9:30 am CT |
|---|---|

The deposition will be recorded by this method:
                    Video and stenographic

☐ *Production*:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by **Fed. R. Bankr. P. 9016**, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  __October 14, 2020_____

                    CLERK OF COURT

                                    OR

_____        _____/s/ Michael J. Farnan_____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Maxus Liquidating Trust,  who issues or requests this subpoena, are:
Michael J. Farnan; FARNAN LLP, 919 North Market St., 12th Floor Wilmington, D.E. 19801; mfarnan@farnanlaw.com; 302-777-0338

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)