# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MAXUS ENERGY CORPORATION *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 16-11501 (CSS)<br><br>Jointly Administered |
| MAXUS LIQUIDATING TRUST,<br><br>                Plaintiff,<br>      v.<br><br>YPF S.A., YPF INTERNATIONAL S.A., YPF HOLDINGS, INC., CLH HOLDINGS, INC., REPSOL, S.A., REPSOL EXPLORACION, S.A., REPSOL USA HOLDINGS CORP., REPSOL E&P USA, INC., REPSOL OFFSHORE E&P USA, INC., REPSOL E&P T&T LIMITED, and REPSOL SERVICES CO.,<br><br>                Defendants. | Adv. Proc. No. 18-50489 (CSS) |

## NOTICE OF DEPOSITION OF YPF DEFENDANTS

PLEASE TAKE NOTICE, that pursuant to Rule 26 of the Federal Rules of Civil Procedure, made applicable here by Rules 7026, 9014 and 9016 of the Federal Rules of Bankruptcy Procedure, notice is hereby given that Maxus Liquidating Trust by and through its undersigned counsel, will take the oral examinations via videoconference, to be recorded by stenographic and audiovisual means, and taken before a disinterested, duly qualified Notary Public or other office authorized by law to administer oaths, of the individuals listed below, each in connection with the declaration he submitted in support of the *YPF Defendants' Motion to Disqualify White & Case LLP as Counsel*

---

[1] The Debtors in the above-captioned Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Maxus Energy Corporation (1531), Tierra Solutions, Inc. (0498), Maxus International Energy Company (7260), Maxus (U.S.) Exploration Company (2439), and Gateway Coal Company (7425). The address of each of the Debtors is 10333 Richmond Avenue, Suite 1050, Houston, Texas 77042.

AMERICAS 105750388

*for the Maxus Liquidating Trust*, dated December 19, 2020 ("Motion") [D.I. 306], on the date and at the time indicated, or such other date and time as may be agreed to by the parties or directed by the Court: (i) Daniel González Casartelli, on January 25, 2021 at 10:00 a.m. (EST); (ii) Germán Fernández Lahore, on January 25, 2021 at 10:00 a.m. (EST); (iii) John J. Kuster, on January 25, 2021 at 10:00 a.m. (EST); and (iv) W. Bradley Wendel, on January 25, 2021 at 10:00 a.m. (EST).

PLEASE ALSO TAKE NOTICE that pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, made applicable here by Rules 7026, 7030, 9014, and 9016 of the Federal Rules of Bankruptcy Procedure, the Maxus Liquidating Trust will take the deposition upon oral examination, on January 25, 2021 at 10:00 a.m. Eastern via videoconference, to be recorded by stenographic and audiovisual means, and taken before a disinterested, duly qualified Notary Public or other office authorized by law to administer oaths, or at such time and place as to be agreed to by the parties, of one or more officers, directors or other persons authorized to testify on behalf of the YPF Defendants with respect to all information known or reasonably available to them concerning each topic identified in the attached Exhibit A.

Dated: January 5, 2021    Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4098)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

J. Christopher Shore (admitted *pro hac vice*)
Matthew L. Nicholson (admitted *pro hac vice*)
WHITE & CASE LLP

AMERICAS 105750388    2

3

1221 Avenue of the Americas
New York, NY 10020
(212) 819-8200
cshore@whitecase.com
matthew.nicholson@whitecase.com

*Attorneys for the Maxus Liquidating Trust*

## EXHIBIT A

## DEFINITIONS

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. As used in these Topics, the words set forth below shall be defined as below. Capitalized terms used but not defined herein have the meanings set forth in the Complaint [D.I. 1].

1. "Any" shall be construed to mean "any and all".

2. "Communication" is used in its broadest ordinary sense, and shall mean any oral or written utterance, notation, or statement of any nature whatsoever between or among two or more persons, by or to whomsoever made, and including without limitation, correspondence, documents, conversations, dialogues, discussions, e-mail, interviews, consultations, agreements, and other understandings.

