

February 19, 2021

**VIA E-FILING**
The Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 Market Street
Wilmington, Delaware 19801

**Re:**   *Maxus Liquidating Trust v. YPF S.A., et al.*, Adv. No. 18-50489 (*In re Maxus Energy Corp., et al.*, No. 16-11501)

Dear Judge Sontchi:

We write in reference to the above captioned adversary proceeding and further disputes that have arisen therein relating to the Court's February 8, 2021 opinion [D.I. 333] (the "February Opinion"). In the February Opinion, the Court directed the Parties to consult upon an agreeable order and to submit it under certification of counsel, or, should they fail to reach an agreement, to submit dueling orders. Further to the Court's direction, the Trust circulated a draft order to counsel for the Defendants on Friday, February 12, 2021 and requested counsel's availability to meet and confer regarding the same. Counsel for YPF circulated, by way of counter-proposal, a mark-up of the Trust's draft on Thursday, February 18, 2021. The Parties (including YPF's new co-counsel in this adversary proceeding, Cleary, Gotlieb, Steen & Hamilton) met and conferred this morning to discuss an appropriate form of order. While the meet and confer has led to the resolution of one sticking point (discussed below), the Parties appear to have two irreconcilable differences with respect to the appropriate form of order relating to the February Opinion.

*First*, the Parties disagree with respect to production of the "Memos" referenced in the February Opinion. As the Court will recall, this issue first arose when YPF produced the Executive Summary (as that term is defined in the February Order) pursuant to the Court's June 23, 2020 Opinion and Order,[1] but sought to claw it back when the Trust requested that YPF produce the complete memorandum of which the Executive Summary was a part. Thus, in its October 2020 letter submissions and at the November 4, 2020 hearing, the Trust asked the Court to direct YPF to produce the complete memorandum on the basis that, having revealed the substance of the advice therein by providing Mr. Francisco García Tobar with a copy of the Executive Summary when he was a director of Maxus, there was no basis to withhold the production of the balance of the document. Indeed, during argument, the Trust specifically asked that the Court review the complete memorandum to determine whether there was "anything in the complete memo that wasn't already revealed in the Executive Summary but just with more detail." Nov. 4, 2020 Hr'g Tr. at 21:23-22:1. Later in the hearing, the Court requested, and YPF consented to provide, the complete memorandum for review *in camera*. Initially, YPF took the position that the Court had only requested, and that YPF had only agreed to provide, the Executive Summary and Jazz 2013 Memo. In an email to the Parties on November 12, 2020 the Court then directed that YPF provide the "complete memo," which YPF then did. From the face of the February Opinion, it appears

---

[1] *See* Order [Case No. 16-11501-CSS, D.I. 2338]; Opinion [Adv. Pro. 18-50489, D.I. 227].

919 N. MARKET STREET, 12TH FLOOR, WILMINGTON, DE 19801
PHONE: (302) 777–0300·FAX: (302) 777–0301·WWW.FARNANLAW.COM

clear to the Trust that the Court then reviewed YPF's *in camera* submission and found that the complete memo was no longer privileged in light of Mr. Tobar's having received the substance of the advice as a director of Maxus when he received the Executive Summary. There is no doubt that the Court directed production of what it reviewed *in camera*. During this morning's meet and confer, YPF seemed to contend that the Court had erred in directing production because Mr. Tobar had never actually received the complete memorandum. In the Trust's view, it is not appropriate for YPF to raise a contention of error in connection with the settlement of an order by essentially seeking to memorialize a ruling that they had hoped the Court would provide, but did not. Accordingly, in the attached proposed order, the second decretal paragraph specifically requires that YPF produce to the Trust the documents it provided to the Court for *in camera* review, including the complete memorandum, within three business days.

***Second***, there is a dispute over the extent to which YPF can, whether directly or indirectly, prepare witnesses who were former employees of the Debtors to give deposition testimony (or to decline to answer deposition questions) regarding their former employment with the Debtors, and then seek to shield those preparatory communications with the witness on the basis of attorney-client privilege. From YPF's proposed form of order and this morning's meet and confer, it appears that YPF seeks to preserve the right for it to arrange for "independent counsel" for each of the former-employee witnesses, and then to provide non-privileged direction to the witness via the conduit of independent counsel, which could then be shielded by the independent counsel. In the Trust's view, this proposal would circumvent the clear purpose of the Court's holding on this issue. Accordingly, the Trust's proposed form of order, in the fourth decretal paragraph, attempts to resolve the dispute by simply paraphrasing the Court's holding in the February Opinion (at page four), which is clear and unambiguous on its face.

Finally, as alluded to above, the Parties initially disagreed on the wording of decretal paragraph five. In order to avoid unnecessary disputes, the Trust's proposed form of order simply accepts YPF's proposal from its February 18 draft order, which only requires that YPF make Mr. Segovia available for deposition, it being understood that the Parties will find an agreeable time for the deposition in connection with rescheduling of depositions generally.

In light of the foregoing, the Trust respectfully requests that the Court enter the attached proposed form of order. We are available at the Court's convenience should a conference be necessary or convenient.

Respectfully submitted,

/s/ Michael J. Farnan

Michael J. Farnan

Cc: Counsel of Record (Via E-Filing)