IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MAXUS ENERGY CORPORATION, et al.<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 16-11501 (CSS)<br>(Jointly Administered) |
| MAXUS LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>YPF S.A., YPF INTERNATIONAL S.A., YPF HOLDINGS, INC., CLH HOLDINGS, INC., REPSOL, S.A., REPSOL EXPLORACIÓN, S.A., REPSOL USA HOLDINGS CORP., REPSOL E&P USA, INC., REPSOL OFFSHORE E&P USA, INC., REPSOL E&P T&T LIMITED, and REPSOL SERVICES CO.,<br><br>Defendants. | Adv. Proc. No. 18-50489 (CSS) |

**ORDER REGARDING THE COURT'S FEBRUARY 8, 2021 OPINION AND ORDER**

WHEREAS, various disputes arose among YPF S.A., YPF International S.A., YPF Holdings, Inc., and CLH Holdings, Inc. (collectively, "YPF") on the one hand and the Maxus Liquidating Trust ("Trust" and with YPF, the "Parties") on the other, regarding certain assertions of privilege by YPF over (1) documents that YPF produced, but sought to claw back pursuant to letter requests dated October 7, 8 and 13, 2020 (the "Clawback Requests"), and one additional

---

[1] The Debtors in the above-captioned Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Maxus Energy Corporation (1531), Tierra Solutions, Inc. (0498), Maxus International Energy Company (7260), Maxus (U.S.) Exploration Company (2439), and Gateway Coal Company (7425). The address of each of the Debtors is 10333 Richmond Avenue, Suite 1050, Houston, Texas 77042.

document related to such documents (the "complete memo," as defined below), and (2) pre-deposition discussions between a witness and his counsel regarding the witness's former employment with the Debtors;

WHEREAS, being unable to resolve their disputes consensually, the Parties submitted the disputes for resolution by the Court by letter submissions;

WHEREAS, the Court held a hearing on November 4, 2020, and heard oral argument from the Parties regarding the aforesaid disputes;

WHEREAS, YPF consented to have the Court review, *in camera*, the complete memorandum referenced in the Parties' letter submissions;

WHEREAS, YPF initially submitted for *in camera* review only the Executive Summary and Jazz 2013 Memo, as defined in the February Opinion (defined within), and, following further direction from the Court that YPF produce the "complete memo," YPF produced a complete memorandum for review *in camera*;

WHEREAS, the Court reviewed, *in camera*, such complete memorandum for purposes of determining whether any or all of that document was or remained privileged;

WHEREAS, the Court issued an Opinion on February 8, 2021 [Adv. D.I. 233] (the "February Opinion"), resolving the aforesaid disputes;

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Clawback Requests are denied, and the Trust shall retain, and may use any document subject to the Clawback Requests for any appropriate purpose as set forth in the *Confidentiality and Discovery Agreement and Protective Order* entered by the Court on November 7, 2019 [Adv. D.I. 209], including the Executive Summary

and Jazz 2013 Memo, as defined in the February Opinion.

2. YPF shall update or amend any applicable privilege log, within ten business days of entry of this order, to reflect and comport with the Court's holdings as set forth in the February Opinion.

3. YPF shall not prevent or seek to prevent any former employee of any Debtor from testifying as to any matter related to his or her employment by such Debtor. Nor shall counsel for YPF shield or seek to shield any witness's deposition preparation by counsel for YPF related to his or her employment by any Debtor. For the avoidance of doubt, in the event any former employee of any Debtor is represented by a lawyer who is not YPF's counsel, any such lawyer is not prohibited from instructing such employee or former employee of any Debtor not to answer a deposition question on the basis of any applicable privilege regarding the preparation of such a witness for his or her deposition to the extent otherwise permitted under applicable law.

4. The Trust shall be permitted to depose Mr. Roberto Fernando Segovia for two additional hours.

IT IS SO ORDERED.

Dated: February 21, 2021

Wilmington, Delaware

_____
The Honorable Christopher S. Sontchi
Chief United States Bankruptcy Judge