

March 5, 2021

**VIA E-FILING**
The Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 Market Street
Wilmington, Delaware 19801

**Re:** *Maxus Liquidating Trust v. YPF S.A., et al.*, Adv. No. 18-50489 (*In re Maxus Energy Corp., et al.*, No. 16-11501)

Dear Judge Sontchi:

  We write in reference to the above captioned adversary proceeding to request clarification of the Court's February 8, 2021 opinion [D.I. 333] (the "February Opinion") resolving certain discovery disputes raised by the Maxus Liquidating Trust in its October 14, 2020 letter motion [D.I. 275] ("Motion").

  In the Motion, the Trust requested that the Court find that, by providing the Executive Summary to the Complete Memo to directors of the Debtors, YPF had effected a subject-matter waiver over the Complete Memo.[1] The Trust supported that argument with numerous citations to authority standing for the proposition that disclosure of key portions of a privileged document, such as the conclusions or executive summary of a longer document, waive privilege as to the entire document. *Id.* at 9-10. The Trust reiterated that request during the hearing on the Motion. *See* Nov. 4, 2020 Hr'g Tr. at 19:2-22:16. In their opposition to the Motion [D.I. 283] ("Opposition"), the YPF Defendants did not controvert the general proposition on which the Trust's subject-matter waiver rests, but rather contended that the proposition did not apply because Mr. Tobar was only a director, but not yet CFO, of Maxus when he received the Executive Summary. The Opposition did not identify any legal authority contrary to the authorities cited in the Motion, and counsel for the YPF Defendants chose not to address the subject-matter waiver issue during argument. *See* Nov. 4, 2020 Hr'g Tr. at 50:5-51:21.

  The February Opinion does not address the subject-matter waiver point, and the subsequent order that the Court entered does not specify whether the Complete Memo is privileged, or must be produced to the Trust. When the issue arose during the recent March 2 status conference, the Court informed the parties that it had not yet decided the issue, and that the February Opinion did not resolve, one way or the other, the subject-matter waiver claim. March 2, 2021 Hr'g Tr. at 10:6-22. The Court therefore directed the parties to determine an appropriate course of supplemental letter briefing on the issue, either simultaneous or in turn, as would be most convenient for the parties.

  The parties met and conferred on March 4, 2021. The Trust proposed that the parties simply submit a joint letter requesting clarification of the February Opinion. Counsel for the YPF

---

[1] Capitalized terms are used as defined in the February Opinion.

919 N. MARKET STREET, 12TH FLOOR, WILMINGTON, DE 19801
PHONE: (302) 777-0300 · FAX: (302) 777-0301 · WWW.FARNANLAW.COM

Defendants, however, refused and expressed an intent to provide the Court with additional arguments and additional authorities regarding the subject-matter waiver issue that they never raised in connection with the Motion.

At this time, from the Trust's perspective, the subject-matter waiver issue has been fully briefed, argued, and submitted to the Court, and is now ripe for this Court's determination. The Trust therefore objects to any attempt by the YPF Defendants to reopen the issue. To the extent, however, that the YPF Defendants do cite new authorities and do make new arguments, the Trust reserves the right to respond should the Court allow the YPF Defendants to supplement their prior briefing.

We thank the Court in advance for its attention to this matter.

Respectfully submitted,

/s/ Michael J. Farnan

Michael J. Farnan

cc: Counsel of Record (Via E-Filing)