

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

+1 212 839 7336
JKUSTER@SIDLEY.COM

AMERICA • ASIA PACIFIC • EUROPE

March 9, 2021

**By ECF**

The Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, DE 19801

  Re: *Maxus Liquidating Trust v. YPF S.A., et al.*, Adv. Pro. 18-50489 (Bankr. D. Del.)

Dear Judge Sontchi:

  We, together with Cleary Gottlieb Steen & Hamilton LLP, represent YPF S.A. ("YPF"), YPF International S.A., YPF Holdings, Inc., and CLH Holdings, Inc. (collectively, the "YPF Defendants") in the proceeding referenced above.

  At the Court's status conference on YPF's disqualification motion held on March 2, 2021 (the "March 2 Conference"), the Trust requested that the Court reconsider its February 8, 2021 *Opinion* (Adv. Dkt. 333) (the "Opinion") and corresponding February 21, 2021 *Order* (Adv. Dkt. 340) (the "Order"). Specifically, the Trust requested that the Court revise the Order to require production of the privileged memorandum, dated September 4, 2012, prepared by YPF's outside counsel Chadbourne & Parke LLP ("Chadbourne") and addressed to YPF officers Rodrigo Cuesta, Eduardo Pigretti, and Mariano José Oteiza (the "2012 Chadbourne Memo"), which neither the Opinion nor the Order required to be produced.

  The Trust does not, because it cannot, dispute that the 2012 Chadbourne Memo constitutes privileged legal advice to the YPF Defendants, including YPF. And, unlike the Clawback Documents addressed in the Opinion and Order, none of the "dual-hat" individuals ever received the 2012 Chadbourne Memo, which was addressed solely to officers of YPF who had no role with Maxus. The Trust, however, asserts that because *other* documents were disclosed to dual-hat directors—including a separate "Executive Summary" of the 2012 Chadbourne Memo in Spanish, but not the memo itself—YPF somehow effected a "subject matter waiver" over the full 2012 Chadbourne Memo requiring it to be produced in this case.

  At the March 2 Conference, the Court explained that it did not consider this issue to have been resolved by the Order. Accordingly, Your Honor explained that, in these circumstances, the "best way to deal with this would probably be supplemental letter briefing." (Mar. 2 Conf. Tr. at 10).

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

The Honorable Christopher S. Sontchi
March 9, 2021
Page 2

On March 5, 2021, the Trust submitted its letter to the Court (Dkt. 355 at 2), in which it contended that the issue has been "fully briefed, argued and submitted to the Court" and, despite the Court's comment at the March 2 Conference, "object[ed] to any attempt by the YPF Defendants" to address the issue in its own supplemental letter.  Despite its "objection," the Trust nevertheless took the opportunity to make new arguments in its letter, including that the YPF Defendants somehow "did not controvert the general proposition on which the Trust's subject-matter waiver rests."  (*Id.* at 1).

The Trust is wrong on that score.  As the Trust's letter ignores, the YPF Defendants explained in their October 23 Letter (Dkt. 283 at 17-18) and at oral argument (*see, e.g.,* Nov. 4, 2020 Hr'g Tr. at 45:17-46:16, 48:14:-49:10; 50:5-18, 61:22-62:2) why the full 2012 Chadbourne Memo should remain protected under applicable case law.  In any event, as the YPF Defendants have explained, the Trust's subject matter waiver argument is meritless.

As a preliminary matter, the Trust's primary argument is that disclosure of the Executive Summary to Mr. García Tobar waived YPF's privilege as to that document because he was then on the board of Maxus, in addition to being an employee of YPF.  The YPF Defendants have sought leave to appeal that ruling to the District Court.  If it is reversed, then the Trust's request for the 2012 Chadbourne Memo would have to be denied.

