

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 212 839 7336
JKUSTER@SIDLEY.COM

March 18, 2021

**By ECF**

The Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, DE 19801

      Re:    <u>Maxus Liquidating Trust v. YPF S.A., et al.</u>, Adv. Pro. 18-50489 (Bankr. D. Del.)

Dear Judge Sontchi:

      We, together with Cleary Gottlieb Steen & Hamilton LLP, represent YPF S.A., YPF International S.A., YPF Holdings, Inc., and CLH Holdings, Inc. (collectively, the "<u>YPF Defendants</u>") in the proceeding referenced above and write to respectfully request that the Court enter the form of order attached herewith as Exhibit A, which follows the Court's March 11, 2021 Opinion ("<u>Opinion</u>") (Adv. Dkt. 333.)

      Despite the YPF Defendants' good faith effort to reach agreement with the Maxus Liquidating Trust (the "<u>Trust</u>") concerning the form of a consensual order, the Trust's proposed order requires the production of the Memorandum (as defined in the Opinion) within two days of the Court's issuance of the order. Respectfully, the YPF Defendants do not agree that the Memorandum should be produced at that time. Both the YPF Defendants and the Trust have mutually agreed to stay *all* discovery pending resolution of the YPF Defendants' Motion to Disqualify White & Case LLP as Counsel for the Maxus Liquidating Trust (Adv. Dkt. 306) (the "<u>Disqualification Motion</u>"). Accordingly, the YPF Defendants have no need to ask for a stay at this time, as the parties have already agreed to one. The YPF Defendants' proposed form of order would require production of the Memorandum promptly after that stay is lifted. While the Trust has taken the position that production of the Memorandum is required now, notwithstanding the stay, because it would not be "burdensome," the stay applies to all discovery, not just "burdensome" discovery. Moreover, given that the parties have agreed that depositions will not commence until the Disqualification Motion is resolved, there is no reason why the Trust needs the Memorandum presently, and thus no good cause to permit an exception to the discovery stay for purposes of the Memorandum.

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

The Honorable Christopher S. Sontchi
March 18, 2021
Page 2

      The YPF Defendants' proposed Order provides that the Memorandum be produced three days after the current stay is lifted. Waiting until that time will not prejudice the Trust in any way.

                                      Respectfully submitted,

                                      */s/ John J. Kuster*

                                      John J. Kuster

cc: Counsel of record (via ECF)