## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MAXUS ENERGY CORPORATION, <u>et al</u>. | Case No. 16-11501 (CSS) |
| Debtors.[1] | (Jointly Administered) |

| | |
|---|---|
| MAXUS LIQUIDATING TRUST, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 18-50489 (CSS) |
| YPF S.A., YPF INTERNATIONAL S.A., YPF HOLDINGS, INC., CLH HOLDINGS, INC., REPSOL, S.A., REPSOL EXPLORACIÓN, S.A., REPSOL USA HOLDINGS CORP., REPSOL E&P USA, INC., REPSOL OFFSHORE E&P USA, INC., REPSOL E&P T&T LIMITED, and REPSOL SERVICES CO., | |
| Defendants. | |

### <u>ORDER REGARDING THE COURT'S MARCH 11, 2021 OPINION</u>

WHEREAS, a dispute arose among YPF S.A., YPF International S.A., YPF Holdings, Inc.,

and CLH Holdings, Inc. (collectively, "YPF") on the one hand and the Maxus Liquidating Trust

("Trust" and with YPF, the "Parties") on the other, regarding YPF's assertions of privilege over a

certain Memorandum (as defined in the March 11 Opinion, defined within);

---

[1] The Debtors in the above-captioned Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Maxus Energy Corporation (1531), Tierra Solutions, Inc. (0498), Maxus International Energy Company (7260), Maxus (U.S.) Exploration Company (2439), and Gateway Coal Company (7425).  The address of each of the Debtors is 10333 Richmond Avenue, Suite 1050, Houston, Texas 77042.

WHEREAS, being unable to resolve consensually their dispute regarding the Memorandum, the Parties submitted the dispute to resolution by the Court by letter submissions [Adv. D.I. 275, 282, 355, 363];

WHEREAS, the Trust argued that by providing an Executive Summary (as defined in the March 11 Opinion) of the Memorandum to a YPF executive who also served as a director of the Debtors, YPF effected a subject-matter waiver over the entire Memorandum [Adv. D.I. 275, 355];

WHEREAS, YPF argued that requiring production of the Memorandum is premature in light of YPF's pending motion for interlocutory appeal of the Court's decision requiring production of the Executive Summary and contrary to law because there was no subject matter waiver and there is no unfairness to the Trust if the Memorandum remains privileged insofar as YPF never used the Executive Summary or the Memorandum in this proceeding and never disclosed the Memorandum to anyone outside of YPF [Adv. D.I. 282, 363];

WHEREAS, the Court reviewed the Memorandum *in camera* for purposes of determining whether YPF could withhold the Memorandum on the basis of privilege;

WHEREAS, the Court issued an Opinion on March 11, 2021 [Adv. D.I. 366] ("March 11 Opinion"), holding that Memorandum cannot be withheld from the Trust on the basis of privilege, and requiring that YPF produce the Memorandum;

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Consistent with the March 11 Opinion, YPF shall produce to the Trust, within two business days of entry of this order, a true and correct copy the Memorandum as submitted to the Court for review *in camera*, including all appendices thereto;

2. YPF shall update or amend any applicable privilege log, within ten business days

of entry of this order, to reflect and comport with the Court's holdings as set forth

in the March 11 Opinion.

**Dated: March 18th, 2021**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**