

April 19, 2021

**VIA E-FILING**
The Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 Market Street
Wilmington, Delaware 19801

Re:   *Maxus Liquidating Trust v. YPF S.A., et al.*, Adv. No. 18-50489 (*In re Maxus Energy Corp., et al.*, No. 16-11501)

Dear Judge Sontchi:

We write in reference to the above-captioned adversary proceeding and the Court's Opinion and Order denying the YPF Defendants' motion to disqualify White & Case, LLP from representing the Trust in this matter, dated April 6, 2021 [D.I. 389, 390] ("Order"). Further to the Court's direction in the Order that the Parties should seek to submit an agreed revised scheduling order by April 16, 2021, the Trust sent a proposed Amended Scheduling Order on Tuesday, April 13, 2021. The Defendants circulated a counter-proposal on Thursday, April 15, 2021, and the Trust sent an amended counter-proposal on Friday, April 16, 2021. The parties met and conferred again this morning and exchanged further proposals for an agreed amended order, but have been unable to reach consensus. The Trust has therefore submitted its own proposed amended scheduling order as the Order directs.

Under the existing Amended Case Management Plan and Scheduling Order dated July 22, 2020 [D.I. 230] ("Scheduling Order"), which the Parties negotiated following the Court's issuance of the June 23 Order (as defined in the Scheduling Order) resolving certain discovery disputes, the Parties would be submitting opening dispositive motions less than a month from today. Instead, and as a direct result of the YPF Defendants' elections (1) to seek to claw back certain documents produced pursuant to the June 23 Order, and to refuse to produce related documents, (2) to seek to shield non-privileged conversations with former employees of the Debtors, and (3) to seek to disqualify White & Case, LLP as counsel to the Trust, this matter is now roughly six months behind the schedule envisioned by the Scheduling Order. Further, the YPF Defendants, for their part, seem to be setting the table for further delay, as they have generally ignored the Trust's repeated requests, during the *de facto* six-month adjournment, to provide scheduling availability of the remaining witnesses who remain employees of YPF (and who comprise the bulk of the Trust's remaining intended depositions).

Accordingly, the schedule the Trust proposes today seeks to expedite the remaining proceedings and to avoid further delay in resolving this action. (We note in particular that although the Court suggested, during the March 2, 2021 status conference, that the Parties involve a mediator at the close of discovery, the Trust's proposed schedule requires the Parties to involve a mediator six weeks before the close of fact discovery, so as to balance the hope for a consensual resolution of this matter with the need to litigate it quickly.) Presumably, both groups of Defendants have been continuing their work on the merits during the recent motion practice, as

the Trust has been, such that compression of the time-table reflected in the existing Scheduling Order should not prejudice any Party.

                                              Respectfully submitted,

                                              /s/ Michael J. Farnan

                                              Michael J. Farnan

cc: Counsel of Record (Via E-Filing)