**Weil, Gotshal & Manges LLP**

1395 Brickell Avenue, Suite 1200
Miami, FL 33131-3368
+1 305 577 3100 tel
+1 305 374 7159 fax

**Edward Soto**
+1 (305) 577-3177
edward.soto@weil.com

April 19, 2021

<u>By ECF</u>

The Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, DE 19801

Re:  *Maxus Liquidating Trust v. YPF S.A., et al.*, Adv. Pro. 18-50489 (Bankr. D. Del.)

Dear Judge Sontchi,

  Together with counsel for YPF S.A., YPF International S.A., YPF Holdings, Inc. and CLH Holdings, Inc. (collectively, "YPF"), we write on behalf of defendants Repsol, S.A., Repsol Exploración, S.A., Repsol USA Holdings Corp., Repsol E&P USA, Inc., Repsol Offshore E&P USA, Inc., Repsol E&P T&T Limited and Repsol Services Co. (collectively "Repsol" and together with YPF, "Defendants") to present Defendants' Proposed Third Amended Case Management Plan and Scheduling Order.

  As Your Honor is aware, the Amended Case Management Plan and Scheduling Order (the "Amended Scheduling Order") that was entered by the Court on July 22, 2020 reflected the parties' and the Court's agreement to an aggressive, but achievable, one year and six day period for the parties to commence and complete 30 fact depositions, exchange three rounds of reports from multiple experts, conduct expert depositions, and undertake the briefing of dispositive motions leading to a pre-trial conference with the Court on July 28, 2021.  We all contemplated that it would require substantial efforts by all parties to accomplish these tasks within a year consistent with due process and in order to maintain the integrity of these proceedings, particularly in a case with billions of dollars at stake, and the parties were committed to undertaking such efforts to do so. This was made all the more difficult by an unprecedented worldwide pandemic.

  Unfortunately, just as depositions began, the schedule was stayed when the "dual hat" dispute arose between YPF and plaintiff Maxus Liquidating Trust (the "Trust" or "Plaintiff"), and Plaintiff requested depositions cease pending resolution. *Critically, YPF proposed that the depositions of witnesses unaffected by the dual hat disagreement proceed, but Plaintiff was unwilling to do so, and thus*

The Honorable Christopher S. Sontchi  
April 19, 2021  
Page 2

**Weil, Gotshal & Manges LLP**

*all depositions were stayed* pending the Court's recent resolution of the dual hat and disqualification issues.

As the Court has now directed the parties to agree to a new scheduling order, or submit their own proposals by today, Defendants suggested to Plaintiff's counsel that the time periods set forth in the Amended Scheduling Order that had been previously negotiated and adopted by the Court be maintained, with the sole adjustments being to accommodate religious and secular holidays that now fall between different deadlines than in the Amended Scheduling Order. As an accommodation to Plaintiff, Defendants are prepared to commence the deposition period 14 days from today (Monday, May 3), rather than the 41 days contemplated by the Amended Scheduling Order (from July 22 to September 1, 2020), shaving a month off the Amended Scheduling Order. Defendants thus believe it appropriate to mirror the ten months and four week overall schedule from the date of the commencement of depositions to the date of the pre-trial conference, an extraordinarily short time frame in a multi-billion case for the parties to schedule and complete all fact depositions, expert discovery, and summary judgment briefing.

In contrast to Defendants maintaining the structure and time frames of the Amended Scheduling Order, Plaintiff advised us just a few hours ago that it would propose a schedule that radically departs from anything previously agreed to by the parties, approved by the Court, or even discussed with Defendants. Not only that, but after the parties had consistently exchanged proposed modifications *solely* to the deadlines in the Amended Scheduling Order, the Trust advised us for the first time this afternoon that it would propose significant changes not merely to the deadlines, but to the procedures themselves. Most egregiously, despite its inclusion in *every* scheduling order previously entered by this Court, and *every* proposal the parties exchanged and discussed until this afternoon, the Trust now slips into its proposed scheduling order the deletion of the parties' right to submit "expert rebuttal or reply reports in response to the rebuttal or initial reports previously exchanged by the Parties" (paragraph 3(c)(iv) in the Amended Scheduling Order) without articulating any basis for it. This would mean that if, for example, the Trust offers an initial expert report on a subject on which it does not have the burden of proof (paragraph 3(c)(iii) in the Amended Scheduling Order), *Defendants would no longer have the right to offer an expert report on that subject*. This is a drastic and highly prejudicial modification from all prior schedules.

Equally troubling, Plaintiff's submission inexplicably rejects the time periods set forth in the Amended Scheduling Order. For example, Plaintiff proposes that 4 ½ months for the fact depositions of 30 witnesses—the vast majority of whom are former employees of the parties or Maxus and/or represented by non-party counsel, thus making logistics far more complicated than the ordinary case— now be shortened to a mere 2 ½ months, even though just one full deposition has taken place under the

The Honorable Christopher S. Sontchi  
April 19, 2021  
Page 3

**Weil, Gotshal & Manges LLP**

Amended Scheduling Order.[1]  Even worse, while the parties previously had 41 days under the Amended Scheduling Order to reach out to such witnesses in an effort to get their deposition scheduled on a day that worked for them as well as all three parties to this action, they would only have two weeks from today to do the same.  And any notion that such steps should have been undertaken with no certainty as to when all of the disputes between YPF and the Trust would be resolved such that fact depositions would resume should be rejected.

