# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MAXUS ENERGY CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 16-11501 (CSS)<br>(Jointly Administered) |
| MAXUS LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>YPF S.A., YPF INTERNATIONAL S.A., YPF HOLDINGS, INC., CLH HOLDINGS, INC., REPSOL, S.A., REPSOL EXPLORACION, S.A., REPSOL USA HOLDINGS CORP., REPSOL E&P USA, INC., REPSOL OFFSHORE E&P USA, INC., REPSOL E&P T&T LIMITED, and REPSOL SERVICES CO.,<br><br>Defendants. | Adversary Proceeding No. 18-50489 (CSS) |

**PLAINTIFF'S OPPOSITION TO YPF DEFENDANTS' MOTION FOR CERTIFICATION OF DIRECT APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT PURSUANT TO 28 U.S.C. § 158(d)(2)**

Joseph J. Farnan, Jr., the Liquidating Trustee for the Maxus Liquidating Trust ("Trust"), by and through his undersigned counsel, respectfully submits this brief in opposition to the *YPF Defendants' Motion for Certification of Direct Appeal to the United States Court of Appeals for the Third Circuit Pursuant to 28 U.S.C. § 158(d)(2)*, dated April 20, 2021 [D.I. 399] ("Motion" or "Mot."), by which the YPF Defendants request leave to appeal the Court's denial of their *Motion to Disqualify White & Case LLP as Counsel for the Maxus Liquidating Trust*, dated December 19, 2020 [D.I. 306] ("Disqualification Motion") directly to the United States Court of Appeals for the Third Circuit. As set forth in greater detail herein, the Court should deny the Motion.

1. This Court convened a full-day evidentiary hearing on the Disqualification Motion on April 1, 2021, and issued its opinion and order denying that Motion on April 6, 2021 [D.I. 389, 390] (the "Order"). That same day, YPF issued a statement in the press that it "strongly disagree[s] with, and [is] disappointed by, the Court's decision denying [its] motion," continuing its pattern of attempting to litigate this proceeding in the press. *See* Law630, "YPF Loses 'Shabby' Bid to DQ White & Case In Maxus Suit," Apr. 6, 2021 (available at: https://www.law360.com/delaware/articles/1372596/ypf-loses-shabby-bid-to-dq-white-case-in-maxus-suit).

2. On April 21, 2021, the YPF Defendants then filed a motion for leave to appeal the Order, their fourth application to the District Court for extraordinary relief from an order of this Court [Case No. 1:21-mc-00144, D.I. 1] (the "DQ Leave Application"). In the DQ Leave Application, in addition to challenging the legal merits of the Order, the YPF Defendants criticize this Court for expediting its issuance of the Order (over Easter Weekend), even though the Court had reviewed the papers weeks before the hearing and had announced at the hearing that it would resolve the Disqualification Motion quickly given its significant consequence to the conduct of this action. *See* April 1, 2021 Hr'g Tr. 170:14-171:12 (The Court: "[I]t's important to get it done quickly because, one way or the other, either White & Case is disqualified and the [T]rust needs to get busy finding another law firm, or White & Case isn't disqualified and we need to [get] this case, this litigation back on track.").

3. Without any apparent sense of irony, by the Motion the YPF Defendants now request that this Court exercise its discretion to certify the Order for direct appeal to the Third Circuit. This Court previously addressed a nearly identical procedural posture in *Simon & Schuster, Inc. v. Advanced Marketing Services, Inc.*, which addressed a nearly identical procedural

posture. There, this Court deferred resolution of a motion to certify filed contemporaneously with a motion for leave to appeal filed in the District Court:

> [T]he most sensible use of judicial resources and the course of action most consistent with the hierarchy governing our Federal court system are for this Court to defer to the District Court and to refrain from deciding the Request for Direct Appeal, pending a decision from the District Court on the Motion for Leave to Appeal. The parties will suffer no prejudice in having the District Court decide the merits of whether to grant the Motion for Leave to Appeal. In the event that the Motion for Leave to Appeal is granted, the District Court will be in a position to determine whether to issue the certification under section 158(d)(2). In the event that the Motion for Leave to Appeal is denied, the Request for Direct Appeal will be moot. In any event, the parties will have their day in District Court (and, if appropriate, the Third Circuit) on the merits of whether an appeal should proceed from this Court's interlocutory order . . . .

No. 07-50004 (CSS), 360 B.R. 429, 431-32 (Bank. Del. 2007). The same reasoning applies here with equal force, and the Court should reach the same result.

## **CONCLUSION**

4.  For the foregoing reasons, the Trust respectfully requests that the Court deny the Motion without prejudice to refiling in the District Court at a later date, and grant such other and further relief that the Court deems appropriate and necessary.

*[Remainder of page intentionally blank]*

Date: May 4, 2021

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4098)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

J. Christopher Shore (admitted *pro hac vice*)
Matthew L. Nicholson (admitted *pro hac vice*)

WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 819-8200
cshore@whitecase.com
matthew.nicholson@whitecase.com

*Attorneys for the Liquidating Trust*