# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MAXUS ENERGY CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 16-11501 (CSS)<br>(Jointly Administered) |
| MAXUS LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>YPF S.A., YPF INTERNATIONAL S.A., YPF HOLDINGS, INC., CLH HOLDINGS, INC., REPSOL, S.A., REPSOL EXPLORACION, S.A., REPSOL USA HOLDINGS CORP., REPSOL E&P USA, INC., REPSOL OFFSHORE E&P USA, INC., REPSOL E&P T&T LIMITED, and REPSOL SERVICES CO.,<br><br>Defendants. | Adversary Proceeding No. 18-50489 (CSS) |

## NOTICE OF ISSUANCE OF AMENDED SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, as made applicable by Rules 7030 and 9016 of the Federal Rules of Bankruptcy Procedure, Joseph J. Farnan, as Maxus Liquidating Trustee and on behalf of the Maxus Liquidating Trust, by and through his attorneys, has served by personal service the attached Subpoena upon Eduardo A. Pigretti, which calls for the deposition upon oral examination of Eduardo A. Pigretti on July 1, 2021 at 10:00 a.m., at the offices of White & Case LLP, 609 Main Street, Suite 2900, Houston, TX 77002 (or another such time and place as mutually agreed). The deposition will take place before a duly qualified court reporter authorized by law to administer oaths and will be recorded by video and stenographic means.

Dated:  June 29, 2021                                   Respectfully Submitted,

                                                        FARNAN LLP

*/s/ Michael J. Farnan*_____
Brian E. Farnan (Bar No. 4098)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

J. Christopher Shore (admitted *pro hac vice*)
Matthew L. Nicholson (admitted *pro hac vice*)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 819-8200
cshore@whitecase.com
matthew.nicholson@whitecase.com

*Attorneys for the Liquidating Trust*

# UNITED STATES BANKRUPTCY COURT

_____  District of Delaware

In re MAXUS ENERGY CORPORATION, *et al.*
         Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 16-11501 (CSS)_____

Maxus Liquidating Trust_____
                    Plaintiff
                    v.
YPF, S.A., *et al.*_____
                    Defendant

Chapter 11_____

Adv. Proc. No. 18-50489 (CSS)_____

**SUBPOENA TO TESTIFY AT A DEPOSITION
IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To:                   Eduardo A. Pigretti
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **SEE ATTACHED SCHEDULE A**

| PLACE | White & Case LLP, 609 Main Street, Suite 2900, Houston, TX 77002 (or another such place as mutually agreed) | DATE AND TIME July 1, 2021, at 10:00 a.m. EDT |
|---|---|---|

The deposition will be recorded by this method: Video and stenographic

☐ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __June 29, 2021_____
CLERK OF COURT

OR

_____            _____/s/ Michael J. Farnan_____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Maxus Liquidating Trust, who issues or requests this subpoena, are:
Michael J. Farnan; FARNAN LLP, 919 North Market St., 12th Floor Wilmington, D.E. 19801; mfarnan@farnanlaw.com; 302-777-0338

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A
## DEFINITIONS

For the purposes of this subpoena, the following Definitions shall apply without regard to capitalization:

1. The terms "all," "any," and "each" shall be construed as all, any, and/or each as necessary to bring within the scope of a given topic all information that could otherwise be construed to be outside of its scope.

2. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a given topic all information that otherwise could be construed to be outside of its scope.

3. "Affiliate" means any and all of the following: (a) An "affiliate" as defined Del. Code Ann. tit. 8, § 203(c)(1) ("'Affiliate' means a person that directly, or indirectly through 1 or more intermediaries, controls, or is controlled by, or is under common control with, another person."), or (b) in the case of (i) a corporation or limited liability company ("LLC"), all of such entity's direct and indirect parents, all of such entity's direct and indirect subsidiaries, all entities that are the subsidiaries and parents of any of the preceding; and all persons or entities that own or control more than 20% of the equity (whether stock or membership interests) in any of the preceding, and (ii) a partnership of any kind, all partners and, if any partners are partnerships, their partners, and if any partners are corporations or LLCs, their Affiliates as defined above.

4. "Bankruptcy Code" means title 11 of the United States Code, as amended.

5. "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware or such other court as is presiding over the Chapter 11 Cases.

6. "Chapter 11 Proceedings" means the voluntary chapter 11 cases commenced on June 17, 2016 by the Debtors in the Bankruptcy Court in District of Delaware, Case Number 16-

11501.

7. "Concerning," "regarding," "in connection with," "relating to," and/or "referring to" shall be construed to mean, without limitation, relating to, referring to, describing, evidencing, constituting, discussing, supporting, pertaining to, containing, analyzing, evaluating, studying, recording, showing, memorializing, reporting on, commenting on, mentioning, reviewed in conjunction with, setting forth, contradicting, refuting, considering, or recommending, in whole or in part.

