## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | Case No. 16-11501 (CSS) |
| MAXUS ENERGY CORPORATION, | ) | |
| et al., | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| MAXUS LIQUIDATING TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. No.: 18-50489 (CSS) |
| | ) | |
| YPF S.A., YPF INTERNATIONAL S.A., | ) | |
| YPF HOLDINGS, INC., CLH | ) | |
| HOLDINGS, INC., REPSOL, S.A., | ) | |
| REPSOL EXPLORATION, S.A, REPSOL | ) | |
| E&P USA, INC., REPSOL OFFSHORE | ) | |
| E&P USA, INC., REPSOL E&P T&T | ) | |
| LIMITED AND REPSOL SERVICES | ) | |
| COMPANY | ) | **Related D.I. 416** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM ORDER

Before the Court is YPF S.A., YPF International S.A., YPF Holdings, Inc., and CLH

Holdings, Inc.'s (collectively "YPF") Motion for Stay of Discovery (the "Motion").[1]  The

Motion seeks a 60 day stay of discovery to allow YPF to seek leave to appeal the Court's

---

[1] D.I. 416. The Plaintiff, Joseph J. Farnan, Jr. Maxus Liquidating Trustee (the "Trustee") for the Maxus Liquidating Trust (the "Trust") filed an opposition to the Motion (D.I. 427), and YPF also filed a reply (D.I. 429).

Order denying YPF's Motion to Disqualify White & Case LLP as Counsel for the Maxus

Liquidating Trust[2] (the "Disqualification Order") directly to the Third Circuit.

As set forth below, YPF has not meet its burden to establish cause for a further

delay of the underlying litigation.  The Third Circuit's ruling on whether to allow a direct

appeal of the Disqualification Order, if taken, may result in a myriad of options and

outcomes.  This Court cannot presume the result of the Third Circuit ruling, nor will the

Court hold the underlying litigation in abeyance pending a decision.  As a result, the

Motion is denied.

## JURISDICTION & VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL HISTORY

This Court denied the Disqualification Motion on April 6, 2021.[3]  Further to the

Court's direction that the parties seek to agree on an amended scheduling order, the

parties filed dueling proposed amended scheduling orders on April 19th,[4] and the Trust

ultimately agreed to most of the Defendants' proposed schedule.[5]

The Court entered the Third Amended Case Management Plan and Scheduling

Order on April 20, 2021 (the "Scheduling Order"). [6] The Scheduling Order permits the

---

[2]  D.I. 390.

[3]  D.I. 390.

[4]  D.I. 392 and 393.

[5]  D.I. 395.

[6]  D.I. 396.

parties to begin depositions on May 3, 2021 and requires that they conclude fact discovery by August 16, 2021.  Pursuant to this Scheduling Order, the parties have scheduled and are continuing to schedule, and, presumably, to take fact depositions.

In the Motion, YPF seeks a 60-day stay of discovery while the Third Circuit considers whether to allow a direct appeal of the Disqualification Motion.

### STATEMENT OF FACTS

The Maxus Liquidating Trust commenced this Adversary Proceeding on June 14, 2018, against YPF and Repsol S.A. ("Repsol") and certain of its affiliates (collectively with Repsol, the "Repsol Defendants").

On December 19, 2020, YPF filed the YPF Defendants' Motion to Disqualify White & Case LLP as Counsel for the Maxus Liquidating Trust (the "Motion to Disqualify").[7] As set forth in the Motion to Disqualify, YPF argued that Ms. Boelter's move to White & Case LLP ("White & Case") is so exceptional and of such magnitude as to render any possible ethical screen imposed by White & Case inadequate for the protection of YPF's confidential information, and White & Case must be disqualified from representing the Trust in this litigation against YPF.[8]  On February 26, 2021, briefing on the Motion to Disqualify was completed. On April 1, 2021, the Bankruptcy Court held a hearing on the Motion to Disqualify.

---

[7] D.I. 306.

[8] The full factual history regarding the Motion to Disqualify can be found in D.I. 389.  The Court presumes the parties' familiarity with the factual holdings and refers to them herein without a laborious recitation of the facts.  The Court incorporates the factual holdings from its Opinion (D.I. 389) in their entirety.

