

August 2, 2021

**VIA E-FILING**
The Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 Market Street
Wilmington, Delaware 19801

Re: *Maxus Liquidating Trust v. YPF S.A., et al.*, Adv. No. 18-50489-CSS

Dear Judge Sontchi:

We write on behalf of the Maxus Liquidating Trust (the "Trust") to address the letter filed by the YPF Defendants this morning in the above-captioned matter (the "YPF Letter"), which responds on a preliminary basis to the letter submitted by the Trust on July 30, 2021 (the "Motion"). Rather than respond to the substance of the Trust's Letter of July 30, YPF seeks to have the Court delay its consideration of the matter until after (1) YPF files an opposition to the Motion on August 27 and (2) the parties meet and confer further on the matters raised in the Motion. The Trust respectfully requests that the Court deny both requests, leave the Local Rules and deadlines in place, and set a hearing on the Motion during the week of August 9, if at all practicable for the Court.

1. ***Seven Days is an Appropriate Period for the YPF Defendants' Response***

Pursuant to Local Rule 7026-1(c), a party bringing a discovery motion must file and serve its motion at least seven days before the hearing on such motion, with the responding party filing and serving any objection thereto at least one business day before the hearing. That presumptive period should hold here. The Motion relates solely to a dispute that flows from previous discovery disputes that have already been resolved by this Court and has been discussed by the parties at length during the meet and confer process. There is no reason—and the YPF Letter articulates none—that YPF and its three law firms appearing in this proceeding cannot respond in one week to a single-issue discovery letter, especially where that single issue relates to one of the Court's prior adjudications.

2. ***The Trust Properly Met and Conferred Pursuant to Local Rule 7026-1(d)***

YPF also contends in its Letter that delay is necessary because the Trust has "sat on its rights" and has failed to discharge its obligation to meet and confer. At heart, YPF claims to have been "ambushed" by the Motion. *Id.* That claim is baseless.

*First*, the Trust did not "sit on its rights" to seek relief from the Court. In prior motion sequences, the Trust did not seek a ruling that the YPF Defendants waived all privileges as to Project Jazz because, at that time, the Trust (correctly) perceived that the Court would need additional evidence regarding the breadth and scope of communications regarding Project Jazz between YPF and Maxus personnel before a more expansive waiver could be substantiated. While

the Trust continued to compile documentary support between October 2020 and the filing of the Motion, the critical disclosures bearing on the broader subject matter waiver ultimately came during the depositions of Maxus's former CEO, Mr. Jose Daniel Rico, taken June 11, one week before the Trust first raised the issue in a letter to YPF. Mr. Rico's testimony was later corroborated and amplified by the testimony of Messrs. Pigretti (YPF counsel), Giliberti (YPF strategist) and Garcia Tobar (Maxus director), taken on July 1, July 13 and July 22, respectively (the Parties still do not have a final deposition transcript for the Garcia-Tobar deposition). Simply, the Trust raised the issue and then moved as soon as the necessary record was created.

*Second*, that the Trust's June 18 letter and ensuing communications did not support a broader subject matter waiver with a string cite of case law is a red herring here. Nothing about the Local Rules requires that a party contemplating a motion to compel put the party resisting disclosure on notice of every potential legal authority that may bear on the relief it may seek. The moving party need only make a "reasonable effort" to reach agreement on the matters set forth in the motion. *See* L.R. 7026-1(d). Here, the Trust expressly notified the YPF Defendants that the rationale of the Court's March 11 Opinion, which created law of the case that a subject matter waiver had occurred as to the Chadbourne Memo, would apply as well to certain documents listed on the YPF Log. Mot. Ex. 1 at 3. By letter dated June 28, 2021, YPF raised the contention that the Trust had failed to identify legal authority, or articulate a "fairness rationale," that would require production of the documents sought. However, the Trust has already addressed this contention during the meet and confer process, including by email dated July 1, 2021. *See* Mot. Ex. 4 at 2 ("[T]he fairness rationale for producing the documents now requested by the Trust is fundamentally the same as the fairness rationale for requiring production of the Memo. Namely, it would be unfair if YPF were permitted to conduct Maxus's affairs through dual-hat directors for YPF's benefit and then take the position that communications relating to their direction of Maxus's affairs was a matter of YPF privilege."). Further, counsel for the Trust raised and discussed this contention at each of the telephonic meet and confers the parties convened regarding this dispute.

