**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
DAVID E. BRODSKY
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
CHANTAL E. KORDULA

BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI

KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
RESIDENT PARTNERS

SANDRA M. ROCKS
JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
NEIL R. MARKEL
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

D: +1 212 225 2086
jrosenthal@cgsh.com

September 13, 2021

**BY ECF**

The Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, DE 19801

  Re: *Maxus Liquidating Trust v. YPF S.A., et al.,* Adv. Pro. 18-50489 (Bankr. D. Del.)

Dear Judge Sontchi:

  On behalf of YPF S.A. ("YPF"), YPF International S.A. ("YPFI"), YPF Holdings, Inc. ("YPFH"), and CLH Holdings, Inc. ("CLHH" and, collectively with YPF, YPFI, and YPFH, the "YPF Defendants"), we respectfully move the Court to compel the plaintiff, the Maxus Liquidating Trust (the "Trust"), to comply with the YPF Defendants' Notice of Deposition (the "Notice") of the Trust pursuant to Rule 30(b)(6) [D.I. 491] and overrule the Trust's objections to the Notice (the "Objections").

  As discussed in more detail below, the parties have been discussing the Trust's deposition since July, when counsel for the Trust agreed to produce a witness and advised the YPF Defendants that it would revert with a date for such deposition. The Trust's counsel subsequently advised the Court at the August 12, 2021 hearing that the deposition of the Trustee was under discussion between the parties. Hr'g Tr. [D.I. 476] at 8:18-19. When the Trust ultimately reversed course and refused to offer a date for this deposition, the YPF Defendants served the Notice on August 27, 2021, in response to which the Trust served it Objections on September 8, 2021. Flouting its obligations under this Court's Local Rule 7026-1(a), the Trust refused even to meet and confer concerning its Objections, thus necessitating this Motion.

The Honorable Christopher S. Sontchi, p. 2

# I. BACKGROUND

**The YPF Defendants List the Trustee on its Initial List of Deponents**. On January 10, 2020, pursuant to the Amended Case Management Plan and Scheduling Order [D.I. 230], the parties exchanged lists of anticipated deponents. The Trust indicated its desire to depose representatives of the YPF Defendants and the Repsol Defendants and, conversely, the Defendants listed the sole representative of the Trust as a desired deponent. [D.I. 217-1].[1]

**The YPF Defendants Request a Date for the Deposition of the Trust's Representative and the Trust Initially Agrees to Provide One**. With the exception of a couple of witnesses who were previously deposed, depositions began in May 2021 with a deadline of August 16, 2021. Well into July 2021, the parties continued to advise each other of witnesses for whom deposition dates were sought. For example, in mid-July, counsel for the Trust informed the YPF Defendants for the first time since 2020 that it was seeking to schedule the deposition of former Maxus employee Javier Gonzalez (whose deposition was not ultimately scheduled until August).

Among these witnesses for whom dates were solicited in July was the Trust's representative. On July 29, 2021, the YPF Defendants requested that the Trust provide a date for the deposition "of Judge Farnan (or another representative of the Trust should you prefer.)" Exhibit 1 at 1 (Email from J. Rosenthal to E. Smith (Jul. 29, 2021, 11:24:54 AM)). The parties then conferred the next day regarding deposition scheduling generally, during which lead counsel for the Trust (i) advised the YPF Defendants that the Trustee would be produced for deposition and (ii) requested that the YPF Defendants agree to schedule his deposition for the week of August 16. The YPF Defendants so agreed, and counsel for the Trust advised that they would revert with a proposed date for consideration. This was memorialized in an email that afternoon, the contents of which the Trust has never disputed. Exhibit 2 at 1 (Email from K. Gonzalez to E. Smith (Jul. 30, 2021, 2:10:57 PM), memorializing the July 30 meet and confer).

The parties continued to confer regarding the deposition of the Trust. On August 3, 2021, counsel for the Trust asked the YPF Defendants to clarify whether the Trust's deposition was sought under Rule 30(b)(1) or Rule 30(b)(6) because, in her words, the Trust's counsel would want additional time to prepare their client to testify pursuant to Rule 30(b)(6). The YPF Defendants memorialized this conversation in writing (which also was never disputed by the Trust) and responded that they had requested a Rule 30(b)(6) deposition and would be flexible on timing. *See* Exhibit 3 at 4 (Email from K. Gonzalez to E. Smith (Aug. 3, 2021, 10:48 AM)).

