# Exhibit 6

**From:** Michael J. Farnan <mfarnan@farnanlaw.com>
**Sent:** Wednesday, September 8, 2021 4:57 PM
**To:** Lee, Charity E. <CharityLee@cgsh.com>; Smith, Erin <erin.smith@whitecase.com>; Rosenthal, Jeffrey A. <jrosenthal@cgsh.com>; MacKinnon, Ari <amackinnon@cgsh.com>; McDonald, Mark E. <memcdonald@cgsh.com>; Gonzalez, Katie <kgonzalez@cgsh.com>; Soto, Edward <edward.soto@weil.com>; Bach, Lara <Lara.Bach@weil.com>; Berman, Corey <Corey.Berman@weil.com>; Miller, Curtis <CMiller@morrisnichols.com>; Kuster, John J. <jkuster@sidley.com>
**Cc:** Shore, Christopher <cshore@whitecase.com>; Nicholson, Matthew <matthew.nicholson@whitecase.com>; Yoo, Jade <jade.yoo@whitecase.com>
**Subject:** RE: MLT v. YPF SA et al

Counsel,

    Attached please find the Trust's responses and objections to the YPF Defendants' Notice of Deposition of the Maxus Liquidating Trust [D.I. 491] and the Notice of Service for your files. As we've explained previously (including in the Trust's August 31 letter), the Notice is untimely and improper under the Case Management Plan and Scheduling Order [D.I. 396]. The Trust believes the proper course of action is for the YPF Defendants to seek relief from the Scheduling Order. The Trust is willing to discuss the topics of examination with you further, but we will not agree to a meet and confer until such relief is sought.

Michael

Michael J. Farnan
Farnan LLP
919 N. Market St.
12th Floor
Wilmington, DE 19801
Direct Dial: 302-777-0338
Fax: 302-777-0301

---

**From:** Lee, Charity E. <CharityLee@cgsh.com>
**Sent:** Thursday, September 2, 2021 6:47 PM
**To:** Smith, Erin <erin.smith@whitecase.com>; Rosenthal, Jeffrey A. <jrosenthal@cgsh.com>; MacKinnon, Ari <amackinnon@cgsh.com>; McDonald, Mark E. <memcdonald@cgsh.com>; Gonzalez, Katie <kgonzalez@cgsh.com>; Soto, Edward <edward.soto@weil.com>; Bach, Lara <Lara.Bach@weil.com>; Berman, Corey <Corey.Berman@weil.com>; Miller, Curtis <CMiller@morrisnichols.com>; Kuster, John J. <jkuster@sidley.com>
**Cc:** Shore, Christopher <cshore@whitecase.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Nicholson, Matthew <matthew.nicholson@whitecase.com>; Yoo, Jade <jade.yoo@whitecase.com>
**Subject:** RE: MLT v. YPF SA et al

Counsel,

Please see the attached correspondence.

Best,
Charity

———

**Charity E. Lee**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: cbelmonte@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2638
CharityLee@cgsh.com  | clearygottlieb.com

**From:** Smith, Erin <erin.smith@whitecase.com>
**Sent:** Tuesday, August 31, 2021 11:26 PM
**To:** Rosenthal, Jeffrey A. <jrosenthal@cgsh.com>; MacKinnon, Ari <amackinnon@cgsh.com>; McDonald, Mark E. <memcdonald@cgsh.com>; Gonzalez, Katie <kgonzalez@cgsh.com>; Lee, Charity E. <CharityLee@cgsh.com>; Soto, Edward <edward.soto@weil.com>; Bach, Lara <Lara.Bach@weil.com>; Berman, Corey <Corey.Berman@weil.com>; Miller, Curtis <CMiller@morrisnichols.com>; Kuster, John J. <jkuster@sidley.com>
**Cc:** Shore, Christopher <cshore@whitecase.com>; Michael J. Farnan <mfarnan@farnanlaw.com>; Nicholson, Matthew <matthew.nicholson@whitecase.com>; Yoo, Jade <jade.yoo@whitecase.com>
**Subject:** MLT v. YPF SA et al

Counsel,

Please see the attached correspondence.

Best,
Erin

**Erin Smith**  |  Associate
**T**  +1 212 819 2595     **E**   erin.smith@whitecase.com
White & Case LLP  |  1221 Avenue of the Americas  |  New York, NY 10020-1095

====================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.


