

September 15, 2021

**VIA E-FILING**
The Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 Market Street
Wilmington, Delaware 19801

*Re: Maxus Liquidating Trust v. YPF S.A., et al.*, **Adv. No. 18-50489-CSS**

Dear Judge Sontchi:

We write on behalf of the Maxus Liquidating Trust (the "Trust") to address the YPF Defendants' motion to compel, filed on September 13, 2021 [D.I. 514] (the "Motion" or "Mot.") which requests that the Court order the Trust to comply with the YPF Defendants' Notice of Deposition (the "Notice") of the Trust pursuant to Rule 30(b)(6) [D.I. 491] and overrule the Trust's objections to the Notice.

The premise of the YPF Defendants' Motion is that when the YPF Defendants first informed the Trust that they wished to take a 30(b)(6) deposition two weeks prior to the fact discovery deadline, such request was timely and obligated the Trust to produce a witness to testify on topics that were only articulated in a notice served two weeks after the close of fact discovery. That is not how this scheduling order works.

On December 20, 2019, the Parties in this action agreed to and the Court entered the *Case Management Plan and Scheduling Order* [D.I. 212]. That scheduling order explicitly included several deadlines and obligations on the Parties, including, pursuant to ¶ 3.b.iii., an obligation to "exchange initial lists of fact witnesses they intend to depose" on January 10, 2020. On January 10, 2020, the Defendants collectively listed thirty-two witnesses, including the "Hon. Joseph J. Farnan, Jr., Liquidating Trustee" and nine 30(b)(6) witnesses. The Defendants' list did not include a Trust 30(b)(6) witness.

On July 22, 2020, the Parties agreed to and the Court entered the *Amended Case Management Plan and Scheduling Order* [D.I. 230] (the "2020 Scheduling Order"). The 2020 Scheduling Order maintained the January 10 deadline and also provided, pursuant to ¶ 3.b.viii, that October 30, 2020 was the last date "by which parties may serve deposition notices on any other Party." In advance of the October 30, 2020 deadline, the YPF Defendants noticed twelve depositions, including nine individual depositions and three depositions of third parties pursuant to Rule 30(b)(6). The YPF Defendants (and Repsol Defendants) did not serve a notice of deposition of Mr. Farnan,[1] nor did they notice a 30(b)(6) deposition of the Trust.

On April 20, 2021, the Parties agreed to and the Court entered the *Third Amended Case Management Plan and Scheduling Order* [D.I. 396] (the "Scheduling Order"). The Scheduling Order remains operative, maintains the January 10, 2020 and October 30, 2020 deadlines, and,

---

[1] In addition to Mr. Farnan there were eleven witnesses listed on the Defendants' initial list of potential witnesses who were not ultimately noticed. Neither the YPF Defendants nor the Repsol Defendants have sought a deposition of those witnesses.

pursuant to ¶ 3.b.ix., sets August 16, 2021 as the "date by which all fact discovery shall be complete." The Scheduling Order—as well as the prior scheduling orders and the proposed scheduling order the Parties have been negotiating this week—further provides that "[t]he Parties may, on written agreement, modify any of the provisions in paragraphs 3(a), (b), and (c)" or "[t]he Court may modify any provision hereof but will only do so on a finding of a risk of irreparable harm."

Based upon these deadlines, the time for YPF Defendants to seek a 30(b)(6) deposition of the Trust passed nearly one year ago.

As is clear from the correspondence that the YPF Defendants attach to the Motion, the first time the YPF Defendants stated they wished to take a 30(b)(6) deposition of the Trust—in response to a request for clarification from counsel to the Trust—was on August 3, 2020.[2] Mot. Ex. 3 at 5. The next day, the Trust told the YPF Defendants it viewed the request for a deposition of Mr. Farnan (either in his individual capacity or as a Rule 30(b)(6) designee) to be untimely pursuant to the Scheduling Order. *Id*. at 3–4. The Trust further stated that, among other things, the close of fact discovery was twelve days away and the YPF Defendants had yet to identify any proposed topics for the examination. *Id*. Therefore, the Trust saw "no good cause here to extend or modify the agreed scheduling deadlines to allow for the proposed deposition without limitation." *Id*. at 4. Nevertheless, the Trust proposed a reasonable compromise and offered to discuss a limited deposition of Mr. Farnan if the YPF Defendants dropped their request for a 30(b)(6) deposition.

