# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE



**CHRISTOPHER S. SONTCHI**
**JUDGE**

**824 N. MARKET STREET**
**WILMINGTON, DELAWARE**
**(302) 252-2888**

September 20, 2021

**VIA CM/ECF**

Brian E. Farnan
Michael J. Farnan
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE 19801

   -and-

J. Christopher Shore
Matthew L. Nichols
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020

Adam G. Landis
Matthew B. McGuire
LANDIS RATH & COBB LLP
919 Market Street
Suite 1800
Wilmington, DE 19801

   -and-

Jeffrey A. Rosenthal
Ari D. MacKinnon
Mark E. McDonald
CLEARY GOTTLIEB STEEN
& HAMILTON LLP
One Liberty Plaza
New York, New York 10006

   -and-

John J. Kuster
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019

   RE:   Maxus Energy Corporation, et al., 16-11501
           <u>Maxus Liquidating Trust v. YPF, S.A., et al., 18-50489</u>

Dear Counsel,

     Before me is the YPF Defendants' motion to compel, filed on September 13, 2021 [D.I. 514] (the "Motion"), which requests that the Court order the Maxus Liquidating Trust (the "Trust") to comply with the YPF Defendants' Notice of Deposition (the

"Notice") of the Trust, pursuant to Rule 30(b)(6) [D.I. 491] and overrule the Trust's objections ("Objections") to the Notice. For the reasons set forth below, the Court will deny the Motion.

On December 20, 2019, the parties agreed to and I entered the Case Management Plan and Scheduling Order [D.I. 212]. That scheduling order included several deadlines and obligations on the parties, including, pursuant to ¶3(b)(iii), an obligation to "exchange initial lists of fact witnesses they intend to depose" on January 10, 2020. On January 10, 2020, the Defendants collectively listed thirty-two witnesses, including the "Hon. Joseph J. Farnan, Jr., Liquidating Trustee" and nine 30(b)(6) witnesses. The Defendants' list did not include the Trust as a Rule 30(b)(6) witness. On July 22, 2020, the parties agreed to and I entered the Amended Case Management Plan and Scheduling Order [D.I. 230] (the "2020 Scheduling Order"). The 2020 Scheduling Order maintained the January 10 deadline and provided, pursuant to ¶3(b)(viii), that October 30, 2020, was the last date "by which parties may serve deposition notices on any other Party." In advance of the October 30, 2020, deadline, the YPF Defendants noticed twelve depositions, including nine individual depositions and three depositions of third parties, pursuant to Rule 30(b)(6).[1] Neither the YPF Defendants nor the Repsol Defendants served a notice of deposition of Mr. Farnan, nor did they notice a Rule 30(b)(6) deposition of the Trust.

On April 20, 2021, the parties agreed to and I entered the Third Amended Case Management Plan and Scheduling Order [D.I. 396] (the "Scheduling Order"). The Scheduling Order maintains the January 10, 2020, and October 30, 2020, deadlines, and, pursuant to ¶3(b)(ix), sets August 16, 2021, as the "date by which all fact discovery shall be complete." The Scheduling Order - as well as the prior scheduling orders and the Fourth Amended Case Management Plan and Scheduling Order [D.I. 522] entered on September 18, 2021 - further provides that "[t]he Parties may, on written agreement, modify any of the provisions in paragraphs 3(a), (b), and (c)" or "[t]he Court may modify any provision hereof but will only do so on a finding of a risk of irreparable harm." Based upon these deadlines, absent agreement of the parties or a showing of irreparable harm, the time for YPF Defendants to seek a 30(b)(6) deposition of the Trust expired 11 months ago.

On August 27, 2021, the YPF Defendants served the Notice. On August 31, 2021, the Trust stated that it would not agree to make Mr. Farnan (or any other representative) available for deposition, "unless and until the YPF Defendants seek relief from the Court - and the Court grants such relief over the Trust's objection." Mot. Ex. 4 at 3. On September 13, 2021, the YPF Defendants filed the Motion. On September 15, 2021, the Trust filed a response to the Motion, and, on September 17, 2021, the YPF Defendants

---

[1] On June 23, 2020, I issued an opinion in which I held, among other things, that that each side (not party) was permitted to take the depositions of no more than 20 fact witnesses. *In re Maxus Energy Corp.*, 617 B.R, 806, 814 (Bankr. D. Del. 2020).

filed their reply. I determined that oral argument was not necessary. This is my decision on the Motion.

