**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MAXUS ENERGY CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 16-11501 (CSS)<br>(Jointly Administered) |
| MAXUS LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>YPF S.A., YPF INTERNATIONAL S.A., YPF HOLDINGS, INC., CLH HOLDINGS, INC., REPSOL, S.A., REPSOL EXPLORACIÓN, S.A., REPSOL USA HOLDINGS CORP., REPSOL E&P USA, INC., REPSOL OFFSHORE E&P USA, INC., REPSOL E&P T&T LIMITED, and REPSOL SERVICES CO.,<br><br>Defendants. | Adv. Proc. No. 18-50489 (CSS) |

## NOTICE OF INTENT TO SERVE SUBPOENA

**PLEASE TAKE NOTICE** that the Repsol Defendants plan to serve the attached ***Repsol Defendants'***

***Subpoena to Testify at a Deposition*** via personal service on the following:

> **Deborah L. Butler**
> **6822 22nd Ave North**
> **#202**
> **St. Petersburg, FL 33710**

Dated: January 14, 2022

                                             */s/ Daniel B. Butz*
                                             MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                             Robert J. Dehney (No. 3578)
                                             Curtis S. Miller (No. 4583)
                                             Daniel B. Butz (No. 4227)
                                             1201 North Market Street
                                             P.O. Box 1347
                                             Wilmington, Delaware 19899-1347
                                             Telephone: (302) 658-9200
                                             Facsimile: (302) 658-3989

                                             *- and -*

WEIL, GOTSHAL & MANGES LLP
Edward Soto
1395 Brickell Avenue
Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159
*Attorneys for Repsol Defendants*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MAXUS ENERGY CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 16-11501 (CSS)<br>(Jointly Administered) |
| MAXUS LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>YPF S.A., YPF INTERNATIONAL S.A., YPF HOLDINGS, INC., CLH HOLDINGS, INC., REPSOL, S.A., REPSOL EXPLORACIÓN, S.A., REPSOL USA HOLDINGS CORP., REPSOL E&P USA, INC., REPSOL OFFSHORE E&P USA, INC., REPSOL E&P T&T LIMITED, and REPSOL SERVICES CO.,<br><br>Defendants. | Adv. Proc. No. 18-50489 (CSS) |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

**To:** Deborah L. Butler
6822 22nd Ave North
#202
St. Petersburg, FL 33710

🕱 *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Magna Legal Services, 360 Central Avenue, Suite 800, St. Petersburg, FL 33701, or via videoconference technology, with details to follow | January 31, 2022 at 9:30am (EST) |

The deposition will be recorded by this method:

Audiovisual and stenographic recording

---

[1] The Debtors in the above-captioned Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Maxus Energy Corporation (1531), Tierra Solutions, Inc. (0498), Maxus International Energy Company (7260), Maxus (U.S.) Exploration Company (2439), and Gateway Coal Company (7425). The address of each of the Debtors is 10333 Richmond Avenue, Suite 1050, Houston, Texas 77042.

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material described in attached Schedule A.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

The name, address, email address, and telephone number of the attorney representing *(name of party)* who issues or requests this subpoena, are:

Dated: January 14, 2022

/
**WEIL, GOTSHAL & MANGES LLP**
Edward Soto
Edward.soto@weil.com
Lara Bach
Lara.bach@weil.com
Corey Berman
Corey.berman@weil.com
1395 Brickell Avenue
Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159

*Counsel to the Repsol Defendants*

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ 0.00.

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

WEIL:\98453296\2\69508.0009

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

   *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

   *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

## SCHEDULE A

## **DEFINITIONS**

1. The term "Bankruptcy Case" means the bankruptcy case of any of the Debtors pending as of the date hereof in the United States Bankruptcy Court for the District of Delaware, jointly administered under the caption *In re Maxus Energy Corporation*, et al., Case No. 16-11501 (CSS).

2. The term "communication" means any oral, written, electronic or other transfer of information, ideas, opinions, or thoughts by any means or forms from the person or thing.

3. The term "concerning" means relating to, referring to, describing, evidencing or constituting. In this regard, a document or communication "concerning," a given subject matter means any document or communications that relates to, refers to, describes, evidences, constitutes, is incidental to, contains, pertains to, embodies, comprises, reflects, indicates, records, memorializes, evaluates, considers, reviews, reports, demonstrates, identifies, discusses, mentions, states, deals with, comments on, responds to, analyzes, or is in any way pertinent to that subject, including, without limitation, documents concerning the presentation of other documents.

