

February 1, 2022

**VIA E-FILING**
The Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, DE 19801

      Re:    *Maxus Liquidating Trust v. YPF S.A., et al.*, Adv. Pro. 18-50489-CSS
            (*In re Maxus Energy Corp., et al.*, No. 16-11501-CSS)

Dear Judge Sontchi:

We write on behalf of the Maxus Liquidating Trust (the "Trust") in opposition to the YPF Defendants' ("YPF") letter [D.I. 565] (the "YPF Letter") submitted in connection with YPF's *Joinder in the Repsol Defendants' Motion to Strike the Expert Report of Stephen A. Johnson* [D.I. 564] (the "YPF Joinder"), which seeks to join the Repsol Defendants' *Motion to Strike the Expert Report of Stephen A. Johnson, or in the Alternative, Motion for an Extension of Time to Prepare a Rebuttal* [D.I. 563] (the "Repsol Motion").

While the Trust will provide a substantive response to the Repsol Motion and the YPF Joinder, we write now to address the YPF Letter (which is essentially a motion to expedite the Repsol Motion). By the YPF Letter, YPF alone asks that the Court adopt a schedule for opposition and reply briefs and oral argument on the Repsol Motion that enables the Court to file a written decision by approximately February 15, 2022. Repsol has not asked to expedite its motion, and the Trust opposes the YPF request to do so for at least three reasons.

*First*, there is no emergency. The Repsol Motion seeks to strike the report of Stephen A. Johnson (the "Johnson Report") and is properly viewed as a motion in limine. Alternatively, the Repsol Motion seeks to extend the schedule in this case to allow for an additional month to six weeks of expert discovery. The Trust submitted the Johnson Report on January 14, 2022.[1] The Repsol Motion was filed two weeks later on January 28, 2022. YPF did not join for an additional two days, such that a full 16 days elapsed between YPF's receipt of the Johnson Report and the YPF request to expedite the motion to strike the Johnson Report. While YPF seeks to have the Trust respond immediately to the Repsol Motion in the middle of expert discovery, to the extent YPF

---

[1] The Trust submitted the Johnson Report in accordance with the Fifth Amended Scheduling Order and the Parties agreed-to modifications thereof. The Fifth Amended Case Management Plan and Scheduling Order (the "Fifth Amended Scheduling Order") [D.I. 535] was entered on October 19, 2021. Section 3(c)(iv) provides that "the Parties shall submit any expert rebuttal or reply reports in response to the rebuttal or initial reports previously exchanged" on January 5, 2012. Subject to the Parties' agreement following Defendants' request for an additional week to submit up to 11 expert reports on December 17, 2021, the Parties agreed to move the deadline in Section 3(c)(iv) to January 14, 2022.

joins in the Repsol Motion to request that this Court strike the Johnson Report, YPF seeks to exclude an expert at a trial that has not been set and will not be set for four months at least.[2]

*Second*, expediting the Repsol Motion (and YPF Joinder) will not give YPF the relief it purports to seek to "put on hold" ongoing expert discovery until the Court considers the Repsol Motion and YPF Joinder. As an initial matter, there is no scheduled deposition of Mr. Johnson to "put on hold"—Defendants have not requested or scheduled a date for Mr. Johnson's deposition, despite the Trust's proposals of four potential dates. With respect to scheduling the deposition of Repsol's expert Dr. Neil Ram, Repsol and the Trust have now agreed that Dr. Ram's deposition will proceed on February 18, 2022. While Repsol has reserved their rights regarding the Johnson Report, the agreement to schedule Dr. Ram's deposition is without any condition that the Court hear and decide the Repsol Motion first. With respect to the deposition of YPF's expert Dr. Michael Palermo, YPF never stated a desire to cancel or postpone the deposition of Dr. Palermo prior to filing the YPF Letter and YPF Joinder yesterday. The deposition of Dr. Palermo has been scheduled for February 11, 2022 for more than two weeks now without comment (and in contrast to the discussion about Dr. Ram's deposition).

*Third*, the YPF Letter fails to articulate any prejudice or harm in making YPF's expert available for a deposition on the affirmative opinions articulated in his report. YPF has already spent millions in fact and expert discovery (not to mention the expense of multiple motions seeking to delay proceedings in this case). Expert discovery is well underway and the close of expert discovery and the deadlines for dispositive motion deadlines are fast approaching.[3] There is no reason why YPF's request (made for the first time in its Joinder) to reschedule a single YPF expert deposition merits expedited briefing and argument of the Repsol Motion during this already busy time for the Parties.

For all the reasons above, the Trust respectfully requests that the Court address the Repsol Motion and YPF Joinder on the schedule contemplated by Local Rules 7007-1 and 7007-3. In addition, the Trust requests a status conference to request hearings on the YPF Motion to Stay, the Repsol Motion and YPF Joinder, developments in the New Jersey action, and discuss summary judgment procedures. The Trust is available as early as tomorrow.

Respectfully submitted,

/s/ Michael J. Farnan

Michael J. Farnan

cc: Counsel of Record (Via E-File)

---

[2] *See* Fifth Amended Scheduling Order, Sections 3(d) and (e).

[3] The Trust has taken the deposition of four of Defendants' ten experts in the last week. The Trust is hard at work preparing for the depositions of four more of Defendants' experts next week, including Dr. Palermo, as well as two more depositions of Defendants' experts the following week (in addition to preparing the Trust's own experts) prior to February 18. *See* Fifth Amended Scheduling Order, Section 3(c)(v). Should the Court deny the YPF Motion to Stay [D.I. 559], the Trust must simultaneously prepare its initial dispositive motion briefing due on March 2, 2022. *See id.*, Section 3(d) and (e).