# LANDIS RATH & COBB LLP

A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

919 MARKET STREET, SUITE 1800
P.O. BOX 2087
WILMINGTON, DELAWARE 19899
www.lrclaw.com

Matthew B. McGuire
Direct Dial: 302.467.4416
Email: mcguire@lrclaw.com

Telephone: 302.467.4400
Facsimile: 302.467.4450

April 18, 2022

**BY ECF**

The Honorable Christopher S Sontchi
United States Bankruptcy Court for the District of Delaware
824 North Market Street
5th Floor
Wilmington, DE 19801

Re: ***Re: Maxus Liquidating Trust v. YPF S.A., et al., Adv. No. 18-50489-CSS***

Dear Judge Sontchi:

We write on behalf of the YPF Defendants to respectfully request the Court's approval of a two-week extension for our summary judgment submissions due April 27, 2022.

The six-week period for the YPF Defendants to respond to the Maxus Liquidating Trust's summary judgment motion and file their own motion for summary judgment has proved to be an impossibly short amount of time for such critical submissions in this $14 billion lawsuit with 26 fact depositions, 17 expert reports totaling more than 3,000 pages, and over 1 million documents. Indeed, the efforts required in this extremely compressed period have grown considerably since the Court set the six-week deadline:

- *First*, the Trust requested (and the YPF Defendants' consented to and the Court approved) an increase in the page limits to 70 pages.

- *Second*, the Trust unexpectedly and without seeking Court approval or Defendants' consent filed a lengthy "statement of undisputed facts" that is not contemplated by the Federal Rules of Civil Procedure or the local Delaware rules rather than incorporate its facts within its 70-page brief. Before even seeking Defendant's views, the Court permitted this unauthorized separate statement of facts, and further ordered Defendants to submit detailed fact-by-fact responses with citations to the

evidentiary record, which was wholly unanticipated and has diverted enormous resources.

- *Third*, ostensibly to "cure" the Trust's January filing of the Johnson Report that the Court found, in part, should have been filed in October, the Court ordered the Palermo sur-rebuttal report and second deposition to take place during the first three weeks of our six-week summary judgment briefing period that the schedule had provided would commence only after expert discovery was 100% completed. This too diverted substantial resources.

While the foregoing provides a compelling basis in itself for a two-week extension, events of the past few days have truly made it a necessity. Two of the three Cleary Gottlieb partners on the case became ill with COVID-19 in the middle of last week, and nearly the entire remainder of the team (including the third partner) has been ordered to isolate because of their exposure to one of the infected partners at a team meeting the day before. We hope that the virus has not spread to more team members. The division of labor among the Cleary and Sidley teams makes it impossible to efficiently and effectively reallocate work at the 11th hour to meet the deadline with the quality of papers required for such an important submission.

Each of the impact of COVID-19 and the three changed circumstances described above would warrant an extension of at least two weeks and, when combined, an extension of three or four weeks is reasonable to protect the YPF Defendants' due process rights. The YPF Defendants' already enormous workload was multiplied by the Trust's submission of *more than double* the number of substantive pages than the 60 allocated to the Trust in the Court's most recent scheduling order. And even had the workload not been so great and even had there been no unanticipated increases to it, since the start of the pandemic, courts have routinely granted lengthier extensions for submissions impacted by COVID-19 illnesses. We are unaware of any court refusing to give a party at least two weeks when multiple critical members of a team became ill, even for submissions far less monumental than summary judgment in a $14 billion case.

Notwithstanding the justification for a considerably longer extension, because the Court *sua sponte* gave the Trust a two-week extension in late February (even though it was not grappling with any of these issues), we have limited this request to only two weeks.

We requested the Trust's consent to this two-week extension, which they denied. While two weeks is truly the bare minimum the YPF Defendants need under the circumstances, we asked if the Trust had a proposal that it would be willing to accept on which the parties could meet and confer; the Trust did not respond. The Trust will presumably accuse the YPF Defendants of seeking to run out the clock before Your Honor's retirement, but we note that the YPF Defendants did not ask for (i) the Trust to file more than double the number of pages set forth in the scheduling order or (ii) key members of our team to contract COVID-19. This is a critically important motion with profound impact on case and the parties, and we presume that the Trust would not contend that the outcome depends on the jurist considering it. Summary judgment briefing under these circumstances should not be unduly compressed nor should the YPF Defendants be penalized because key members of their legal team contracted COVID-19 or the ground rules for the size of the submissions changed substantially from what they originally were when the schedule was first

set. We respectfully submit that fairness requires the YPF Defendants be granted the modest additional two weeks it needs to be put on a more even playing field with the Trust.

The YPF Defendants thank the Court for its consideration. We are available at the Court's convenience to address this matter further.

Respectfully submitted,

*/s/ Matthew B. McGuire*

Matthew B. McGuire

Cc: Counsel of record (via CM/ECF and email)

{1108.001-W0067523.}