

September 29, 2022

**VIA E-FILING**
The Honorable Craig T. Goldblatt
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 3rd Floor
Wilmington, Delaware 19801

      Re:    *Maxus Liquidating Trust v. YPF, S.A., et al.*, Adv. Pro. 18-50489-CTG

Dear Judge Goldblatt:

      We write on behalf of the Maxus Liquidating Trust (the "**Trust**") regarding the proposed pre-trial scheduling order in the above-captioned matter.

      As the Court may recall, during the July 27 status conference, the Trust , YPF, S.A. and its affiliated defendants ("**YPF**"), and Repsol, S.A. and its affiliated defendants ("**Repsol**") (collectively, the "**Defendants**") represented to Your Honor that the Parties would attempt to work cooperatively to reach agreement on a pre-trial scheduling order.  *See* July 27, 2022 Hr'g Tr. 21:19-22:2, 31:16-23.  On August 11, the Trust sent the Defendants a proposed pre-trial order.  On August 26, rather than send the Trust a markup, the Defendants sent a different counter-proposal.  In an effort to be cooperative, the Trust provided Defendants with a markup to Defendants' proposed schedule.  Since then, the Parties had a meet-and-confer on September 7, have continued to discuss, and have reached agreement on all but three items: (1) the process for agreeing to and submitting a Joint Statement of Facts; (2) whether the Parties' Pre-Trial Briefs will be submitted concurrently or sequentially; and (3) the allocation of time at trial.

      Accordingly, the Parties submit to the Court the Proposed Pre-trial Scheduling Order, attached as Exhibit 1[1] hereto, which reflects the proposed deadlines on which the Parties have agreed and, with respect to the three unresolved issues, bracketed language reflecting the respective positions of the Trust and the Defendants for the Court's consideration.  *See* Exhibit 1 §§ 3, 7, and 9(c).  The Trust offers its proposals on these three scheduling issues in the Proposed Pre-Trial Scheduling Order with the twin goals of creating a reasonable schedule for all Parties and capturing as many efficiencies as possible, particularly in light of the Trust's limited resources.  The Trust's specific concerns with Defendants' Proposals are set forth below.

      **I.**      **Statement of Facts (Section 3).**

      The Trust proposes that the Defendants provide the Trust with an initial, proposed statement of facts that Defendants will admit and that require no proof.  The Defendants propose that the Trust advise Defendants of which of the facts contained in Appendix B to the *YPF Defendants' Reply in Support of their Cross-Motion for Partial Summary Judgment* [Adv. D.I. 720] and the *Repsol Defendants' Reply in Support of Affirmative Statement of Undisputed Facts* [Adv. D.I. 717] the Trust will agree are undisputed.  The Trust's Proposal will be the most efficient way to proceed for at least two reasons.

---

[1] The parties are providing the Court with a Word version of the Proposed Pre-Trial Scheduling Order.

*First,* the Trust has attempted previously to reach agreement with the Defendants on a single statement of undisputed facts and its proposal of an initial statement of facts was met with different (and lengthy) responses. Specifically, in the summary judgment stage of this adversary proceeding, the Trust drafted a statement of undisputed facts—sourced from Defendants' expert reports, Defendants' responsive pleadings, documents produced by the Defendants, as well as certain publicly available documents—which the Trust believed would be uncontroverted and incontrovertible. *See* [Adv. D.I. 623] (Trust's Statement of Facts); [Adv. D.I. 625] (Trust's Letter to Judge Sontchi concerning the Statement of Facts). The Trust had hoped that Defendants would be able to stipulate to those facts or amend them. Rather than engage in that exercise, however, Defendants collectively filed over 530 pages of responses and objections to the Trust's Statement of Facts. *See* [Adv. D.I. 643] (YPF's Responses to the Trust's Statement of Facts); [Adv. D.I. 641] (Repsol's Responses and Counterstatement to the Trust's Statement of Facts). Additionally, Defendants filed "affirmative" statements of fact in support of their respective motions for summary judgment, totaling over 200 pages. *See* [Adv. D.I. 646] (YPF's Affirmative Statement of Facts); [Adv. D.I. 639] (Repsol's Affirmative Statement of Facts). In an effort to assist the Court, the Trust then indicated which facts presented by Defendants the Trust concurred were undisputed (highlighted in green), which facts the Trust believed were not material or not relevant (highlighted in yellow), and which relevant facts were in dispute (highlighted in red) in YPF's Affirmative Statement of Facts, Repsol's Affirmative Statement of Facts, and Repsol's Counterstatement of Facts. *See* [Adv. D.I.s 702, 700, and 699, respectively]. YPF and Repsol proceeded to file Replies to the Trust's Responses. *See* [Adv. D.I. 720] at Appendix B and [Adv. D.I. 717] (the documents the Defendants now propose the Trust examine to create the initial statement of facts).

