# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

| AMERICAS | ASIA | EUROPE & MIDDLE EAST | |
|---|---|---|---|
| NEW YORK | BEIJING | ABU DHABI | LONDON |
| SAN FRANCISCO | HONG KONG | BRUSSELS | MILAN |
| SÃO PAULO | SEOUL | COLOGNE | PARIS |
| SILICON VALLEY | | FRANKFURT | ROME |
| WASHINGTON, D.C. | | | |

CRAIG B. BROD
NICOLAS GRABAR
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY

MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
AUDRY X. CASUSOL
ELIZABETH DYER
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOHN A. KUPIEC
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES

RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
JULIA L. PETTY
    RESIDENT PARTNERS

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
HEIDE H. ILGENFRITZ
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
MATTHEW BRIGHAM
EMILIO MINVIELLE
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
    RESIDENT COUNSEL

D: +1 (212) 225-2086
jrosenthal@cgsh.com

September 29, 2022

BY ECF

The Honorable Craig T. Goldblatt
United States Bankruptcy Judge
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 3rd Floor
Wilmington, DE 19801

   Re:  *Maxus Liquidating Trust v. YPF S.A., et al.*, Adv. Pro. 18-50489 (Bankr. D. Del.) – Pre-Trial Scheduling Order

Dear Judge Goldblatt:

   We write on behalf of YPF S.A., YPF International S.A., YPF Holdings, Inc., CLH Holdings, Inc. (the "YPF Defendants") and Repsol, S.A., Repsol Exploración, S.A., Repsol USA Holdings Corp., Repsol E&P USA Inc., Repsol Offshore E&P USA, Inc., Repsol E&P T&T Limited, and Repsol Services Co. (the "Repsol Defendants," together with the YPF Defendants, the "Defendants") regarding the parties' proposed pre-trial scheduling order. Since the status conference on July 27, 2022, the Defendants and plaintiff the Maxus Liquidating Trust (the "Trust") have worked together to prepare a pre-trial scheduling order in this case. While the parties have largely reached agreement on the form and deadlines for nearly all of the pre-trial submissions contained in the proposed pre-trial scheduling order, there remain three issues in dispute on which the parties agreed to submit their respective language for the Court's consideration along with a three-page submission per side advocating its position.

   Accordingly, we submit herewith the proposed scheduling order (attached hereto as Appendix A) with bracketed language reflecting each side's position with respect to the issues in dispute, along with the attached three-page submission explaining why the Court should adopt the Defendants' position on each of those disputed issues. For the Court's convenience, we are also submitting an electronic version in Microsoft Word of the proposed scheduling order.

Separately, we are pleased to advise the Court that the dispute concerning triggering creditor discovery mentioned at the July 2022 status conference has been amicably resolved by the parties. We have submitted for the Court's approval a stipulation and proposed order reflecting the resolution [D.I. 754].

Defendants respectfully request that the Court enter the parties' proposed pre-trial scheduling order, and adopt Defendants' positions on the bracketed items therein.

Thank you for Your Honor's consideration.

Respectfully submitted,

*/s/ Jeffrey A. Rosenthal*
Jeffrey A. Rosenthal
Cleary Gottlieb Steen & Hamilton LLP
*Counsel for the YPF Defendants*


*/s/ John J. Kuster*
John J. Kuster
Sidley Austin LLP
*Counsel for the YPF Defendants*


*/s/ Edward Soto*
Edward Soto
Weil, Gotshal & Manges LLP
*Counsel for the Repsol Defendants*

**Defendants' Position On Disputed Issues In Proposed Pre-Trial Scheduling Order**

1. *Statement of Undisputed Facts*

  The parties disagree on the process by which the parties should attempt to reach agreement on a Statement of Undisputed Facts.  The Trust proposes that the process begins with Defendants providing the Trust with a proposed statement of facts that are admitted and require no proof, followed by the Trust's response and the parties' exchange of supplemental facts.  The Defendants believe this process to be highly inefficient and costly insofar as it would not take advantage of the enormous amount of work previously done in connection with the motions for summary judgment.  Specifically, in connection with those motions, the parties exchanged hundreds of pages of ostensibly undisputed facts.  The Trust then color coded the YPF Defendants' and the Repsol Defendants' statements of facts (green for no dispute, yellow for immaterial, and red for disputed).  In response, the YPF Defendants modified the color coding to reflect their position with respect to the Trust's submission, and the Repsol Defendants also responded to the Trust's color coding.  The final versions of these exchanges were contained in Appendix B to the YPF Defendants' Reply in Support of their Cross-Motion for Partial Summary Judgment [D.I. 720] and the Repsol Defendants' Reply in Support of Affirmative Statement of Undisputed Material Facts [D.I. 717], in which the Defendants set forth in a total of 722 paragraphs those facts it believed were disputed or undisputed as a result of this process.

