IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| MAXUS ENERGY CORPORATION, *et al.*, ) | |
| ) | Case No. 16-11501 (CTG) |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |
| ) | |
| MAXUS LIQUIDATING TRUST, ) | |
| ) | |
| Plaintiff, ) | Adversary Proceeding |
| ) | Case No. 18-50489 (CTG) |
| v. ) | |
| ) | |
| YPF S.A., YPF INTERNATIONAL S.A., YPF ) | |
| HOLDINGS, INC., CLH HOLDINGS, INC., ) | |
| REPSOL, S.A., REPSOL EXPLORACIÓN, S.A., ) | |
| REPSOL USA HOLDINGS CORP., REPSOL E&P ) | |
| USA, INC., REPSOL OFFSHORE E&P USA, INC., ) | |
| REPSOL E&P T&T LIMITED, and REPSOL ) | |
| SERVICES CO., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MOTION OF PLAINTIFF MAXUS LIQUIDATING TRUST TO
FILE UNDER SEAL ITS LETTER TO THE COURT
RE DISCOVERY DISPUTE FILED SEPTEMBER 27, 2022**

Plaintiff Maxus Liquidating Trust (the "Trust"), by and through its undersigned counsel, respectfully submits this *Motion of Plaintiff Maxus Liquidating Trust to File Under Seal Its Letter to the Court re Discovery Dispute Filed September 27, 2022* (the "Motion"). In support of this Motion, the Trust respectfully states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the

District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory and legal predicates for the relief requested in this Motion are sections 105 and 107 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (as amended or modified, the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1.

## BACKGROUND

3.    On June 14, 2018, the Trust filed its Complaint in the above-captioned adversary proceeding in the Court.

4.    On November 7, 2019, the Court entered the *Order Approving Stipulated Confidentiality and Discovery Agreement and Protective Order* [Adv. Dkt. No. 209] (the "Protective Order"). The Protective Order reflected the Parties' stipulation and agreement regarding the means available to protect information that a producing Party believes to be of a non-public, confidential, and/or sensitive nature, including but not limited to commercially sensitive financial and/or business information. *See* Protective Order at 2.

5.    Accordingly, the Protective Order provides that a Party producing documents in discovery may designate such documents as "Confidential Discovery Material" if the Party believes that the documents contain (a) information prohibited from disclosure by any law or regulation; (b) information that reveals confidential business information; (c) trade secrets or any other research, technical, commercial or financial information that the party has maintained as confidential; (d) material requiring confidential treatment under the law of a foreign country where the material is maintained in the ordinary course of business; and (e) any sensitive personal or private information. *See* Protective Order ¶ 3(a).

6. The Protective Order requires that a party filing a document designated as Confidential Discovery Material in connection with a submission to the Court must seek leave to file the documents under seal in compliance with the Local Rules and any other applicable orders. *See* Protective Order ¶ 8.

7. On September 27, 2022, the Trust filed under seal its *Letter to the Honorable Craig T. Goldblatt re: Discovery Dispute* [Adv. Dkt. No. 753] (the "September 27 Letter"), along with eleven exhibits.

8. The Trust's September 27 Letter and Exhibits 1 and 2 thereto include summaries of and excerpts from documents that the Parties have designated as Confidential Discovery Material under the Protective Order, as well as quotations from deposition testimony that has been designated as Confidential Discovery Material under the Protective Order. Further, Exhibits 6, 7, 8, 9, and 10 are documents that have been designated as Confidential Discovery Material.

9. Mindful of its obligations under the Protective Order, the Trust requests leave to file the Trust's September 27 Letter and attached Exhibits 1, 2, 6, 7, 8, 9, and 10 under seal.

## RELIEF REQUESTED

10. By this Motion, the Trust seeks entry of an order substantially in the form annexed hereto as Exhibit A, pursuant to §§ 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, that authorizes the Trust to file the Trust's September 27 Letter, Exhibit 1, and Exhibit 2 bearing redactions (as to the publicly filed versions), and to submit Exhibits 6, 7, 8, 9, and 10 under seal.

11. The Trust further requests that unredacted text of the Trust's September 27 Letter and attached Exhibits 1, 2, 6, 7, 8, 9, and 10 remain confidential, and that no portion thereof be

made available to anyone except the Court or those individuals identified in paragraph 6.c. of the Protective Order.

## BASIS FOR RELIEF

12.     The Bankruptcy Code, Bankruptcy Rules, and Local Rules authorize the Court to limit the disclosure of certain confidential information to protect entities from potential harm. The Bankruptcy Code provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may– (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b)(1). Additionally, the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

13.     Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

FRBP Rule 9018; *see also* Local Rule 9018-1(b) ("Any party who seeks to file documents under seal must file a motion to that effect.").

14.     Pursuant to the agreed Protective Order, a party who wishes to file with the court documents designated as Confidential Discovery Material in connection with a submission to the

4

court must seek leave to file the documents under seal in compliance with the Local Rules of the Court and any other applicable orders. *See* Protective Order ¶ 8.

15. Sufficient cause exists here for the Court to grant the relief requested herein. The information redacted from the Trust's September 27 Letter, Exhibit 1, and Exhibit 2 (a) pertains to or quotes from Exhibits 6, 7, 8, 9, or 10 the Trust proposes to seal, or (b) cites to or quotes other documents that have been designated as Confidential, such as other documents filed under seal and deposition testimony, such that disclosure of the corresponding parts of the Trust's September 27 Letter, Exhibit 1, and Exhibit 2 would reveal the substance of such exhibits or documents. Exhibits 6, 7, 8, 9, and 10 that the Trust seeks to file under seal are documents that have been designated Confidential pursuant to the Protective Order.

16. Accordingly, the Trust respectfully requests that the Court authorize the Trust to file the Trust's September 27 Letter, Exhibit 1, and Exhibit 2 bearing redactions, and to submit Exhibits 6, 7, 8, 9, and 10 under seal.

## **CERTIFICATION OF COUNSEL**

17. Pursuant to Local Rule 9018-1(d), undersigned counsel certifies that prior to filing this Motion, the Parties met and conferred via email, and the Defendants did not object to the proposed redactions to the public-filing versions of the Trust's September 27 Letter and attached exhibits as they wanted such documents (and their contents) to remain under seal.

## **NO PRIOR REQUEST**

18. No prior requests for the relief sought herein has been made to this Court or any other Court.

**CONCLUSION**

WHEREFORE, the Trust respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit A, granting: (i) the relief requested herein; and (ii) such other and further relief to the Trust as the Court may deem proper.

Dated: September 30, 2022

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4098)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

J. Christopher Shore (admitted *pro hac vice*)
Erin M. Smith (admitted *pro hac vice*)
Matthew L. Nicholson (admitted *pro hac vice*)
Brett L. Bakemeyer (admitted *pro hac vice*)
Jade H. Yoo (admitted *pro hac vice*)
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 819-8200
cshore@whitecase.com
erin.smith@whitecase.com
matthew.nicholson@whitecase.com
brett.bakemeyer@whitecase.com
jade.yoo@whitecase.com

Jason Zakia (admitted *pro hac vice*)
White & Case LLP
111 S Wacker Dr. Suite 5100
Chicago, IL 60606
(312) 881-5400
jzakia@whitecase.com

*Attorneys for the Liquidating Trust*