# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>MAXUS ENERGY CORPORATION, *et al.*,<br><br>Debtors.<br><br>―――――――――――――――――――<br>MAXUS LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>YPF S.A., YPF INTERNATIONAL S.A., YPF HOLDINGS, INC., CLH HOLDINGS, INC., REPSOL, S.A., REPSOL EXPLORACIÓN, S.A., REPSOL USA HOLDINGS CORP., REPSOL E&P USA, INC., REPSOL OFFSHORE E&P USA, INC., REPSOL E&P T&T LIMITED, and REPSOL SERVICES CO.,<br><br>Defendants. | Chapter 11<br><br>Case No. 16-11501 (CSS)<br><br>Jointly Administered<br><br><br><br><br><br><br>Adversary Proceeding<br><br>Case No. 18-50489 (CSS) |

## REPSOL DEFENDANTS' MOTION FOR LEAVE TO FILE
## OMNIBUS REPLY IN SUPPORT OF *DAUBERT* MOTIONS

Defendants Repsol, S.A., Repsol Exploración, S.A., Repsol USA Holdings Corp., Repsol E&P USA, Inc., Repsol Offshore E&P USA, Inc., Repsol E&P T&T Limited, and Repsol Services Company (collectively, the "Repsol Defendants" or "Repsol"), by and through their undersigned counsel, hereby move (this "Motion")[1] for leave to file an omnibus reply in support of its *Daubert*

---

[1] Pursuant to Bankruptcy Rule 7008, none of the Repsol Defendants consent to the entry of final orders or judgments by the Court.

motions (as defined below) that totals no more than 45 pages. In support of this Motion, Repsol respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. Pursuant to the *Pre-Trial Scheduling Order* entered on September 30, 2022 (the "Pre-Trial Scheduling Order"), the Repsol Defendants filed separate *Daubert* motions to exclude the expert testimony of the Stephen Johnson, Todd Menenberg, and Barry Pulliam (the "*Daubert* Motions").

3. On November 17, 2022, the Maxus Liquidating Trust (the "Trust"), filed a combined *Memorandum of Law in Opposition to Defendants' Motions to Exclude the Expert Testimony of Stephen Johnson, Todd Menenberg, and Barry Pulliam* (D.I. 820) (the "Opposition Brief").

4. Pursuant to the Pre-Trial Scheduling Order, the Repsol Defendants' reply brief in support of its *Daubert* Motions is due December 6, 2022.

## RELIEF REQUESTED

5. By this Motion, the Repsol Defendants hereby seek entry of an order substantially in the form attached hereto as **Exhibit A** allowing the Repsol Defendants to (i) file an omnibus reply brief in response to the Trust's Opposition Brief and in support of all three of

Repsol's *Daubert* Motions that totals no more than 45 pages, which is the page limit that Repsol would be entitled to if it filed three separate replies.

**BASIS FOR RELIEF REQUESTED**

6.  Local Rule 7007-2(a)(iv) provides that a reply brief shall not exceed fifteen (15) pages in length without leave of court. Del. Bankr. L.R. 7007-2(a)(iv). The Repsol Defendants submit that cause exists to file an omnibus reply in support of its *Daubert* Motions of up to 45 pages.

7.  Each of Repsol's *Daubert* Motions relate to different witnesses and rely on different bases and arguments to support the relief requested therein. Additionally, Defendants YPF S.A., YPF International S.A., YPF Holdings, Inc, CLH Holdings, Inc. (the "YPF Defendants") filed three independent motions to exclude testimony of the Trust's witnesses. In response to the six total motions, the Trust filed its 125-page Opposition Brief (D.I. 820).

8.  The Repsol Defendants' proposed omnibus reply brief will combine arguments relating to each of its three *Daubert* Motions, which ordinarily would have overlapping material relating to the background of the case, among other issues. Ordinarily, the Repsol Defendants would have as of right 45 pages (15 pages for each) for these replies if made in independent filings. Yet, given the overlap of material, and to ease the burden on the Court and promote judicial economy, the Repsol Defendants propose to combine their replies into a single filing so as to avoid the need for the Court to review three pleadings with overlapping authorities and arguments. Thus, the Repsol Defendants submit that one omnibus reply will simplify briefing and aid the Court in its consideration of the *Daubert* Motions. Moreover, its omnibus reply should be permitted to use the same 45 pages as it otherwise would have been entitled to under the Local Rules.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, the Repsol Defendants respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the requested relief and such other and further relief as may be just and proper.

Dated:   December 6, 2022
         Wilmington, Delaware

*/s/ Sophie Rogers Churchill*
Robert J. Dehney (No. 3578)
Curtis S. Miller (No. 4583)
Daniel B. Butz (No. 4227)
Sophie Rogers Churchill (No. 6905)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Facsimile:   (302) 658-3989

*- and -*

WEIL, GOTSHAL & MANGES LLP
Edward Soto
Pravin R. Patel
1395 Brickell Avenue
Suite 1200
Miami, Florida 33131
Telephone:  (305) 577-3100
Facsimile:   (305) 374-7159

*Attorneys for the Repsol Defendants*