# Exhibit A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) <br> ) <br> MAXUS ENERGY CORPORATION, *et al.*, ) <br> ) <br> Debtors. ) | Chapter 11 <br><br> Case No. 16-11501 (CTG) <br> Jointly Administered |
| MAXUS LIQUIDATING TRUST, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> YPF S.A., YPF INTERNATIONAL S.A., YPF ) <br> HOLDINGS, INC., CLH HOLDINGS, INC., ) <br> REPSOL, S.A., REPSOL EXPLORACIÓN, ) <br> S.A., REPSOL USA HOLDINGS CORP., ) <br> REPSOL E&P USA, INC., REPSOL ) <br> OFFSHORE E&P USA, INC., REPSOL E&P ) <br> T&T LIMITED, and REPSOL SERVICES CO., ) <br> ) <br> Defendants. ) | Adversary Proceeding <br><br> Adv. Proc. No. 18-50489 (CTG) |

**ORDER GRANTING REPSOL DEFENDANTS' *MOTION IN LIMINE* TO EXCLUDE IMPROPER ARGUMENTS AND TESTIMONY UNDER RULE 408**

Upon consideration of the *Repsol Defendants' Motion in Limine to Exclude Improper Arguments and Testimony Under Rule 408* (the "**Motion**"); and adequate notice of the Motion having been given; and it appearing that no further or other notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion; and after due deliberation,

It is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Motion is GRANTED.

2. The Trust is precluded from offering any evidence, testimony, and argument that asserts that the existence of the 2007 Settlement Agreements, 2007/2008 Settlement Agreement, and the 2009 Settlement Agreements, as defined in the complaint in the above-captioned adversary proceeding (collectively, the "**Settlement Agreements**"), establishes the validity of the underlying allegations resolved by the Settlement Agreements or to use such assertions of validity as evidence to support the Trust's claims.

3. The Repsol Defendants are hereby authorized to take such actions as may be necessary to implement the relief granted by this order.

4. The Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation of this order.