3. "Concerning," "regarding," "in connection with," "relating to," and/or "referring to" shall be construed to mean, without limitation, relating to, referring to, describing, evidencing, constituting, discussing, supporting, pertaining to, containing, analyzing, evaluating, studying, recording, showing, memorializing, reporting on, commenting on, mentioning, reviewed in conjunction with, setting forth, contradicting, refuting, considering, or recommending, in whole or in part.

4. "Document" is used in the broadest ordinary sense, and shall mean any written, graphic or other recorded (whether visibly, electronically, magnetically or otherwise) matter of whatever kind or nature, including computer files, or discs, or any other means of preserving thought or expression and all tangible things from which information can be processed, transcribed, copied or retrieved, whether originals, copies or drafts (including, without limitation,

non-identical copies), however produced or reproduced. For the avoidance of doubt, the term "Document" shall encompass, but not be limited to, emails, pictures, photographs, recordings, or any other means of capturing information.

5. "Including" shall be construed to mean "including, without limitation" or "including, but not limited to."

6. "Plan" shall mean the *Amended Chapter 11 Plan of Liquidation Proposed by Maxus Energy Corporation, et al., and the Official Committee of Unsecured Creditors.* [No. 16-11501, D.I. 1451]

7. "Relate" and its variants encompass the terms "refer," "reflect," "constitute," "evidence," "in connection with," and "concern" and shall be construed to bring within the scope of the Document Request, as applicable, all documents and information that comprise, evidence, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction with, or were generated as a result of the subject matter of the Document Request, as applicable, including, but not limited to, all documents and information that reflect, record, memorialize, discuss, evaluate, consider, review, report, or otherwise evidence the existence of the subject matter of the Document Request, as applicable.

8. "Sidley" means Sidley Austin LLP in its role as counsel of record to the YPF Defendants in the above-captioned proceedings, and includes any attorneys and/or professionals involved in the provision of legal or other services to the YPF Defendants in that capacity.

9. "YPF Defendants" shall mean YPF S.A. ("YPF"), YPF International S.A. ("YPFI"), YPF Holdings, Inc. ("YPFH") and CLH Holdings, Inc. ("CLHH"), whether collectively or individually, and any of their respective current or former affiliates, subsidiaries, parent corporations, predecessors, or successor entities and all of their respective current or former

directors, officers, employees, agents, attorneys, advisors, and representatives, other than Sidley.

## INSTRUCTIONS

1.      Pursuant to Federal Rule 30(b)(6), made applicable in these proceedings by Bankruptcy Rule 7030, You are directed to designate the person or persons to testify on Your behalf about information known or reasonably available to You regarding the Topics.

2.      You shall set forth, for each person designated, the matters on which the person will testify.

3.      The person(s) so designated shall testify as to information known or reasonably available to You regarding the Topics.

4.      The following rules of construction shall apply to this Notice of Deposition.

   a. The terms "any" and "all" mean "any and all" where the effect of such construction is to broaden the scope of the Topic.

   b. The conjunctions "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Topic all responses that might otherwise be construed to be outside the scope.

   c. The term "including" means "including, but not limited to," and is intended to provide examples of information that is subject to examination pursuant to a given Topic. Such examples are not intended to be exhaustive of the information sought and shall not, in any way, be read to limit the scope of the Topic.

   d. The singular includes the plural and vice versa.

   e. The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense as necessary to bring within the scope of these Matters for Examination any information that might otherwise be construed

to be outside their scope.

## **TOPICS OF EXAMINATION**

1. Sidley's knowledge about the romantic relationship between Jessica C.K. Boelter and Thomas Lauria.

2. YPF Defendants' knowledge about the romantic relationship between Jessica C.K. Boelter and Thomas Lauria.

3. The reasons for the YPF Defendants' determination to file the Motion, including the timing thereof.