But even if the Court's Order is not reversed, disclosure of the Executive Summary to Mr. García Tobar does not entitle the Trust to the full 2012 Chadbourne Memo.  As the Court held in its June 23, 2020 Opinion ("June 23 Opinion") rejecting the YPF Defendants' argument that the Trust itself had waived the privilege over the MoFo Report by excerpting the conclusions of that report in its Complaint,[1] "the so-called 'rule of partial disclosure' limits the waiver to the subject matter of the disclosed communication.  The exact extent of the disclosure is guided by the purposes behind the rule:  fairness and discouraging use of the attorney-client privilege as a litigation weapon."  (Dkt. 227, at 21 (*citing Citadel Holding Corp. v. Roven*, 603 A.2d 818, 825 (Del. 1992) (holding that rule of partial disclosure did not require full disclosure of privileged documents)).  Indeed, in *Interfaith Housing Del., Inc. v. Town of Georgetown,* 841 F. Supp. 1393, 1398-99 (D. Del. 1994) – a case discussed in the June 23 Opinion – the court held that despite a claim that the defendant waived "a substantial part" of a privileged communication, it did not mean there was a subject matter waiver as to all of it.  Moreover, courts have observed that "the 'loss of the attorney-client privilege in a high-stakes, hard-fought litigation is a severe sanction and can lead to serious prejudice,'" and in close cases courts should be "hesitant" to find waiver.  *West Penn Allegheny Health System, Inc. v. UPMC,* No. 12-cv-0692, 2013 WL 12141531, at *7 (W.D. Pa. Feb. 9, 2013) (cited in YPF Defendants' letter, Dkt 283 at 17).

The record in this case does not support a finding of subject matter waiver with respect to the 2012 Chadbourne Memo.  First, there is *no dispute* that the full 2012 Chadbourne Memo was only received by employees of YPF and it was *never* sent to anyone employed by or a director of

---

[1] In its publicly filed Complaint against the YPF Defendants, the Trust cited conclusions from a report by outside counsel to Maxus's Independent Directors, Morrison & Forester LLP (the "MoFo Report"), issued after its investigation of potential claims by Maxus against the YPF Defendants.  *See* Dkt. 2030 at ¶¶ 202-205.

The Honorable Christopher S. Sontchi
March 9, 2021
Page 3

any of the Debtors. (*See, e.g.,* Adv. Dkt. 283 at 5, 7-14, 18, and Adv. Dkt. 280-1 at 100-03). Second, the YPF Defendants have not affirmatively used the 2012 Chadbourne Memo – nor the Executive Summary for that matter – in any aspect of this case, unlike the Trust which publicly used the MoFo Report's conclusions in its Complaint. Finally, since *no Maxus witness* of any kind had access to the 2012 Chadbourne Memo, and thus could not have relied upon or used it, there will be no unfairness to the Trust if the full 2012 Chadbourne Memo remains privileged. Indeed, even the Executive Summary was shared only with Mr. García Tobar because of his role at YPF, and was never further disseminated inside Maxus, or shared with the public, or used offensively in this (or any other) litigation.

The cases upon which the Trust relied for the proposition that disclosure of an executive summary waives privilege as to the full memorandum (Dkt. 275 at 10) are therefore inapposite. In those cases, the executive summaries at issue were disclosed widely and/or to the public, for example in an attempt to exonerate a client, reflecting a clear intent to affirmatively use the summary to the client's advantage, thereby waiving the privilege. Those circumstances are not present here. Notably, unlike in the cases it relies upon, the Trust has not articulated any unfairness flowing from the fact that the full memo remains privileged. There is none. On the contrary, the only unfairness here would be if YPF were compelled to produce the full 2012 Chadbourne Memo under these circumstances.

For all of these reasons, and those stated in their prior submission and at oral argument, the YPF Defendants respectfully submit that as a matter of both law and fairness, the full 2012 Chadbourne Memo must remain privileged.

> Respectfully submitted,
>
> */s/ John J. Kuster*
>
> John J. Kuster

cc: Counsel of record (via ECF)