This is unheard of in a case of this magnitude absent a need for emergency relief.  Without explanation, the Trust also seeks to shorten drastically nearly all subsequent deadlines in the Amended Scheduling Order, with the result being that religious and other holidays would be disregarded, and unrealistic deadlines set that will in all likelihood require the parties to return to the Court for further amendment.  And it does so in a way that unilaterally favors the Trust – for example, *the Trust proposes that Defendants be afforded one week from the close of expert discovery to prepare and file summary judgment motions, while the Trust then would have a full five weeks for its opposition*.  The inevitable result of such a schedule is to force the Defendants to further front-load drafting substantial summary judgment motions in this complex case, before expert depositions have even begun, resulting in yet additional undue prejudice on top of an already accelerated schedule proposed by the Trust to that point.

We are unaware of any basis for the Trust's radical rejection of the Amended Scheduling Order timelines other than that Plaintiff wants this case to go faster in a way that prejudices the Defendants.  Unlike expedited proceedings in advance of a contested confirmation, there is obviously no impact on a plan of reorganization here that would justify accelerating the schedule that the parties and the Court previously accepted, and the amount in controversy and the legal and factual complexity of the dispute (as can be seen from Plaintiff's 130-page Complaint and the 400+ pages of motion to dismiss briefing) does not warrant cutting corners or imposing undue hardships just because Plaintiff's counsel wishes the Amended Scheduling Order entered by the Court had been significantly shorter.

The only explanation ever provided to us for the even more accelerated schedule is that the depositions were delayed, but such delay had nothing to do with Repsol. Those delays were caused by disputes between Plaintiff and YPF related to YPF's clawback of certain documents, the dual hat dispute, and the motion to disqualify.  While Defendants note that it was *Plaintiff's* decision not to proceed after YPF offered to proceed with the non-dual hat witnesses (most of the deponents), Plaintiff offers no explanation for the severe prejudice the Trust attempts to inflict upon defendant Repsol, which had no involvement in any of those disputes, with its significant alterations to the Amended Scheduling Order.  Repsol was also prepared to produce its witnesses for deposition had Plaintiff not halted them and believes that the timelines therein should continue to govern this case as nothing has happened to necessitate changing them.

---

[1] Defendants also must contend with additional COVID-19 lockdowns in Argentina and Spain, increasing the logistical challenges.

The Honorable Christopher S. Sontchi　　　　　　　　　　　　　　　　　**Weil, Gotshal & Manges LLP**
April 19, 2021
Page 4

Accordingly, and working within the *exact* timeframe contained in the Amended Scheduling Order of ten months and four weeks from the start of depositions (May 3, 2021) to the pre-trial conference (March 31, 2022), Defendants propose the following schedule, which is reflected in the attached Proposed Third Amended Case Management Plan and Scheduling Order:

- Fact depositions may begin:  May 3, 2021

- Joint selection of a mediator and agreed-upon format and schedule for mediation:  July 16, 2021

- Fact discovery shall be complete:  August 16, 2021 (3.5 months)

- Designation of initial expert witnesses:  August 16, 2021

- Exchange of initial expert reports:  September 20, 2021 (5 weeks, during which Labor Day, Rosh Hashanah and Yom Kippur fall, all on weekdays)

- Exchange of rebuttal expert reports:  November 1, 2021 (6 weeks)

- Exchange of reply expert reports:  November 24, 2021 (3 weeks, and two additional days to account for a holiday in Argentina)

- Completion of expert depositions:  December 17, 2021 (3 weeks and 2 days, during which Thanksgiving falls)

- Dispositive motions:  January 21, 2022 (5 weeks, during which Christmas, New Year's Eve and Day and Martin Luther King Day fall)

- Dispositive motion oppositions:  March 4, 2022 (6 weeks)

- Dispositive motion replies:  March 25, 2022 (3 weeks)

- Pre-trial conference:  March 31, 2022 (6 days)

Virtually all of the time periods from the Amended Scheduling Order have been preserved, with the primary exception being that the period for the completion of fact depositions (which had been expected to straddle Rosh Hashanah, Yom Kippur, and the Labor Day, Thanksgiving, Christmas, and New Year's holidays in the Amended Scheduling Order) has been shortened in order to add a comparable amount of time to those periods that now fall during these holidays, including the Jewish high holidays which fall entirely on mid-week days in early September this year.  We were troubled to see no accommodation from Plaintiff's counsel even after we pointed this out.

The Honorable Christopher S. Sontchi
April 19, 2021
Page 5

**Weil, Gotshal & Manges LLP**

      Should the Court prefer to encourage further efforts by the parties to reach agreement rather than adopt specific dates at this time, we believe that Your Honor's directive that the new scheduling order should reflect the same amount of time in the aggregate as the Amended Scheduling Order would provide the parties with sufficient guidance to reach agreement themselves on all of the interim dates. We thought this would be common ground from the outset and were surprised that the Trust had such a radically different perspective and disregard for the long agreed-upon structural roadmap for discovery itself.

Respectfully submitted,

*/s/ Edward Soto*
Edward Soto