8. "Debtors" means, collectively, Maxus Energy Corporation ("Maxus"), Tierra Solutions, Inc. ("Tierra"), Maxus International Energy Company ("MIEC"), Maxus (U.S.) Exploration Company ("MUSE"), and Gateway Coal Company ("Gateway"), which filed voluntary chapter 11 petitions under the Bankruptcy Code commencing the Chapter 11 Cases on June 17, 2016 (the "Petition Date"), and any of their respective current or former affiliates, subsidiaries, parent corporation, predecessors, or successor entities; and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

9. "Including" means "including, without limitation" or "including, but not limited to."

10. "Person" or "Persons" means all natural persons, corporations, partnerships or other business associations and all other legal or governmental entities or associations.

11. "New Jersey Litigation" means the litigation commenced on December 13, 2005 by the State of New Jersey (on behalf of the NJDEP and the Administrator of the New Jersey Spill Compensation fund) against OCC, Tierra, Maxus, Maxus International Energy Company, Repsol, YPF, YPFH, and CLH Holdings in the New Jersey Superior Court, Law Division, Essex County Docket No. EX-L9868-05 (PASR).

12. "Relate," "Related" or "relating" mean pertaining to, involving, containing, alluding to, responding to, commenting upon, discussing, showing, disclosing, explaining, mentioning, analyzing, constituting, evidencing, summarizing and characterizing.

13. "Repsol" refers to Repsol S.A. ("Repsol"), Repsol Exploración S.A. ("Repsol Exploración"), Repsol USA Holdings Corporation ("Repsol USA Holdings"), Repsol E&P USA, Inc. ("Repsol E&P USA"), Repsol Offshore E&P USA, Inc. ("Repsol Offshore"), Repsol E&P T&T Limited ("Repsol T&T"), and Repsol Services Company ("Repsol Services") and any other related entities managed thereby that were holders of equity interests, directly or indirectly, in Repsol YPF S.A., YPF or any of the Debtors, including each of its officers directors, employees, agents, attorneys, advisors and representatives.

14. "YPF" shall mean YPF S.A. ("YPF"), YPF International S.A. ("YPFI"), YPF Holdings, Inc. ("YPFH") and CLH Holdings, Inc. ("CLHH"), whether collectively or individually, and any of their respective current or former affiliates, subsidiaries, parent corporations, predecessors, or successor entities and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

15. **"YPFH"** shall mean YPF Holdings, Inc. and any of its respective current or former affiliates, subsidiaries, parent corporations, predecessors, or successor entities and all of its respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

16. "You" or "Your" means Eduardo A. Pigretti.

**TOPICS FOR TESTIMONY**

1. Your educational background, employment history, professional qualifications, and personal preparation for the deposition (to include any contacts You may have had with the parties, their lawyers, insurers or representatives, but excluding any privileged content of such communications).

2. Your knowledge of the financial condition of the Debtors, including without limitation the Debtors' cash flow, capitalization, solvency, and income-producing assets. This topic includes without limitation matters related to capital contributions, including their timing and frequency, all reasons or purposes underlying them, their repayment, and their characterization; valuations of Debtors' assets; solvency determinations of the Debtors and YPFH; and reports to auditors and securities regulators concerning the Debtors' solvency.

3. Your knowledge of the nature and extent of the Debtors' contingent environmental liabilities, the amount of the Debtors' total anticipated liabilities, when those liabilities became due and payable, and strategies for addressing the liabilities. This topic includes without limitation the Debtors' reserves and the accounting treatment of the Debtors' liability at YPF.

4. Your knowledge and understanding of YPF and Repsol's involvement in the management and operations of the Debtors. This topic includes without limitation matters related to the Debtors' investment opportunities and exploration efforts, human resources, financial decisions, environmental remediation efforts and liability management, as well as intercompany agreements (or the lack thereof) with Repsol or YPF affiliates.

5. Your knowledge and understanding of YPF and Repsol's involvement in Maxus' litigation strategy regarding the litigation brought by the State of New Jersey concerning the Lister Plant, Lister Site, Passaic River or Newark Bay Complex. This topic includes without limitation YPF and Repsol's role in the selection and hierarchy of counsel and strategic decisions made during the New Jersey Litigation, including settlement efforts with NJDEP and OCC, as well as YPF and Repsol's involvement and settlement efforts in other, ancillary litigations involving the Debtors.

6. Your knowledge of Project Jazz and any plans to file Chapter 11 Proceedings in the United States for the Debtors.