On April 6, 2021, the Bankruptcy Court issued an Opinion and Order denying the Motion to Disqualify.[9]

On April 20, 2021, the Bankruptcy Court entered the Scheduling Order. Discovery between the parties had previously been stayed at the request of the Trust between November 4, 2020, and February 8, 2021, and by agreement between March 1, 2021, and April 6, 2021. The Scheduling Order provided for a fact discovery deadline of August 16, 2021. Document production is substantially complete, and at least two fact depositions have been taken.

On April 20, 2021, YPF filed the Motion for Leave to File Interlocutory Appeal of the Bankruptcy Court's April 6, 2021, Disqualification Order[10] (the "Motion for Leave to File Interlocutory Appeal") with the United States District Court for the District of Delaware.

Contemporaneously therewith, YPF filed the Motion of YPF Defendants for Certification of Direct Appeal to the United States Court of Appeals for the Third Circuit Pursuant to 28 U.S.C. § 158(d)(2) (the "Direct Certification Motion") with the Bankruptcy Court. [11]

On May 10, 2021, the Bankruptcy Court issued an Opinion and Order, granting the Direct Certification Motion, in part, and denying it in part (the "Certification

---

[9] D.I. 389 and 390.

[10] *See* D.I. 356 and 358. *See also* District Court Case No. 21-mc-70-RGA (D.I. 1).

[11] D.I. 399.

Opinion"). [12]   Along with and pursuant to the Certification Opinion, the Bankruptcy Court issued a Certification of Direct Appeal to the United States Court of Appeal for the Third Circuit (the "Direct Certification"). [13]   Pursuant to the Direct Certification, the Bankruptcy Court recognized the existence of two legal questions justifying direct appellate review by the Third Circuit:

> (i) when, if ever, an ethical screen that is fully compliant with Model Rule 1.10(a)(2) is, nonetheless, insufficient to prevent imputation of a conflict of a lawyer who has changed firms to the new firm and what legal standard should apply in making that determination; and
>
> (ii) whether Federal Rule of Evidence 404's prohibition against the use of character evidence bars its use to show the likelihood of future conduct.

YPF filed its Petition for Permission to Appeal on June 1, 2021[14] and the Trust has filed its response. [15]   To date, the Third Circuit has not decided whether to accept certification of YPF's appeal.

## ANALYSIS

YPF is seeking a sixty-day stay of all discovery in the underlying litigation. purportedly to avoid any further risk of disclosure of the YPF's Defendants' confidential information and consequent irreparable harm while the Third Circuit considers YPF's request for leave to appeal.

---

[12] D.I. 411 and 412.

[13] D.I. 413.

[14] Third Circuit Case No. 21-833, D.I. 1.

[15] Third Circuit Case No. 21-833, D.I. 10.

  
The Federal Rules of Civil Procedure permit a court to stay discovery for "good cause shown."[16]  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[17]  The movant must make a "clear case of hardship or inequity in being required to go forward . . . ."[18]

The Trust opposes the Motion and characterizes it as a "motion for stay pending appeal," pursuant to Federal Rule of Bankruptcy Procedure 8007, rather than under Federal Rule of Civil Procedure Rule 26(c).[19]  However, the Court will consider the Motion as filed.  Pursuant to Rule 26(c), the burden is remains with YPF to establish "cause" to stay the underlying litigation – and YPF has not met its burden.

In *Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Services, L.P.,*[20] the Third Circuit held that the district court did not err in denying a stay because the defendant's counsel was new to the matter and was "unfamiliar" with the case.  The

---

[16] *See* Fed. R. Civ. P. 26(c) ("[t]he court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including . . . forbidding . . . discovery").  *See Cost Bros. v. Travelers Indem. Co.,* 760 F.2d 58, 60 (3d Cir. 1985) ("the decision whether to grant a stay in this case is committed to the district court's discretion, since it is a matter of the court's inherent power to conserve judicial resources by controlling its own docket" (citations omitted)).

[17] *Landis v. N. Am. Co.,* 299 U.S. 248, 254–55, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936) (citations omitted).

[18] *Id.*

[19] As YPF did not request a stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8007, the Court will not consider relief not requested by YPF.  Furthermore, YPF has not been granted the authority to appeal by the Third Circuit.