*Third*, the most recent delay here is attributable to YPF. During the Parties' telephonic meet and confer on July 6, Jeff Rosenthal from Cleary Gottlieb Steen & Hamilton LLP indicated that he would relay to his client a streamlined request for production of just the "Project Jazz" documents sought by the Trust's June 18 Letter. Mot. Ex. 4. YPF let that proposal dangle until July 29, when counsel finally responded in the negative (23 days later) that the request was "an egregious overreach." Mot. Ex. 8. Given the late date of counsel's response, there is no basis for a finding that the Trust failed to make a reasonable effort to reach agreement on the matters set forth in the Motion.

*Fourth*, and related, YPF cannot claim to have been "ambushed" by the Motion under the circumstances here. YPF has been on notice from the outset of this dispute that the legal entitlement for the additional documents sought by the Motion is essentially the same as that articulated in the March 11 Opinion requiring YPF to produce the Chadbourne Memo. It is not a "new theory that has never been raised with the YPF Defendants" (YPF Letter at 3), nor are the legal authorities the Trust included in the Motion "new" – indeed, they simply stand for general principles of the law on attorney-client privilege and the effects of disclosure of privileged communications that have been fairly implicated by the present dispute since the Trust first sought a subject-matter waiver ruling in the first place. Further, as to the inclusion in the Motion of additional, relevant and probative information gleaned from the deposition testimony of Messrs.

Rico, Pigretti, Giliberti and Garcia Tobar, YPF cannot claim surprise. YPF's counsel was present for all such depositions.[1]

### 3. This Matter Can Be Resolved In Time for the YPF Defendants to Produce the Documents the Motion Seeks to Compel Before the Trust's 30(b)(6) Deposition

Shortly after the Trust filed the Motion, it reached out to counsel for YPF to set a briefing schedule, proposing that (1) YPF file any of their own discovery motions regarding the documents requested from the Trust as soon as possible; (2) YPF respond to the Trust's letter by Friday, August 6; and (3) the parties request a hearing the week of August 9. As noted above, this schedule is essentially the same schedule that would apply by operation of Local Rule 7026-1(c) if the Court were to set a hearing for early in the week of August 9.

Nevertheless, the YPF Letter labels the Motion as a request for expedited resolution of the instant dispute, and asks that the Court deny that request because the Motion "does not claim exigency based on a purported need at issue before remaining depositions take place." YPF Letter at 2. The contention is without merit. The Local Rule sets forth the schedule, and the Trust is not requesting any shortening of deadlines. Further, counsel for the Trust has been explicit during the relevant telephonic meet and confers that it is seeking to obtain such documents for use during the YPF Rule 30(b)(6) deposition, scheduled for August 16. It is YPF that has not consented to hold off on that deposition or extend out the relevant discovery deadlines. Further, there is no merit to YPF's contention that "the timing of the Motion ensures no documents will be produced before fact depositions is concluded." YPF Letter at 2. Were the Court to rule, during the week of August 9, that the documents must be produced, YPF can easily produce those documents in time for them to be introduced during the YPF Rule 30(b)(6) deposition. As noted in the Motion, the documents sought thereby have already been identified and segregated by YPF in connection with preparing its most recent privilege log. Producing the documents, should the Court so direct, ought to be a push-the-button exercise.

Finally, while it is unclear whether YPF argues that "the parties are already fully extended" in order to support its contention YPF should not be required to respond to the Motion within the seven days set by Local Rule, or, rather, to preview an argument as to why YPF will not be able to produce the documents before the YPF 30(b)(6) deposition if so ordered, in neither case does the argument have merit here. As noted, YPF sat on the Trust's request for a more limited set of documents from the July 6 meet and confer before issuing its denial on July 29 (and only then after having received several reminder emails from the Trust's counsel).

\*      \*      \*

---

[1] YPF also insinuates that the Trust only raised the requests set forth in the June 18 Letter as "retaliation" for YPF having belatedly interposed discovery issues by its letter dated June 3, 2021. *Se*e YPF Letter at 3, fn.4. The Trust simply raised its own discovery issues in its letter response to YPF's letter of June 3 in the interest of having one chain of correspondence on discovery issues rather than two. The parties' respective contentions are not mutually interdependent.

In light of the foregoing, the Trust respectfully requests that Court set a hearing at a convenient time during the week of August 9, and order the YPF Defendants to respond to the Motion at least one business day before the hearing, consistent with Local Rule 7026-1(c).

    Respectfully submitted,

    /s/ Michael J. Farnan

    Michael J. Farnan

cc: Counsel of Record (Via E-Filing)