**The Trust Reneges on Its Agreement to Produce a Trust Witness**. On August 4, 2021, for the first time, the Trust's counsel informed the YPF Defendants that they, in fact, were no longer willing to produce a Trust 30(b)(6) witness. *See* Exhibit 3 at 2 (Email from E. Smith to K. Gonzalez (Aug. 4, 2021, 7:42 PM)). The Trust incorrectly asserted that neither Mr. Rosenthal's July 29, 2021 email, nor the discussion from the July 30 meet-and-confer articulated that the request was for Judge Farnan to appear as a 30(b)(6) designee, and that "a Rule 30(b)(6) deposition is simply not possible at this time" because there was inadequate time to prepare

---

[1] There was no doubt that the Trustee's deposition was sought in a representative capacity given that it is indisputable that Judge Farnan has no personal knowledge of the facts underlying this case.

The Honorable Christopher S. Sontchi, p. 3

Judge Farnan as a Rule 30(b)(6) witness before the August 16, 2021 fact discovery cutoff date. *Id.* at 3.  Also for the first time, the Trust asserted that the YPF Defendants had not noticed the Trust's deposition by the deadline in the Scheduling Order but offered nonetheless to produce Judge Farnan for deposition so long as it was in his personal capacity.  In other words, the real objection was not to any alleged failure to serve a formal notice, but the Trust's strategic desire to avoid its witness being deposed under Rule 30(b)(6).

**The Trust's Counsel Advises the Court that the Parties Are in Continued Discussions Regarding a Deposition of the Trustee**.  The parties' discussions regarding the capacity in which the Trustee would be deposed remained ongoing, and thus at the August 12 hearing, lead counsel for the Trust included Judge Farnan in his list of outstanding deponents when he provided the Court with a status report.  Hr'g Tr. [D.I. 476] at 8:18-19.[2]

The Trust having duly advised the Court that this deposition remained outstanding, the YPF Defendants continued to seek the Trust's agreement to a deposition date.  *See, e.g.*, Exhibit 3 at 2 (Email from K. Gonzalez to E. Smith (Aug. 19, 2021, 4:37 PM)).  Seeking to spring a "gotcha" on the YPF Defendants, the Trust again refused to provide the YPF Defendants with a date, contending that it was now too late because the YPF Defendants did not raise with the Court at the August 12 hearing that the Trust's deposition remained outstanding *even though the Trust itself had done so*.  Exhibit 3 at 1 (Email from E. Smith to K. Gonzalez (Aug. 20, 2021, 12:23 PM)).  Left with no other choice, the YPF Defendants served the Notice, selecting September 15 for the deposition since that was the same week noticed for the Rule 30(b)(6) depositions of all other parties.

**The Trust Objects to the Production of a Witness and Refuses to Meet and Confer**.  On August 31, 2021, the Trust sent the YPF Defendants a letter in response to the Notice, arguing that the Notice was improper and untimely because the YPF Defendants had not specifically identified Judge Farnan as a Rule 30(b)(6) witness on the initial witness list and had not served the Notice before October 30, 2020.  *See* Exhibit 4.  The YPF Defendants responded by letter on September 2, 2021, disagreeing with the Trust's objection and asking to meet and confer regarding the Trust's timeliness objection as well as any other objections the Trust may have to the Notice.  *See* Exhibit 5.  On September 8, 2021, the deadline to serve objections to the Notice, the Trust served its Objections.  *See* Exhibit 6 at 1, 3.  The Trust stated in writing that it would not meet and confer.  *See id.* at 1.

## II. ARGUMENT

### A. The Trust's Arguments For Resisting A 30(b)(6) Deposition Of The Trust Are Without Merit.

The Trust's position with regard to producing a witness has been forever shifting.  As noted above and memorialized in correspondence between the parties, the Trust initially agreed to produce a witness and only asked the YPF Defendants to accommodate them by agreeing to

---

[2] The transcript reported Judge Farnan's name as "unintelligible," but we are confident that the Trust's counsel cannot dispute that it was Judge Farnan's name that he stated.  Were the Trust to disagree (even though there is no other witness about whom the Trust's counsel could have referred at that time), the audio recording would support this fact.

The Honorable Christopher S. Sontchi, p. 4

take such deposition after the August 16, 2021 deadline (which the Scheduling Order encouraged to the extent necessary to accommodate witnesses). At that time, the Trust did not raise any issues with respect to the adequacy of the YPF Defendants' notice. Then, when the Trust first sought clarification as to whether the deposition was sought pursuant to Rule 30(b)(6), its sole expressed issue was its desire for additional time to prepare for a Rule 30(b)(6) deposition. This made sense – both the YPF Defendants and the Repsol Defendants were producing witnesses pursuant to Rule 30(b)(6) and fairness and equity demanded that the Trust do the same to ensure that all parties lay their cards on the table during deposition discovery.