====================================================================

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at: https://www.clearygottlieb.com/footer/privacy-statement

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MAXUS ENERGY CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 16-11501 (CSS)<br>(Jointly Administered) |
| MAXUS LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>YPF S.A., YPF INTERNATIONAL S.A., YPF HOLDINGS, INC., CLH HOLDINGS, INC., REPSOL, S.A., REPSOL EXPLORACION, S. A., REPSOL USA HOLDINGS CORP., REPSOL E&P USA, INC., REPSOL OFFSHORE E&P USA, INC., REPSOL E&P T&T LIMITED, and REPSOL SERVICES CO.,<br><br>Defendants. | Adversary Proceeding No. 18-50489 (CSS) |

**MAXUS LIQUIDATING TRUST'S RESPONSES AND OBJECTIONS TO DEFENDANT
YPF'S NOTICE OF DEPOSITION OF THE MAXUS LIQUIDATING TRUST**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure ("Federal Rules"), as made applicable by Rules 7026, 7030 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and the Local Rules of the United States District Court for the District of Delaware ("Local Rules"), made applicable hereto pursuant to the Local Rules for the United States Bankruptcy Court for the District of Delaware, the Maxus Liquidating Trust (the "Trust"), by and through its undersigned counsel, hereby submits the following responses and objections ("Responses and Objections") to Defendants YPF S.A., YPF International S.A., YPF Holdings,

Inc., and CLH Holdings, Inc. (the "YPF Defendants")'s *Notice of Deposition of the Maxus Liquidating Trust*, served on the Trust on August 27, 2021 [D.I. 491] (the "Notice"),[1] as follows:

**GENERAL RESPONSES AND OBJECTIONS**

The following general objections ("General Objections") apply to each Definition, Instruction, and Deposition Topic ("Topic"), and shall have the same force and effect as if fully set forth in the response to each individual Topic.  The Trust does not waive any General Objections by providing responses and objections to any specific Topic.

1.      The Trust objects to the Notice as improper and untimely under the relevant Case Management Plan and Scheduling Order.  The Parties were obliged to "exchange their initial lists of fact witnesses" by January 10, 2020.  *Amended Case Management Plan and Scheduling Order* ¶ 3.b.iii (July 22, 2020) [D.I. 230] (the "2020 Scheduling Order").  The YPF Defendants did not include a Trust 30(b)(6) witness on their initial list.  The 2020 Scheduling Order stated that the Parties should serve deposition notices no later than October 30, 2020.  *Id.* at ¶ 3.b.viii.  These deadlines remained unchanged in the operative Case Management Plan and Scheduling Order.  *See Third Amended Case Management Plan & Scheduling Order* (Apr. 20, 2021) [D.I. 396] ¶ 3.b.iii, viii.  As such, the YPF Defendants' Notice, served on August 27, 2021, fails to comply with the requisite deadlines.  In light of this, unless the YPF Defendants seek relief from the Court and the Court grants such relief over the Trust's objection, the Trust objects to the Notice as untimely and improper.

2.      The Trust objects to the Topics, including each and every Topic, Definition, and Instruction, to the extent that they purport to impose obligations that are broader than, or inconsistent with, those required or authorized by the Federal Rules, the Bankruptcy Rules, the

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Notice.

Local Rules or the Local Rules for the United States Bankruptcy Court for the District of Delaware, any Court order or opinion in the above-captioned adversary proceeding, or other applicable laws, rules or regulations.

3.      The Trust objects to the Topics to the extent that they seek disclosure of information protected from disclosure by the attorney-client privilege, the work-product doctrine, the common-interest or joint-defense privilege, or any other protection, privilege or immunity against disclosure.  Pursuant to Federal Rule of Evidence 502(d) as well as any other applicable laws, rules or regulations, if any privileged information is inadvertently disclosed, the Trust does not waive or intend to waive any privilege or immunity from discovery pertaining to such privileged information or to any other documents or information.

4.      As some of the YPF Defendants were Maxus Energy Corporation's ("Maxus") or its predecessors' indirect parent corporation during the relevant time period, the Trust objects to the Notice to the extent that it seeks information that is already in the possession of the YPF Defendants, or that is otherwise available to the YPF Defendants through more convenient, less burdensome, or less expensive means.

5.      The Trust objects to the Notice to the extent that the Topics seek information that is not relevant to this proceeding, or to the extent that the Topics are duplicative of each other or other discovery sought in this proceeding.

6.      The Trust objects to the Notice to the extent that the terms or phrases used therein are vague, ambiguous, or lack sufficient precision to allow the Trust to formulate an appropriate response.