The YPF Defendants did not respond to the Trust until the August 16 fact discovery deadline had come and gone. On August 19, 2021, the YPF Defendants sent an email requesting that the Trust propose a date for a 30(b)(6) deposition of the Trust. Mot Ex. 3. at 3. The next day, the Trust again stated that (1) the YPF Defendants had never noticed a Rule 30(b)(6) deposition of the Trust and (2) the Trust did not agree to extend or modify the relevant deadlines under the Scheduling Order. *Id*. at 2.

On August 27, 2021, the YPF Defendants purported to serve the Notice (and for the first time provided the Trust with topics of examination). On August 31, 2021, the Trust stated that it would not agree to make Mr. Farnan (or any other representative) available for deposition, "unless and until the YPF Defendants seek relief from the Court—and the Court grants such relief over the Trust's objection." Mot. Ex. 4 at 3. On September 2, 2021, the YPF Defendants stated they disagreed with the Trust's position and requested that the Parties meet and confer after the YPF Defendants received additional objections (if any) to the topics of examination from the Trust. Mot. Ex. 5. When the Trust served its responses and objections to the Notice on September 8, 2021, the Trust stated in its cover email that, while the Trust believed the proper course of action was for the YPF Defendants to seek relief from the Scheduling Order, the Trust was "willing to discuss the topics of examination with you further" if such relief was sought (and impliedly, granted). Mot. Ex. 6 at 2.

---

[2] The Trust does not wish to engage in litigating telephone conversations between counsel to the Trust and counsel to the YPF Defendants. We note only that counsel to the Trust disputes (and has disputed) the YPF Defendants' self-serving and materially incomplete "memorialization" of conversations on July 30 and August 3, 2021.

      The YPF Defendants have not requested that the Court grant them relief from the January 10, 2020, October 30, 2020, and August 16, 2021 deadlines established in paragraphs 3.b.iii, 3.b.viii, or 3.b.ix of the Scheduling Order.  Nor have the YPF Defendants offered a single reason why the Trust should agree to modify and extend those deadlines, let alone made a showing that they would suffer "irreparable harm" such that the Court should exercise its discretion and modify the Scheduling Order over the objection of the Trust.  *See* Scheduling Order ¶ 4.  (The Trust reserves all rights should YPF formally seek relief from the Scheduling Order.)

      As to the YPF Defendants' further request that the Court overrule the remaining objections of the Trust, the Trust contends that its responses and objections to the Notice were proper under the Federal Rules.[3]  In any event, the YPF Defendants' argument that the Court should overrule the Trust's objections because the Trust has refused to meet and confer in contravention of Rule 30 must fail.  As described above, the Trust told the YPF Defendants that it was willing to meet and confer on the topics of examination, subject to the Court's direction.  Were the Court inclined to grant the Motion, the Trust will meet and confer, and comply with any order of the Court.

      \*    \*    \*

      In light of the foregoing, the Trust requests that the Court deny the YPF Defendants' Motion.

Respectfully submitted,

/s/ Michael J. Farnan

Michael J. Farnan

cc: Counsel of Record (Via E-Filing)

---

[3] Among other things, the Trust stands by its objections that the YPF Defendants' topics were contention deposition categories.  Contention deposition categories are not permissible in Delaware.  *See, e.g.*, Hearing Transcript at 28:10-14, *Chalumeau Power Sys. LLC v. Alcatel-Lucent USA, Inc.*, No. 11-1175-RGA (D. Del. Oct. 4, 2013) (Andrews, J.) ("contention depositions are not fair to whomever's being asked to formulate these things"); Hearing Transcript at 4:14–17, *Axiohm IPS Inc. v. Epson Am., Inc.*, No. 00-420-SLR (D. Del. Mar. 28, 2001) (No. 54) (Robinson, C.J.) ("[W]e don't do contention depositions in this district.").