Under the clear terms of the scheduling orders and the actions and/or inaction of the parties through counsel, the time to notice a deposition of the Trust under Rule 30(b)(6) has expired. As the Trust has not agreed to the deposition, the YPF Defendants must demonstrate there is a risk they will suffer irreparable harm if I do not require the deposition to occur. This they have not done. Indeed, in neither the Motion nor the reply do the YPF Defendants request that the Court grant them relief from the January 10, 2020, October 30, 2020, and August 16, 2021, deadlines established in paragraphs 3(b)(iii), 3(b)(viii), or 3(b)(ix) of the Scheduling Order. Nor do they make any showing that there is a risk they will suffer irreparable harm if I do not order the deposition to occur.

I see no reason to ignore the plain meaning of the negotiated and approved Scheduling Order (as recently amended) and to require the Trust to sit for a Rule 30(b)(6) deposition when the YPF Defendants have not met the burden established in the Scheduling Order. The YPF Defendants decided not to notice these depositions in a timely manner. They have not shown that requiring them to live with the consequences of that decision would risk causing them irreparable harm. Rather, the YPF Defendants argue that they committed a "foot fault" in not serving a formal notice of the Trust's deposition by October 30, 2020.[2] I reject the YPF Defendants' attempt to trivialize the significance of the deadlines in the scheduling orders. Compliance with scheduling orders such as those in this case is critical to the orderly management of litigation, especially in a case of this magnitude.

In addition, the YPF Defendants rely on a misguided fairness argument, i.e., because I allowed the parties to pursue what I characterized as tardy cross motions to compel the production of documents, including those over which the YPF Defendants had asserted attorney client privilege,[3] I should allow the YPF Defendants to proceed with a tardy notice of deposition. The two requests, however, are based on different facts that lead to different conclusions. As to the motion to compel the production of documents, the Trust presented evidence that showed its counsel could not have known the attorney client privilege did not apply or had been waived until they took certain depositions in May-July 2021. Then several weeks were spent in conferring with the YPF Defendants before the motion was filed. Thus, although the request was made at the "11th hour" of document discovery, I allowed the motion to go forward because the Trust was acting on new information and it had not been dilatory. As to the deposition,

---

[2] Given the attention paid to the number of depositions to be allowed (*see n 1., supra.*), I find it highly unlikely the YPF Defendants made a "foot fault." Indeed, I expect it was a conscious decision to forego the Rule 30(b)(6) deposition of the Trust in lieu of allocating the limited number of depositions to higher priority targets. The YPF Defendants have not offered any contemporaneous evidence regarding the failure to notice the Rule 30(b)(6) deposition of the Trust in October 2020.

[3] *In re Maxus Energy Corp.*, Adv. Pro. No. 18-50489, 2021 WL 3619900 at *1 (Bankr. D. Del. Aug. 16, 2021). In that decision, I granted, in part, the YPF Defendants' own "tardy" motion to compel. *Id*. at *4.

however, there has been no allegation of the discovery of new information or any other excuse for delay. Rather, counsel has simply decided to change tactics after the deadline has long passed. Fairness does not require me to grant the Motion.

Finally, the YPF Defendants cite to several cases standing for the proposition that courts have the discretion to manage their dockets.[4] They then argue that I should exercise that discretion by ignoring the terms of the Scheduling Order and requiring the deposition of the Trust. I agree I have the discretion to grant the Trust's request. However, I choose to exercise the discretion to manage my docket by requiring the parties to follow the dictates of my orders, especially when entered with their consent.

Since the time to notice the deposition has long passed and the YPF Defendants have failed to meet their burden for its extension, the Motion will be denied, the Notice will be quashed, and the YPF Defendants' request that I overrule the Objections to the Notice is moot.

Sincerely,

Christopher S. Sontchi
United States Bankruptcy Judge

---

[4] *See Katz v. Feldman*, C.A. No. 18-213 (MN), 2019 WL 266945, at *2 (D. Del. Jan. 18, 2019) (stating that every court has the inherent authority to manage its docket); *Gomez v. Trs. of Harvard Univ.*, 676 F.Supp. 13, 15 (D.D.C. 1987) (finding that courts have the inherent authority to modify pre-trial procedural deadlines to serve the best interests of justice*); Michaud v. Baker*, Case No. 3:17-cv-00718-MMD-CBC, 2019 WL 1292679, at *1 (D. Nev. Mar. 20, 2019) (granting enlargement of a stay pursuant to Court's power to control its docket and Fed. R. Civ. P. 6(b)(1)).