4. The term "Debtors" means Maxus, Tierra, MIEC, MUSE, Gateway, and their respective predecessors, collectively. Each is further defined below.

5. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the phrase "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a), including, without limitation, communications and electronic or computerized data compilations. The terms "Document" and "Documents" are used herein in the broadest possible sense, including, without limiting the generality of this definition, any writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation, including, but not limited to, any written, typed, or other graphic material, of any kind or nature, including communications, and any other tangible thing by or on which information or data is stored or can be obtained, translated (if necessary) by You through detection devices into reasonably usable form, including, without limitation, any writing, drawing, film, graph, chart,

photograph, telephone record, mechanical or electrical sound recording or transcript thereof; any retrievable data, whether in computer storage, carded, punched, taped or coded form or stored electrostatically, electromagnetically, or otherwise; and any other data compilation from which information can be obtained. Without limiting the generality of the foregoing, "Document" specifically includes all communications, contracts, agreements, electronic mails, forms, correspondence, letters, telegrams, telephone messages, notices, notes, memoranda, computer files, reports, studies, analyses, working papers, summaries, statistical statements, financial statements, financial analyses, opinions, forecasts, budgets, projections, audits, press releases, brochures, pamphlets, circulars, minutes of meetings, notes and summaries of investigations, diaries, minutes, statements, worksheets, books, journals, ledgers, maps, diagrams, drafts, newspapers, appointment books, desk calendars, inter- and intraoffice memos and communications, faxes, and telexes. Such term shall also include all contemporaneously or subsequently created non-identical duplicates or copies and all drafts, preliminary versions, or revisions of documents, whether completed or not, by whatever means made. As used in these Requests, "Document" also includes every "Document" that is no longer identical by virtue of any notation or modification of any kind.

6. The term "Gateway" means Gateway Coal Company and its predecessors (including Diamond Gateway Coal Company and Wheeling Gateway Coal Company), and with respect to each, its past and present employees, officers, directors, agents, attorneys, representatives, independent consultants, predecessors, successors, and assigns.

7. The term "including" means including, but not limited to.

8. The term "Litigation" shall mean the matter styled as *Maxus Liquidating Trust v. YPF S.A. et al.,* Adversary Proceeding Number 18-50489-CSS, currently pending in the United States Bankruptcy Court for the District of Delaware.

9. The term "Maxus" means Maxus Energy Corporation and its predecessors, and with respect to each, its past and present employees, officers, directors, agents, attorneys, representatives, independent consultants, predecessors, successors, and assigns.

10. "Maxus Liquidating Trust" means Maxus Liquidating Trust and its past and present employees, officers, directors, agents, attorneys, representatives, independent consultants, predecessors, successors, and assigns.

11. The term "MIEC" means Maxus International Energy Company and its predecessors, and with respect to each, its past and present employees, officers, directors, agents, attorneys, representatives, independent consultants, predecessors, successors, and assigns.

12. The term "MUSE" means Maxus (U.S.) Exploration Company and its predecessors, and with respect to each, its past and present employees, officers, directors, agents, attorneys, representatives, independent consultants, predecessors, successors, and assigns.

13. The term "New Jersey Litigation" shall mean the matter styled as *New Jersey Department of Environmental Protection et al. v. Occidental Chemical Corporation et al.*, No. L-9868-05 (PASR) (N.J. Super Ct. Jan. 13, 2015).

14. The term "Petition Date" means June 17, 2016.

15. The term "Repsol Defendants" means Repsol S.A., Repsol Exploración, S.A., Repsol USA Holdings, Corp., Repsol E&P USA, Inc., Repsol Offshore E&P USA, Inc., Repsol E&P T&T Limited and Repsol Services Company.

16. The term "Tierra" means Tierra Solutions, Inc. and its predecessors, and with respect to each, its past and present employees, officers, directors, agents, attorneys, representatives, independent consultants, predecessors, successors, and assigns.

17. The terms "You" and "Your" means Deborah L. Butler and your current and former employees, agents, attorneys, and representatives.

18. The term "YPF Defendants" means YPF S.A., YPF International Ltd., YPF Holdings, Inc., and CLH Holdings, Inc.

**INSTRUCTIONS**

1. The Requests require You to produce all Documents called for that were created or originated by you, or that came into Your possession (or the possession of Your employees, agents, accountants, auditors, attorneys, or other professional personnel acting on Your behalf or under Your direction and/or control), from all files or other sources, wherever located and whether active, in storage, or otherwise.