*Second*, and as informed by that experience at the summary judgment stage, the Trust believes it will be more efficient for the Defendants to coordinate in setting forth the initial statement of facts which both YPF and Repsol will agree are undisputed and require no proof. Defendants' Proposal would require the Trust to comb through both YPF's and Repsol's lengthy summary judgment submissions and speculate as to which facts *both* YPF and Repsol will admit. The Trust's Proposal would simply require the Defendants to coordinate on an initial statement of facts in the first round, and, in the second round, each Party will have the opportunity to submit supplemental facts each Party believes are undisputed.

## II.   Party Pre-Trial Briefs (Section 7).

The Trust proposes that the Parties submit their respective Pre-Trial Briefs concurrently on February 23, 2023. The Defendants propose that the Parties submit their briefs sequentially, with the Trust to submit its Pre-Trial Brief on January 26, 2023 and the Defendants to submit their Pre-Trial Briefs almost one month later on February 23, 2023. The Trust believes that its proposal for simultaneous submissions of Pre-Trial Briefs in February is more appropriate for several reasons.

*First*, simultaneous exchanges are not atypical in this Court and are consistent with the Federal and Local Rules.[2] Counsel to the Trust has frequently tried cases before the U.S.

---

[2] *See* Fed. R. Civ. P. Rule 16(c)(2)(G) ("At any pretrial conference, the court may consider and take appropriate action on the following matters...scheduling the filing and *exchange* of any pretrial briefs") (emphasis added); *see also* Local Rules for the U.S. Bankruptcy Court for the District of Delaware Rule 7016-2(d) (contemplating the

Bankruptcy Court for the District of Delaware (including one before Judge Shannon this month) in which the parties and the Court have readily agreed to simultaneous submissions of Pre-Trial Briefs. *Second*, none of the issues to be decided or supporting evidence to be introduced at trial should be a surprise to the Defendants. Each of the Parties submitted affirmative summary judgment motions. Following the completion of that briefing, Judge Sontchi in his summary judgment opinion preserved each of the Trust's claims—and the Defendants' affirmative defenses—for trial. Moreover, the Defendants have been litigating some of the same questions of fact and law relevant to this adversary proceeding for nearly two decades. *Third*, Defendants' Proposal is not reasonable or fair to the Trust. January 23, 2023, the deadline the Defendants propose for the Trust's Pre-Trial Brief, comes weeks before other key milestones in the Proposed Pre-Trial Scheduling Order, including (1) the conclusion of the Motions *in Limine* briefing on February 2, 2023; (2) the exchange of objections and counter-designations to deposition designations; (3) the exchange of initial and supplemental exhibit lists; and (4) the submission of the Joint Pre-Trial Filing. *See* Ex. 1 at §§ 4(c), 5(b), 5(c) and 6. Resolution of these important issues *before* the deadline for any Pre-Trial Briefs will avoid inefficiencies. Further, Defendants' Proposal compresses the Trust's Pre-Trial briefing schedule during a time when the Trust is simultaneously briefing motions *in limine* and exchanging witness lists, deposition designations, and exhibit lists—all while granting the Defendants an additional month to submit their Pre-Trial Briefs.

### III. Allocation of Trial Time (Section 9(c)).

While the Trust submits that a 50/50 split between the Plaintiff and the Defendants is the appropriate default allocation, the Trust is not opposed *per se* to Defendants' Proposal that the Parties divide trial time with 40% to the Trust and 60% to the Defendants. *See* Ex. 1 § 9(c). Instead, the Trust proposes that the Court reserve any decision on the allocation of trial time until a later, convenient time when certain gating issues, for example the exchange of witness lists in December, have been addressed under the agreed-to deadlines in the Proposed Pre-Trial Scheduling Order.

For all the reasons above, the Trust respectfully requests that the Court adopt the Plaintiff's Proposals with respect to Sections 3, 7 and 9(c) of the Proposed Pre-Trial Scheduling Order.

Respectfully submitted,

/s/ Michael J. Farnan

Michael J. Farnan

cc: Counsel of Record

---

submission of a single pretrial order that includes everything the Parties propose be included in the Joint Pre-Trial filing as well as "a brief statement of what the plaintiff intends to prove in support of the plaintiff's claims" and a "brief statement of what the defendant intends to prove as defenses").