  Given the substantial work that went into the preparation of D.I. 720 and D.I. 717, Defendants believe that the only reasonable, efficient, and cost-effective next step would be for the Trust to advise the Defendants whether it accepts as undisputed all facts highlighted therein in green or, if not, which ones it still contests.  From there, the parties can supplement those facts as they deem appropriate and meet and confer to try to reach a final resolution, as provided by Defendants' proposal.  Having Defendants start the process all over again makes little sense, and duplicates the enormous work already performed without any feedback from the Trust about any disagreements.  Moreover, even were the parties writing on a blank slate in which the summary judgment exchanges had never occurred, it would be logical for the Trust, as plaintiff bearing the burden of proof on the claims being tried, to provide a first draft of proposed undisputed facts rather than foisting that task on the Defendants, as the Trust proposes.  Defendants can hardly advise the Trust as to which facts they do not contest without first knowing which facts the Trust intends to offer to prove its case.

2. *Pre-Trial Briefs*

  The parties disagree as to whether pre-trial briefs should be simultaneous or sequential.  The Defendants propose that the parties submit their respective pre-trial briefs consecutively, with the Trust's pre-trial brief being due on January 26, 2023, and the Defendants' respective pre-trial briefs being due on February 23, 2023.  The Trust proposes that all parties submit their pre-trial briefs simultaneously on February 23, 2023.

  Respectfully, the Trust's proposal is unreasonable and unworkable.  While the Defendants have the benefit of the Trust's summary judgment briefing on certain issues, there are a number of core trial issues – such as alter ego liability – that were never part of the summary judgment motions, except to the limited extent addressed by Repsol in its affirmative

motion for summary judgment and by the Trust in opposition thereto, and thus the Defendants remain unaware of the evidentiary and legal support upon which the Trust will rely to prove its claims.  It is critical for the Trust, as plaintiff with the burden of proof, to set forth its arguments and evidence first in order for the Defendants to adequately respond.  Just as a defendant's opening statement responds to a plaintiff's, and a defendant presents the testimony of its witnesses after hearing and considering a plaintiff's, the Defendants' pre-trial briefs would not be able to adequately address the evidence and arguments against them if the Trust succeeds in compelling us to file them before the Defendants are presented with such evidence and arguments, many of which will be for the first time.  In that circumstance, we might ultimately raise certain defenses that do not even address arguments the Trust actually makes, while other defenses we would have briefed might be missing if we are unable to perfectly guess what the Trust will offer.  That would diminish the utility of our briefs for the Court, prejudice the presentation of our defenses, and lead to inefficiencies and confusion at trial.  We therefore urge the Court to adopt the Defendants' proposed schedule with sequential briefing.

Insofar as the Trust may argue that there are affirmative defenses on which the Defendants have the burden of proof, Defendants would note that they pale in comparison to the Trust's claims on which it has the burden of proof.  With regard to the only affirmative defense that has been discussed to any real extent, the statutes of limitations or repose, not only are Defendants' legal arguments already known to the Trust, but the factual evidence relevant to that defense are in the hands of the witnesses for the Trust – not the Defendants.  Moreover, this Court previously ruled that the statutes of limitations or repose are applicable to the fraudulent transfer claims, and thus the Trust bears the burden to prove any exception.  Accordingly, even with respect to the anticipated small portion of the pre-trial briefs that may be devoted to issues on which the Defendants bear any burden of proof whatsoever, the Trust will still bear an initial burden.

3.  *Time Allocation at Trial*

Finally, the parties disagree as to whether the parties' respective time allocation at trial should be determined now, in advance of trial, or whether the parties should petition the Court to decide on time allocation at a later time.  The Trust favors resolution later, while the Defendants believe that an allocation of time now would better guide the parties as they prepare for trial.  Defendants respectfully submit that a fair and reasonable allocation of time is 40% for the Trust and 60% for the Defendants collectively.  This was precisely the allocation ordered by Judge Sontchi in connection with oral argument on the summary judgment motions.  *See* Email from D. Gadson, dated May 5, 2022 (Appendix B).