[20] *Lehman Bros. Holdings v. Gateway Funding Diversified Mortg. Servs., L.P.,* 785 F.3d 96, 102 (3d Cir. 2015).

Third Circuit held that it would "'not interfere with the discretion of the district court by overturning a discovery order absent a demonstration that the court's action made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible.'"[21]

Here, the Court held that there was no dispute that White & Case's ethical wall complied with Model Rules, and this such an exceptional circumstance as to disqualify the entire firm.[22] There are no allegations that White & Case's purported "conflict" makes it impossible for YPF to comply with the existing schedule, nor is there any argument that somehow such evidence would be tainted by Ms. Boetler's employment at White & Case. In fact, the Court has found that such employment did **not** disqualify White & Case. Furthermore, the parties negotiated the Scheduling Order *after* the Court denied the Disqualification Motion.

YPF's only recitation of harm and prejudice is that the "more discovery that goes forward, the more YPF's confidential information is compromised by an ongoing conflict of interests." However, the Court found that **no** confidential information was being comprised by Ms. Boetler working at White & Case and that the ethical wall was sufficient to protect confidential information, if any, that Ms. Boetler had.[23]

---

[21] *Id.* (*quoting Hewlett v. Davis*, 844 F.2d 109, 113 (3d Cir. 1988) (further citation omitted)).

[22] *Maxus Liquidating Trust v. YPF, S.A. (In re Maxus Energy Corp.)*, 626 B.R. 249, 260 (Bankr. D. Del.), motion to certify appeal granted, 627 B.R. 259 (Bankr. D. Del. 2021) (applying *Enzo Life Sciences, Inc. v. Adipogen Corp.*, C.A. No. 11-cv-00088 -RGA, 2013 WL 6138791 (D. Del. Nov. 20, 2013)).

[23] *In re Maxus Energy Corp.*, 626 B.R. 249, 257 (Bankr. D. Del.), motion to certify appeal granted, 627 B.R. 259 (Bankr. D. Del. 2021) ("There can be no serious question that White & Case has faithfully adhered to the requirements of Model Rule 1.10(a)(2). White & Case implemented a thorough, robust ethical screen

YPF asserts that it does not have the burden to prove that the breach of confidentiality has already occurred or will occur – but that the Court must protect against the *potential* that YPF's confidences may be used against YPF.  However, here, the Court already found that the ethical wall established by White & Case was sufficient under these circumstances.  Furthermore, factual discovery is set to close in a matter of weeks – the percentage of discovery in these last few days of the Schedule Order is a small portion of the discovery taken in the underlying litigation.

Lastly, *even if*, the Third Circuit decides to allow a direct appeal, there are a number of uncertainties: (i) will the Third Circuit's ruling will be retroactive to the day Ms. Boetler started at White & Case; (ii) even if Ms. Boetler's employment at the White & Case is an "exceptional case," [24] will the discovery during Ms. Boetler's employment will be circumspect (or disgorged), or (iii) if the Third Circuit presents a new legal standard governing disqualification, how, if at all, would such a new standard affect this Court's ruling.  In the meanwhile, the Court cannot permit the underlying litigation to grow older, and the facts to grow even more unattainable as people are even further removed from the events at issue in the underlying litigation.  In other words, there is too much guesswork, which this Court does not presume to undertake.  There are too many paths that the Third Circuit could choose, including the timing of a possible allowance of a

---

between Ms. Boelter and the YPF adversary proceeding and all related issues immediately upon Ms. Boelter joining the firm. Moreover, Ms. Boelter will not be apportioned a part of the fee from the YPF adversary proceeding and related issues." (footnote omitted)).

[24] *See generally In re Maxus Energy Corp.*, 626 B.R. 249, 258-59 (Bankr. D. Del.), motion to certify appeal granted, 627 B.R. 259 (Bankr. D. Del. 2021).

direct appeal, as well as the appeal on its own merits, to hold the underlying litigation in abeyance, especially when this Court has ruled that the ethical wall imposed by White & Case is sufficient and compliant with Third Circuit law and the Model Rules of Professional Responsibility.

IT IS HEREBY ORDERED THAT the Motion is DENIED.

Dated: July 27, 2021

_____
Christopher S. Sontchi
United States Bankruptcy Judge