It was only after the Trust reversed course and tried to make Rule 30(b)(6) discovery a one-way street that the Trust claimed a lack of adequate notice. Of course, this was a transparently tactical objection because the Trust explicitly offered to produce Judge Farnan for deposition so long as it was not pursuant to Rule 30(b)(6). The primary reason the Trust cited for its unwillingness to offer a Trustee witness under Rule 30(b)(6) was inadequate preparation time, an excuse that has been rendered moot by the forthcoming extension of deposition discovery until approximately mid-October to conclude the remaining depositions (one of which the Court was advised is the Trustee).

While claiming a "foot fault" insofar as the YPF Defendants included the Trustee on their January 2020 list of deponents but did not actually serve a formal notice by October 30, 2020, the Trust has never claimed any prejudice, nor could it under the present circumstances given that all other Rule 30(b)(6) depositions have been postponed until approximately mid-October at the Trust's request (the Trust waited until July 30, 2021 – *after* the YPF Defendants sought the Trust's deposition – to raise a document dispute with the Court that it asserted needed to be resolved prior to those depositions, notwithstanding the August 16, 2021 deadline). The only other complaint the Trust has ever raised in correspondence between the parties is that the YPF Defendants should have alerted the Court at the August 12 hearing that the Trust's deposition remained outstanding, presumably forgetting that the Trust itself had done so.

The Trust's objection that the YPF Defendants did not serve the notice by October 30, 2020 should be easily dismissed by the Court. The Trust has been aware for more than a year and a half that this deposition was sought, and, to this day, the Trust has never claimed any prejudice from the lack of a formal notice last year.[3] Indeed, the Trust on multiple occasions stated that it was willing to produce Judge Farnan, but it merely wants to use its objection strategically to limit the scope of his deposition. Particularly given that the Trust has now had months to prepare a Rule 30(b)(6) witness since it was sought in late July, that is improper. And any prejudice the Trust invents now in its response to the Motion that it never raised during the parties' discussions should be recognized as pretextual.

Despite being plaintiff, the Trust has offered virtually no discovery to the YPF Defendants. It has produced no witnesses, and it has never supplemented its responses to the YPF Defendants' contention interrogatories (and it is past the deadline to do so now). Its effort to shield itself from producing a Rule 30(b)(6) witness even as it deposes the defendants under

---

[3] The importance of serving notices by October 30, 2020 was presumably because nearly all of the witnesses were not controlled by the parties and thus needed to be served with legal process around the country and even abroad. This was obviously unnecessary for the depositions of the parties themselves.

The Honorable Christopher S. Sontchi, p. 5

Rule 30(b)(6) on the basis of nothing more than, at best, a non-prejudicial technicality is simply wrong.

Accordingly, the YPF Defendants respectfully request that the Court order the Trust to make a Rule 30(b)(6) witness available for a deposition. It is indisputable that this Court has the power to order this deposition, even if it concludes that the YPF Defendants should have followed up with the Notice previously, after listing the Trustee as a deponent at the outset. *See Katz v. Feldman*, C.A. No. 18-213 (MN), 2019 WL 266945, at *2 (D. Del. Jan. 18, 2019) (every court has the inherent authority to manage its docket); *Gomez v. Trs. of Harvard Univ.*, 676 F.Supp. 13, 15 (D.D.C. 1987) (courts have the inherent authority to modify pre-trial procedural deadlines to serve the best interests of justice); *Michaud v. Baker*, Case No. 3:17-cv-00718-MMD-CBC, 2019 WL 1292679, at *1 (D. Nev. Mar. 20, 2019) (granting enlargement of a stay pursuant to Court's power to control its docket and Fed. R. Civ. P. 6(b)(1)).

### B. The Court Should Overrule The Trust's Remaining Objections

The YPF Defendants also respectfully request that the Court overrule the Trust's meritless, *pro forma* General and Specific Objections to the Notice. *See* Exhibit 6. The purpose of serving objections to a Rule 30(b)(6) deposition notice is to allow a candid exchange about the topics to be addressed. The noticing party identifies the topics about which the corporate representative should be knowledgeable, and the receiving party identifies with specificity the reasons why those topics (or some portion thereof) are not appropriate for the deposition. But here, rather than use the objections to foster a genuine dialogue between the parties, the Trust repeated the same *pro forma* objections over and over again.