7.      The Trust objects to the terms or phrases defined by the YPF Defendants to the extent that those terms and phrases are vague and/or ambiguous or beyond their customary

meanings.  The Trust has done its best to understand the terms in the Topics as used in context, but the Trust makes its responses and objections based on its understanding of such terms and it reserves the right to amend the responses and objections herein if the YPF Defendants assert meanings of such terms that are different from those employed by the Trust.

8.     The Trust objects to the Topics to the extent that they contain any factual and/or legal misrepresentation.

9.     If the Trust designates one or more witnesses in response to the Notice, that fact is not, and should not be construed as, an admission concerning the admissibility or relevance of any information.

10.     No specific objection to any Topic is to be construed as a waiver of any general objection applicable to the Topic.

11.     The Trust's failure to object to the Topics on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

12.     The Trust does not in any way waive or intend to waive, but rather preserves and intends to preserve: (a) all rights to object on any ground to the use of any document or information produced in response to the Topics or the subject matter thereof, in any subsequent proceeding; and (b) all rights to object on any ground to any request for further responses to the Topics or any requests.

13.     The Trust's responses and objections to the Topics are made to the best of its present knowledge, information and belief.  The objections are made without prejudice to the assertion of additional objections and responses by the Trust at a later date.  The Trust reserves the right to supplement and amend any or all of its responses and objections to the Topics, pursuant to Bankruptcy Rule 7026 and Federal Rule 26(e).

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      The Trust objects to the definition of "Oxy" set forth in Definitions Paragraph No. 11 to the extent the reference therein to "employees, officers, directors, agents, attorneys, representatives, independent consultants, successors, and assigns" is intended to comprise any of the three members of the Liquidating Trust Oversight Committee appointed by Occidental Chemical Corporation pursuant to Article VI.G of the Plan in their capacity as members of the Liquidating Trust Oversight Committee.

2.      The Trust objects to the definitions of "You" and "Your" set forth in Definitions Paragraph No. 17 to the extent that they extend or purport to extend to any person or entity other than the Trust.  The Trust further objects to the definition of "You" and "Your" to the extent that the definitions are intended to or used to seek from the Trust information that White & Case LLP, as counsel to the Trust, possesses solely by virtue of its representation of Occidental Chemical Corporation during the voluntary Chapter 11 Cases commenced on June 17, 2016 by the Debtors[2] and prior to confirmation of the Plan.[3]

## SPECIFIC REPSONSES AND OBJECTIONS

### Topic No. 1

With respect to each asset transfer or sale by any of the Debtors that You allege was fraudulent, the factual and evidentiary basis for such allegation, including but not limited to the factual and evidentiary basis for:

>   a.  Your allegation that the consideration for such transfers was less than fair market value or reasonably equivalent value;
>
>   b.  Your allegation that as a result or at the time of such transfer, Maxus or any other Debtors was insolvent or in the "zone of insolvency" (see Compl. ¶ 258); and

---

[2] Case No. 16-11501 (Bankr. D. Del.).

[3] *See Order Confirming Amended Chapter 11 Plan of Liquidation Proposed by Maxus Energy Corporation, et al. and the Official Committee of Unsecured Creditors Pursuant to Chapter 11 of the Bankruptcy Code*, Case No. 16-11501 (Bankr. D. Del., May 22, 2017) [ECF No. 1460] (the "Plan").

      c.  Your allegation that the YPF Defendants or the Repsol Defendants acted with actual or constructive fraudulent intent.

## RESPONSE TO TOPIC NO. 1

The Trust repeats and incorporates its General Objections.  The Trust further objects to this Topic as overbroad, unduly burdensome, and duplicative of other discovery requests, including Topics 3, 5, 6, 7 and 8.  The Trust also objects to this Topic to the extent that this Topic seeks information that is already in the possession of the YPF Defendants, or that is otherwise more appropriately addressed with the YPF and/or Repsol Defendants.  To the extent that this Topic seeks legal or expert analysis, the Trust objects as it would require the disclosure of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege or protection.  The Trust further objects to this Topic to the extent that it calls for legal conclusions.  Further, this is a contention topic that is not permitted in this District.

### Topic No. 2

With respect to each asset transfer or sale by any of the Debtors involving the aggregate consideration of $10 million or more that occurred after April 8, 1995 that You do not allege to be intentionally or constructively fraudulent, the factual and evidentiary basis for such determination.