2. Please read the requests with the following instructions in mind:

   a. the singular shall include the plural and vice versa;

   b. the masculine, feminine or neuter pronoun shall not exclude other genders;

   c. the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all responses that might otherwise be construed to be outside of its scope;

   d. the terms "all," "any" and "each" shall each be construed as encompassing any and all;

   e. the word "including" shall be read to mean including without limitation;

   f. the present tense shall be construed to include the past tense and vice versa; and

   g. references to employees, officers, directors or agents shall include both current and former employees, officers, directors and agents.

3. These Requests are continuing in nature and if you subsequently come into possession of additional responsive documents, You are required, to produce promptly supplemental documents.

4. Where only a portion of a Document or Communication relates or refers to the subject indicated, the entire Document or Communication is to be produced, along with all attachments, appendices and exhibits.

5. "All Communications" is meant to include all Communications in Your possession, custody or control, whether the Communications were drafted, sent, or received by You or by any other Person or entity.

6. "All Documents" is meant to include all Documents in Your possession, custody or control, whether the Documents were created or compiled by You or by any other Person or entity for any reason. This includes without limitation any documents you have stored away or which may reside on a computer.

7. All Documents and Communications shall be produced as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features, and in their original folder, binder, or other cover or container. The name of the file from which it was produced, the identity of the person from whose file it was produced, and the identity of the present custodian of that file shall each be set forth.

8. Where anything has been deleted or redacted from a Document or Communication produced in response to the Requests, You shall state with specificity: (i) the nature of the material deleted and redacted; and (ii) the reason for the deletion or redaction.

9. Unless an agreement is otherwise reached, all ESI and "E-discovery" shall be produced in accordance with Rule 7026-3 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

10. In the event that any Document within the scope of these Requests is withheld from production upon a claim of privilege, You are requested to serve upon the YPF Defendants a written identification of each Document withheld from production setting forth as to each such Document:

   a. the nature of the privilege claimed;

   b. the date of the Document;

   c. the type of Document (e.g., letter, chart, memorandum, etc.);

   d. the author(s) of the Document and its signatory(ies);

   e. the addressee(s) of the Document;

   f. any indicated copyee(s) of the Document;

   g. all other Persons who received a copy of the document; and

   h. a description of the subject matter of the Document.

11. Unless otherwise specifically indicated, documents to be produced pursuant to these Requests shall include all Documents prepared, existing, used, sent, received, reviewed or read, or otherwise in Your possession, custody or control.

12. If, in answering any of the following Requests, You claim any ambiguity in interpreting the Request or definition or instruction applicable thereto, such claim shall not be utilized by You as a basis for refusing to respond, but You shall set forth as part of Your response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

13. If any document identified in Your answer to any Request is subject to destruction under any document retention or document destruction program, the document(s) should be exempted from any scheduled destruction until the conclusion of this proceeding or unless otherwise permitted by the Court.

14. Unless otherwise specified the relevant time period is from January 1, 1985, to the present.

## **REQUESTS**

1. Documents sufficient to identify which Debtor or Debtors employed You and Your dates of employment with each such employer during the relevant time period.

2. Documents sufficient to show the date on which You became covered by the retirement plan or other benefits program sponsored or provided by any Debtor.

3. Documents sufficient to show that you remained covered by any such retirement plan or other benefits program on the Petition Date.

4. Documents sufficient to show any claim, debt, liability, or right to payment (other than under any retirement plan or other benefits program) owed to You by any Debtor(s) as of the Petition Date and the date(s) on which such claim, debt, liability, or right to payment was first owed to You.

5. All documents and communications concerning the Debtors, the Repsol Defendants, and/or the YPF Defendants, including any documents or communications reflecting your review of or consideration of any documents received from the Debtors, the Repsol Defendants, or the YPF Defendants.

6. All documents concerning any publicly filed materials by the Debtors, the Repsol Defendants and/or the YPF Defendants with the Securities and Exchange Commission, or the New Jersey Litigation.

7. All documents and communications concerning the Maxus Liquidating Trust, including any documents or communications to or from the Maxus Liquidating Trust.

8. All documents and communications concerning the Litigation or the Bankruptcy Case.