The time allocation adopted by Judge Sontchi should serve as a blueprint for trial.  It recognized that the Trust's claims against each Defendant do not completely overlap, and are focused on different transactions, different conduct, and may raise different defenses.  Therefore, the YPF Defendants and the Repsol Defendants each need sufficient time to develop their evidence and to conduct separate cross-examinations focused on their different and/or unique issues.  While the Defendants have and will continue to coordinate on common issues, and thus we do not propose that time be allocated 33% for the Trust, 33% for the YPF Defendants and 33% for the Repsol Defendants, a modest amount of additional time to enable each of the Defendants to present their case is warranted such that the 40/60 split ordered by Judge Sontchi

should likewise be adopted again for trial.  To the extent that the Trust argues that it needs to respond to each of the Defendants and thus should have the same amount of time as the Defendants collectively, that does not hold true.  For example, much of the Trust's testimony and other evidence will be put on once and asserted against both sets of Defendants, while each of the Defendants will then need to conduct examinations focused on their specific issues.  Similarly, as a single party, the Trust would not suffer from the inevitable inefficiency and time loss Defendants will incur even through reasonable coordination.

# APPENDIX A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MAXUS ENERGY CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 16-11501 (CTG)<br>(Jointly Administered) |
| MAXUS LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>YPF S.A., YPF INTERNATIONAL S.A., YPF HOLDINGS, INC., CLH HOLDINGS, INC., REPSOL, S.A., REPSOL EXPLORACI6N, S.A., REPSOL USA HOLDINGS CORP., REPSOL E&P USA, INC., REPSOL OFFSHORE E&P USA, INC., REPSOL E&P T&T LIMITED, and REPSOL SERVICES CO.,<br><br>Defendants. | Adv. Proc. No. 18-50489 (CTG) |

## [PROPOSED] PRE-TRIAL SCHEDULING ORDER[2]

1. **Discovery Disputes.** The Parties shall meet and confer **Thursday, September 7, 2022** to try to reach agreement regarding the production of documents in connection with the following correspondence: (i) the Trust's Letter to J. Rosenthal and J. Kuster dated August 11, 2022; (ii) the Trust's Letter to E. Soto and C. Berman dated August 11, 2022; and (iii) the Defendants' Email to the Trust dated August 18, 2022.

    a. If agreement is not reached, the briefing schedule for discovery letters shall be as follows:

        i. **Tuesday, September 27, 2022** shall be the date by which the Parties shall file any discovery letters with the Court.

---

[1] The Debtors in the above-captioned Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Maxus Energy Corporation (1531), Tierra Solutions, Inc. (0498), Maxus International Energy Company (7260), Maxus (U.S.) Exploration Company (2439), and Gateway Coal Company (7425). The address of each of the Debtors is 10333 Richmond Avenue, Suite 1050, Houston, Texas 77042.

[2] All deadlines are to be considered to be no later than 8 p.m. Eastern time unless otherwise indicated.

      ii. Opposition to any discovery letters shall be due **Monday, October 17, 2022 by 5pm**.

     iii. Replies to any discovery letters shall be due **Friday, October 21, 2022**.

     iv. The Court will advise the Parties whether it wishes to hold oral argument on the Parties' respective discovery requests, and if so, a mutually convenient date will be determined by the Parties in conjunction with the Court's schedule.

2. ***Daubert* Motion Deadlines.** The schedule for the briefing and argument of any and all *Daubert* motions shall be as follows:

    a. **Thursday, October 27, 2022** shall be the date by which the Parties shall file any *Daubert* motions.

    b. Oppositions to any *Daubert* motions shall be due **Thursday, November 17, 2022**.

    c. Replies to any *Daubert* motions shall be due **Tuesday, December 6, 2022**.

    d. The Court will advise the Parties whether it wishes to hold oral argument on the Parties' respective discovery requests, and if so, a mutually convenient date will be determined by the Parties in conjunction with the Court's schedule.

3. **[DEFENDANTS' PROPOSAL] Statement of Facts.**

    a. **Thursday, October 27, 2022** shall be the date by which the Trust shall advise the Defendants which of the facts contained in Appendix B to the YPF Defendants' Reply in Support of their Cross-Motion for Partial Summary Judgment [D.I. 720] and the Repsol Defendants' Reply in Support of Affirmative Statement of Undisputed Facts [D.I. 717] that it will agree are undisputed.

    b. **Tuesday, November 22, 2022** shall be the date upon which the Defendants shall respond to the Trust's **October 27, 2022** response regarding stipulated facts. Also on this date, the Parties shall each submit supplemental facts that that the Parties believe are undisputed.

    c. The Parties shall meet and confer by **Thursday, December 1, 2022** to discuss and agree upon a proposed statement of facts that are admitted as undisputed.