To start with the General Objections, the Trust uses the phrase "to the extent" in front of almost every single objection it purports to make, a grand total of thirty-six times. But nowhere in the General (or Specific Objections for that matter) does the Trust actually identify anything that is objectionable or explain where the Trust draws the line between permissible and objectionable topics. Such a "to the extent that" objection does nothing to advise the YPF Defendants which parts of the Notice, if any, are actually objectionable.

The Trust fares no better with its Specific Objections. Although the Trust labels these objections as "specific," even a cursory read reveals that the responses to each topic are virtually identical and boilerplate. The Trust essentially makes the same five objections to each topic, i.e. that they (i) are overbroad, unduly burdensome, and duplicative; (ii) seek information already in possession of the YPF Defendants; (iii) seek legal or expert advice; (iv) call for legal conclusions; and (v) are a contention topic.

Such boilerplate objections should be denied for the same reason that boilerplate objections to discovery requests are disallowed – they impede a meaningful conversation between the parties so as to ensure a smooth deposition. *See Illinois National Insurance Company v. Cornett,* 1:20-cv-00008, 2021 WL 1376570, at *3 (D.V.I. Apr. 12, 2021) (the advisory committee's notes to the 2015 Amendments to Fed. R. Civ. P. 34(b)(2)(B) make clear that boilerplate objections are no longer allowed, if they ever were). That is also why the 2020 Amendments to the Federal Rules of Civil Procedure now require that the parties confer in good faith about the matters for examination. Fed. R. Civ. P. 30(b)(6). Indeed, in comparison, when it

The Honorable Christopher S. Sontchi, p. 6

was the YPF Defendants' turn to serve their own objections to the Trust's 30(b)(6) notice just a few weeks earlier, the YPF Defendants included specific and narrowly tailored objections that clearly stated the reasoning for their objections (and had merely one "to the extent" objection). *See* Exhibit 7, YPF Defendants' Objections.  Instead, the Trust's boilerplate objections have turned the entire exercise into a guessing game, a problem compounded by the Trust's refusal to meet and confer with the YPF Defendants.  It is difficult, near impossible, to know why the Trust objects to the Notice's topics and respond when the Trust will not even have a phone call with the YPF Defendants.

With respect to its objection that the YPF Defendants wish to probe the bases for the Trust's contentions, "a party may make inquiries similar to contention interrogatories at 30(b)(6) depositions." *Yerkes v. Weiss*, Civil No. 17-2493 (NLH/AMD), 2019 WL 12056384, at *6 n.2 (D.N.J. Sep. 30, 2019) (citing *Radian Asset Assurance, Inc. v. Coll. of the Christian Bros. of New Mexico,* 273 F.R.D. 689, 691-92 (D.N.M. 2011)).

Finally, a review of the noticed topics shows that the Trust's objections, even if they were sufficiently specific, which they are not, are without merit.  Each topic in the Notice is tailored to specific issues raised in the Complaint and they are non-duplicative.  The topics do not seek information in possession of the YPF Defendants.

The Trust suggests that the YPF Defendants could obtain this information through more convenient, less burdensome, or less expensive means.  *See* Exhibit 6, General Responses and Objections ¶ 4.  It is not clear what alternative means the Trust contemplates as the Trust improperly refused to meet and confer with the YPF Defendants.  It cannot now rest on an opaque vague reference to alternative means without offering any specific alternatives before it forced the YPF Defendants to ask this Court to compel the Trust to sit for a Rule 30(b)(6) deposition.  But to the extent that the Trust suggests that they would be willing to answer the Rule 30(b)(6) topics in sworn, written form (whether contention interrogatories or otherwise), the YPF Defendants are amenable to discussing such a resolution.

\*    \*    \*

Motions to compel are not piecemeal exercises.  They can be expensive to litigate and consume judicial resources.  Having elected not to assert valid, identifiable objections and refusing to meet and confer, the Trust is not entitled to a second bite later.  Its objections should be overruled and this deposition should proceed as noticed.

In light of the foregoing, the YPF Defendants respectfully request that the Court compel a Trust Rule 30(b)(6) deposition, at a time to be agreed-upon by the parties, but not later than October 18, 2021, and overrule the Objections.  To the extent that the Trust raises in its response to this motion new bases for its Objection or claims prejudice that has never previously been asserted, the YPF Defendants reserve the right to respond in their reply.

Respectfully submitted,

Jeffrey A. Rosenthal