## RESPONSE TO TOPIC NO. 2

The Trust repeats and incorporates its General Objections.  The Trust further objects to this Topic as overbroad, unduly burdensome, vague, and ambiguous.  The Trust also objects to this Topic to the extent that this Topic seeks information that is already in the possession of the YPF Defendants, or that is otherwise more appropriately addressed with the YPF and/or Repsol Defendants.  To the extent that this Topic seeks legal or expert analysis, the Trust objects as it would require the disclosure of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege or protection.  The Trust further objects to this Topic

to the extent that it calls for legal conclusions.  Further, this is a contention topic that is not permitted in this District.

### Topic No. 3

The factual and evidentiary basis for Your allegation of a Strategy, including but not limited to Your Allegation that "[t]he YPF Defendants, and later the Repsol Defendants, acted together and knowingly participated together in the Strategy, in order to enrich YPF and its affiliates, and subsequently Repsol and its affiliates, by transferring substantially all of the Debtors' valuable assets to YPF and its affiliates, and subsequently to Repsol and its affiliates, while stranding environmental liabilities at Maxus and Tierra" (Compl. ¶¶ 480-81; see Compl. ¶¶477-85).

### RESPONSE TO TOPIC NO. 3

The Trust repeats and incorporates its General Objections.  The Trust further objects to this Topic as overbroad, unduly burdensome, and duplicative of other discovery requests, including Topics 1 5, 6, 7, and 8.  The Trust also objects to this Topic to the extent that this Topic seeks information that is already in the possession of the YPF Defendants, or that is otherwise more appropriately addressed with the YPF and/or Repsol Defendants.  To the extent that this Topic seeks legal or expert analysis, the Trust objects as it would require the disclosure of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege or protection.  The Trust further objects to this Topic to the extent that it calls for legal conclusions. Further, this is a contention topic that is not permitted in this District.

### Topic No. 4

The factual and evidentiary basis for your reliance on *Tronox, Inc. v. Kerr McGee*, 503 B.R. 239 (Bankr. S.D.N.Y. 2013).

### RESPONSE TO TOPIC NO. 4

The Trust repeats and incorporates its General Objections.  The Trust further objects to this Topic as overbroad, unduly burdensome, vague, and ambiguous.  To the extent that this Topic seeks legal or expert analysis, the Trust objects as it would require the disclosure of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege or

protection.  The Trust further objects to this Topic to the extent that it calls for legal conclusions.

Further, this is a contention topic that is not permitted in this District.

### Topic No. 5

The factual and evidentiary basis for Your allegation of alter ego/veil piercing liability, including but not limited to Your allegation that the YPF Defendants and the Repsol Defendants "dominated and controlled Maxus with the intention of executing the Strategy so as to acquire and use Maxus's profitable assets for the benefit of Maxus's parent corporations and to strand Maxus's environmental liabilities to the detriment of Debtors' creditors" (Compl. ¶ 215; see Compl. ¶¶ 212-32).

### RESPONSE TO TOPIC NO. 5

The Trust repeats and incorporates its General Objections.  The Trust further objects to this Topic as overbroad, unduly burdensome, and duplicative of other discovery requests, including Topics 1 3, 6, 7, and 8.  The Trust also objects to this Topic to the extent that this Topic seeks information that is already in the possession of the YPF Defendants, or that is otherwise more appropriately addressed with the YPF and/or Repsol Defendants.  To the extent that this Topic seeks legal or expert analysis, the Trust objects as it would require the disclosure of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege or protection.  The Trust further objects to this Topic to the extent that it calls for legal conclusions. Further, this is a contention topic that is not permitted in this District.

### Topic No. 6

The factual and evidentiary basis for Your claim of unjust enrichment (Count XXII of the Complaint), including but not limited to Your allegation that the YPF Defendants and Repsol Defendants "received a benefit through their scheme of transferring Maxus's assets to other entities controlled by YPF and Repsol, in an attempt to prevent those assets from being used to satisfy the claims owed by Maxus to its creditors" (Compl. ¶ 474; see Compl. ¶¶ 473-76).

### RESPONSE TO TOPIC NO. 6

The Trust repeats and incorporates its General Objections.  The Trust further objects to this Topic as overbroad, unduly burdensome, and duplicative of other discovery requests, including

Topics 1 3, 5, 7, and 8.  The Trust also objects to this Topic to the extent that this Topic seeks information that is already in the possession of the YPF Defendants, or that is otherwise more appropriately addressed with the YPF and/or Repsol Defendants.  To the extent that this Topic seeks legal or expert analysis, the Trust objects as it would require the disclosure of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege or protection.  The Trust further objects to this Topic to the extent that it calls for legal conclusions. Further, this is a contention topic that is not permitted in this District.