**[PLAINTIFF'S PROPOSAL] Statement of Facts.**

    a. **Thursday, October 27, 2022** shall be the date by which the Defendants shall provide the Trust with a proposed statement of facts that are admitted and require no proof.

    b. **Tuesday, November 22, 2022** shall be the date upon which the Trust shall respond to the Defendants' **October 27, 2022** response regarding stipulated facts. Also on

      this date, the Parties shall each submit supplemental facts that that the Parties believe are undisputed.

    c. The Parties shall meet and confer by **Thursday, December 1, 2022** to discuss and agree upon a proposed statement of facts that are admitted as undisputed

4. **Motions *in Limine* Deadlines.** The schedule for the briefing and argument of any and all motions *in limine* shall be as follows:

    a. **Wednesday, December 21, 2022** shall be the date by which the Parties shall file any motions *in limine*.

    b. Oppositions to any motions *in limine* shall be due **Thursday, January 19, 2023**.

    c. Replies to any motions *in limine* shall be due **Thursday, February 2, 2023**.

    d. The Court will advise the Parties whether it wishes to hold oral argument on the motions, and if so, a mutually convenient date will be determined by the Parties in conjunction with the Court's schedule.

5. **Witness List, Deposition Designations, and Exhibit List Deadlines.** The deadline to serve deposition designations, exhibit lists, and witness lists, and any corresponding counter-designations or objections, is as follows:

    a. **Witness List.**

        i. **Wednesday, December 21, 2022** shall be the date by which the Parties shall exchange initial witness lists.

        ii. **Thursday, January 19, 2023** shall be the date by which the Parties shall exchange any additional witnesses that each Party intends to offer at trial that have been identified by the Party as being responsive to any witness identified by the opposing party in the **December 21, 2022** exchange. This shall also be the final date by which the Parties may submit any supplemental witnesses who it wishes to call without limitation to responsiveness, provided that good cause is shown and leave is granted by the Court.

    b. **Deposition Designations.**

        i. **Tuesday, January 10, 2023** shall be the date by which the Parties shall exchange deposition designations to be used for any purpose other than impeachment or rebuttal.

        ii. **Tuesday, January 31, 2023** shall be the date by which the Parties shall exchange any objections and counter-designations to the deposition designations exchanged on **January 10, 2023**. This shall also be the final date by which the Parties may submit any supplemental deposition

        designations without limitation to responsiveness, provided that good cause is shown and leave is granted by the Court.

        iii. **Tuesday, February 7, 2023** shall be the date by which the Parties shall exchange any objections to the counter-deposition designations submitted on **January 31, 2023**.

  c. **Exhibit Lists.**

        i. **Tuesday, January 24, 2023** shall be the date by which the Parties shall exchange initial exhibit lists.

        ii. **Tuesday, February 7, 2023** shall be the date by which the Parties shall exchange any objections to exhibit lists, as well as submit any supplemental exhibits in response to those exhibits exchanged on **January 24, 2023**. This shall also be the final date by which the Parties may submit any supplemental exhibit lists without limitation to responsiveness, provided that good cause is shown and leave is granted by the Court.

        iii. **Tuesday, February 14, 2023** shall be the date by which the Parties shall exchange any objections to the supplemental exhibits exchanged on **February 7, 2023**.

  d. The Parties shall also be permitted to supplement their deposition designations, exhibit lists, and witness lists only with leave of the Court upon a showing of good cause and subject to a right of the other Parties to assert evidentiary objections and counter-designations.

6. **Tuesday, February 21, 2023** is the date by which the Parties shall file their Joint Pre-Trial Filing. The Joint Pre-Trial Filing shall include:

  a. A statement of facts that are admitted as undisputed.

  b. The Parties' Joint Exhibit List, consisting of exhibits that any party offers in its case in chief as to which there are no objections.

  c. A Party Exhibit List, identifying in chart form (i) each exhibit the Party seeks to offer in its case in chief as to which an opposing Party has objected; (ii) the asserted grounds for objection supplied by the objecting Party; and (iii) the offering Party's grounds for admission. A copy of each exhibit on the Party Exhibit List will be provided to the Court in the manner designated by Local Rule 7016-2(d)(vii).

  d. A copy of the excerpts of each deposition that any Party will offer, submitted in video and written format so as to show the testimony offered by each side, and identifying the position of each Party as to any such testimony whose admission is objected to and including all counter-designations and objections to counter-designations.

    e.  A copy of each premarked exhibit on the Joint Exhibit List will be provided to the Court in the manner designated by Local Rule 7016-2(d)(vii).