**Topic No. 7**

The factual and evidentiary basis for Your allegations that the Special Independent Committee was formed "[a]s a first step in this final phase of the Strategy," that the investigation and subsequent settlement negotiations were "hardly searching" and "hastily expedited," and that the SIC acted improperly (or that the YPF Defendants acted improperly with respect to the SIC) in any respect, including but not limited to all actions or inactions taken or not taken by or with respect to the SIC that you contend were improper (Compl. ¶¶ 201-02).

**RESPONSE TO TOPIC NO. 7**

The Trust repeats and incorporates its General Objections.  The Trust further objects to this Topic as overbroad, unduly burdensome, and duplicative of other discovery requests, including Topics 1 3, 5, 6, and 8.  The Trust also objects to this Topic to the extent that this Topic seeks information that is already in the possession of the YPF Defendants, or that is otherwise more appropriately addressed with the YPF and/or Repsol Defendants.  To the extent that this Topic seeks legal or expert analysis, the Trust objects as it would require the disclosure of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege or protection.  The Trust further objects to this Topic to the extent that it calls for legal conclusions. Further, this is a contention topic that is not permitted in this District.

**Topic No. 8**

The factual and evidentiary basis underlying Your allegations in the Complaint, including all facts that You contend support or will support Your allegations, that:

a. "Defendants here were the collective architects of the scheme at issue in this action" (Compl. ¶ 1);

b. "In the months following the closing of its stock purchase, YPF began to fully appreciate the potential for total destruction of the company it had just purchased" (Compl. ¶ 8);

c. "YPF management and its outside counsel . . . downplayed the risks associated with the Maxus acquisition, as they believed they could 'manage' Maxus's environmental liabilities" (Compl. ¶ 62);

d. "Maxus was undercapitalized and in the zone of insolvency as a result of the LBO" (Compl. ¶ 70);

e. "YPF immediately formulated and gambled on [the Strategy] by which YPF would siphon Maxus's assets for its own benefit, isolate the massive environmental liabilities from Maxus's revenue-producing assets, and keep Maxus on life support for as long as possible, while simultaneously avoiding that a single creditor remain unpaid before YPF could implement the final phase of the Strategy" (Compl. ¶¶ 73-74);

f. "YPF fully recognized in its Strategy that the environmental liabilities could far exceed the limited Contribution Agreement cap" (Compl. ¶ 83);

g. "YPF required Maxus to use its own personnel to manage those assets [YPFI's international assets] for YPFI without fair consideration" (Compl. ¶ 97);

h. "YPF also benefitted from the sales [the YPFI Transfers] to the detriment of Maxus's creditors" (Compl. ¶ 124);

i. "Repsol and YPF controlled Maxus's purse strings and restricted Maxus executives' authority to make decisions and implement strategies at Maxus without excessive parental control," and "YPF refused to allow Maxus to pursue additional corporate opportunities" (Compl. ¶¶ 156, 181);

j. "In August 2012, YPF created and developed a business plan for Maxus and YPFH" and "estimated Maxus's environmental remedial expenses as between $900 million and $2.3 billion over ten years" (Compl. ¶ 175);

k. "To implement Project Jazz, YPF hired two 'independent' directors in 2014" whose "sole function was to reach a settlement with YPF that could be approved in a U.S. Bankruptcy Court over the certain objection of the subsidiaries' creditors" (Compl. ¶ 14); and

l. "[T]he necessary financial support" to cover "Maxus's environmental liabilities" "take[s] the form of up to $14 billion in damages that Maxus and Tierra sustained

as a result of the systemic fraudulent conveyances, alter ego transgressions and other conduct supporting the causes of action set forth therein" (Compl. ¶ 17).

**RESPONSE TO TOPIC NO. 8**

The Trust repeats and incorporates its General Objections.  The Trust further objects to this Topic as overbroad, unduly burdensome, and duplicative of other discovery requests, including Topics 1 3, 5, 6, and 7.  The Trust also objects to this Topic to the extent that this Topic seeks information that is already in the possession of the YPF Defendants, or that is otherwise more appropriately addressed with the YPF and/or Repsol Defendants.  To the extent that this Topic seeks legal or expert analysis, the Trust objects as it would require the disclosure of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege or protection.  The Trust further objects to this Topic to the extent that it calls for legal conclusions. Further, this is a contention topic that is not permitted in this District.