7.  **[DEFENDANTS' PROPOSAL] Pre-Trial Brief Deadlines.**

    a.  The Trust shall submit its Pre-Trial Brief on **Thursday, January 26, 2023**.

    b.  The Defendants shall submit their respective Pre-Trial Briefs on **Thursday, February 23, 2023**.

    c.  Each Party's Pre-Trial Brief shall comprise of and include a Brief, no more than 120 pages, which shall include, *inter alia*, summaries of the disputed issues of fact and law that the party contends remain to be litigated.

**[PLAINTIFF'S PROPOSAL] Pre-Trial Brief Deadlines.**

    a.  The Parties shall submit their respective Pre-Trial Briefs on **Thursday, February 23, 2023**.

    b.  Each Party's Pre-Trial Brief shall comprise of and include a Brief, no more than 120 pages, which shall include, *inter alia*, summaries of the disputed issues of fact and law that the party contends remain to be litigated.

8.  The **Week of February 27, 2023** shall be the date of the Final Pre-Trial Conference on a date convenient for the Court.

9.  **Trial and Post-Trial.**  Trial shall proceed in the following blocks:

    a.  Block 1 (10 days): Trial shall be held from **March 6, 2023** to **March 21, 2023**, with the specific days being March 6-9, March 13-16 and March 20-21.

    b.  Block 2 (10 days): Trial shall be held from **April 13, 2023** to **April 27, 2023**, with the specific days being April 13-14, April 17-20 and April 24-27.

    c.  The timing of each trial day, as well as any breaks, shall be decided by the Court in consultation with the Parties.

        i.  **[PLAINTIFF'S PROPOSAL]** The Court shall determine the total time allocated for the trial and the division of trial time to the Parties at a later date, as convenient.

        ii.  **[DEFENDANTS' PROPOSAL]** Same as immediately above with the following addition: "The total time allocated for the trial shall be divided as follows: 40% for the Trust, and 60% for the Defendants collectively, as ordered by Judge Christopher S. Sontchi with respect to the June 13, 2022 argument on summary judgment. *See* Email from D. Gadson on May 5, 2022."

      iii. The Court and the Parties shall maintain time through the chess clock method during the trial.

    d. Each fact witness and expert witness who appears to testify at trial shall submit to live direct examination, as well as cross-examination. Re-direct examination and re-cross-examination shall be limited to the matters raised during the cross-examination and re-direct examination, respectively.

10. **Post-Trial Submissions.** At the conclusion of the trial, the Court shall set dates for the Parties' Post-Trial Submissions and closing arguments, as the Court deems necessary.

11. **Demonstratives.** Any demonstratives to be used during trial (including during opening statements and expert presentations) shall be provided to the Parties at 8 p.m. Eastern one calendar day prior to the date of the trial when such demonstrative will be used.

SO ORDERED
Date: _____

_____
Craig T. Goldblatt
United States Bankruptcy Judge

# APPENDIX B

**From:** Danielle Gadson <Danielle_Gadson@deb.uscourts.gov>
**Sent:** Thursday, May 5, 2022 9:00 AM
**To:** 'Michael J. Farnan' <mfarnan@farnanlaw.com>; 'Miller, Curtis' <CMiller@morrisnichols.com>; Matt McGuire <mcguire@lrclaw.com>
**Cc:** Cheryl Szymanski <cheryl_szymanski@deb.uscourts.gov>
**Subject:** Maxus 18-50489

Good morning Counsel,

Judge Sontchi has asked that I relay a message for him - oral argument on June 13 will be in-person and will commence at 9:30 am. Anyone arguing must be in-person but others are welcome to appear by zoom. The persons making the argument must be disclosed to the other side and the Court by 12 noon the preceding Friday. Any Covid issues leading up to argument, i.e., a positive test (not an exposure) must be disclosed as soon as possible. Argument will proceed as follows: (1) plaintiff will argue in support of its motion for summary judgment with defendants providing opposition and plaintiff a reply; then (2) defendants will argue in support of their motions with plaintiff's opposition and defendants' reply. The parties will be subject to a global time limit covering both phases of the argument that they will divide as they wish. Plaintiff will have 2 hours in total. Defendants in aggregate will have 3 hours that they will divide amongst themselves. The Court will keep track of the time but encourages the parties to do so as well. Questions of the court are included in the time limit. The parties are welcome to use less than the fully allotted time. We will break for lunch for approx. 1 hour at an appropriate time. Any power points must be provided to the other side and the court by no later than 12 noon on the preceding Friday. The parties should follow the normal protocol for arranging the use of any IT equipment. Powerpoints are optional, not required.

Please forward this on to anyone I omitted.

Thank you.

Best,
Danielle



*Danielle R. Gadson*
*U.S. Bankruptcy Court – District of Delaware*
*(302) 252-2911*