**Topic No. 9**

The involvement of any creditors of the Debtors in Your formation or operation, including without limitation Your communications with, and/or funding received by, Debtors' creditors, including but not limited to Oxy.

**RESPONSE TO TOPIC NO. 9**

The Trust repeats and incorporates its General Objections.  The Trust further objects to this Topic to the extent that it purports to require the disclosure of information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege or protection.  The Trust also objects to the extent that information responsive to this Topic is a matter of public record.

Dated: September 8, 2021

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

J. Christopher Shore (admitted *pro hac vice*)
Matthew L. Nicholson (admitted *pro hac vice*)
Erin M. Smith (admitted *pro hac vice*)
Brett L. Bakemeyer (admitted *pro hac vice*)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 819-8200
cshore@whitecase.com
matthew.nicholson@whitecase.com
erin.smith@whitecase.com
brett.bakemeyer@whitecase.com

*Attorneys for the Liquidating Trust*

## <u>CERTIFICATE OF SERVICE</u>

I, Michael J. Farnan, hereby certify that on September 8, 2021, a copy of Maxus

Liquidating Trust's Responses and Objections to Defendant YPF's Notice of Deposition of The

Maxus Liquidating Trust was on the following as indicated:

<u>Via E-Mail</u>
Adam G. Landis
Matthew B. McGuire
LANDIS RA TH & COBB LLP
919 Market Street, Suite 1800
Wilmington, Delaware 19801
landis@lrclaw.com
mcguire@lrclaw.com

*Counsel for the YPF Defendants*

<u>Via E-Mail</u>
Howard Zelbo
Victor L. Hou
Ari D. MacKinnon
Jeffrey A. Rosenthal
Mark E. McDonald
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
hzelbo@cgsh.com
vhou@cgsh.com
amackinnon@cgsh.com
jrosenthal@cgsh.com
memcdonald@cgsh.com

*Counsel for the YPF Defendants*

John J. Kuster
Martin B. Jackson
Andrew P. Propps
Elizabeth Gates
SIDLEY AUSTIN LLP
jkuster@sidley.com
mjackson@sidley.com
apropps@sidley.com
elizabeth.gates@sidley.com

*Counsel for the YPF Defendants*

/s/ Michael J. Farnan
Michael J. Farnan (Bar No. 5165)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MAXUS ENERGY CORPORATION *et al.*, | Case No. 16-11501 (CSS) |
| Debtors.[1] | Jointly Administered |
| MAXUS LIQUIDATING TRUST, | |
| Plaintiff, | Adv. Proc. No. 18-50489 (CSS) |
| v. | |
| YPF S.A., et al., | |
| Defendants. | |

## <u>NOTICE OF SERVICE</u>

PLEASE TAKE NOTICE that on September 8, 2021, a copy of Maxus Liquidating

Trust's Responses and Objections to Defendant YPF's Notice of Deposition of The Maxus

Liquidating Trust was served on the following as indicated:

<u>Via E-Mail</u>
Adam G. Landis
Matthew B. McGuire
LANDIS RA TH & COBB LLP
919 Market Street, Suite 1800
Wilmington, Delaware 19801
landis@lrclaw.com
mcguire@lrclaw.com

*Counsel for the YPF Defendants*

<u>Via E-Mail</u>
John J. Kuster
Martin B. Jackson
Andrew P. Propps
Elizabeth Gates
SIDLEY AUSTIN LLP
jkuster@sidley.com
mjackson@sidley.com
apropps@sidley.com
elizabeth.gates@sidley.com

*Counsel for the YPF Defendants*

---

[1] The Debtors in the above-captioned Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Maxus Energy Corporation (1531), Tierra Solutions, Inc. (0498), Maxus International Energy Company (7260), Maxus (U.S.) Exploration Company (2439), and Gateway Coal Company (7425).  The address of each of the Debtors is 10333 Richmond Avenue, Suite 1050, Houston, Texas 77042.

<u>Via E-Mail</u>
Howard Zelbo
Victor L. Hou
Ari D. MacKinnon
Jeffrey A. Rosenthal
Mark E. McDonald
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
hzelbo@cgsh.com
vhou@cgsh.com
amackinnon@cgsh.com
jrosenthal@cgsh.com
memcdonald@cgsh.com

*Counsel for the YPF Defendants*


Dated: September 8, 2021

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

J. Christopher Shore (admitted *pro hac vice*)
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036-2787
(212) 819-8200
cshore@whitecase.com

*Attorneys for the Liquidating Trust*